# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation | Case No.: 1:14-md-02583-TWT<br><br>ALL CASES |

## ~~PROPOSED~~ CASE MANAGEMENT ORDER NO. 2

On December 16, 2014, the Court entered Case Management Order No. 1 (Doc. No. 3), governing this multidistrict proceeding. In accordance with Case Management Order No. 1, the parties submitted their preliminary reports on January 9, 2015 and conducted an initial conference of counsel on the same day to discuss the matters set forth in that order. Based upon the agreement of counsel and for good cause shown the Court further orders as follows:

(1) **Separate Tracks for Consumer and Financial Institution Cases.** The class actions consolidated in this proceeding have been filed by two discrete categories of plaintiffs: (1) consumers and (2) financial institutions. While many of the legal issues and much of the discovery are common to the claims of both, the cases present significant, distinct factual and legal issues. Accordingly, to manage the litigation most efficiently, the Court hereby creates separate tracks for the consumer and financial institution cases. Attached to this order as Exhibit 1 is a

list of cases assigned to the consumer track. Exhibit 2 to this order lists the cases assigned to the financial institutions track. If and when additional cases are filed in or transferred to this Court, the cases will be assigned to the appropriate track.

(2)  Except where it is most cost-effective and efficient to do otherwise, it is the Court's intent that the two tracks proceed on the same discovery schedule and that counsel in the separate tracks coordinate as closely as possible to eliminate duplication. At the same time, it is the Court's intent that pleadings and motions proceed separately in each track. The Court intends to appoint separate leadership for the plaintiffs in each track. Home Depot already has retained separate law firms to represent its interests in the consumer and financial institutions cases.

(3)  **Master Complaints for Each Track and Briefing on Rule 12(b) Motions.** To facilitate handling of the litigation, the Court directs that plaintiffs file master consolidated complaints in each track and that briefing on motions to dismiss proceed separately according to the following schedule:

| **Event** | **Consumer Track Deadline** | **Fin. Institutions Track Deadline** |
| --- | --- | --- |
| Filing Master Complaint | April 1, 2015 | April 15, 2015 |
| Rule 12(b) motions | May 1, 2015 | May 15, 2015 |
| Plaintiffs' oppositions | June 1, 2015 | June 15, 2015 |
| Defendant's replies | July 1, 2015 | July 15, 2015 |

2

These deadlines assume that the Court appoints plaintiffs' counsel to lead each track at least 30 days before the master complaint deadlines. If for some reason that does not occur, the Court may revisit the deadlines.

(4) **Captions and Filing.** The parties shall file all documents on the Master Docket, Case No.: 1:14-md-02583-TWT. All documents shall bear the following caption:

```
                                          )
In re: The Home Depot, Inc., Customer     )    No.: 1:14-md-02583-TWT
Data Security Breach Litigation           )
                                          )
```

When a pleading, motion or other document is intended to be applicable to both the consumer and financial institutions tracks, the words "ALL CASES" shall appear immediately below "No.: 1:14-md-02583-TWT" in the caption set forth above. When a pleading, motion or other document is intended to be applicable to only one track, the words "CONSUMER CASES" or "FINANCIAL INSTITUTION CASES" shall appear in the caption. Service of any document filed in connection with this multi-district proceeding will be sufficient if made upon all attorneys who have registered with the Court's CM/ECF system.

(5) No pleadings, motions or other documents will be filed in any of the dockets that have been established for the individual cases that are part of this

3

multi-district proceeding. The Court intends to administratively close each of the individual cases after the filing of the master consolidated complaints.

(6) **Appointment of Leadership.** As discussed above and in Case Management Order No. 1, the Court intends to appoint plaintiffs' lead counsel, a plaintiffs' steering committee and plaintiffs' liaison counsel for each of the consumer and financial institutions tracks. Counsel interested in being considered for appointment to one of these positions shall file an application with the Court by February 2, 2015 addressing each of the criteria set out in Case Management Order No. 1 and specifying the position for which counsel seeks appointment. If plaintiffs' counsel reach agreement among themselves regarding a proposed leadership structure, they shall file their proposal with the Court no later than February 2, 2015.

(7) **Status Conferences.** The Court intends to schedule and hold status conferences approximately every four weeks. Counsel shall meet and confer in advance of each status conference and submit to the Court no later than 2:00 p.m. on the day before the status conference a joint agenda listing all matters to be considered.

(8) **Further Case Management Orders.** Within 30 days following appointment of plaintiffs' lead counsel, the parties shall begin meeting and

conferring regarding the outstanding items identified in Case Management Order No. 1, including but not limited to the scheduling of initial disclosures, amendments to the pleadings, discovery, motions for class certification, and dispositive motions; a protocol to govern discovery including such matters as changes to the limitations on discovery imposed by the rules and other means to most efficiently conduct discovery; preservation of documents; handling of confidential documents; and a protocol for electronically stored information, including identification of custodians whose information will be searched and the terms that will be used in such searches. This meet and confer process will be on-going throughout the course of this litigation, and proposed case management orders will be submitted by the parties at various stages, as appropriate. The parties agree to move expeditiously on these matters and report on their progress at the first status conference following appointment of plaintiffs' lead counsel.

(9) **Joint Preliminary Report and Discovery Plan.** Within 60 days following appointment of plaintiffs' lead counsel, the parties shall file the Joint Preliminary Report and Discovery Plan required by the local rules. Also within 30 days following appointment of plaintiffs' lead counsel, the parties shall identify any necessary parties who have not been joined, any party which has been

improperly joined, or any party which has been inaccurately named. Furthermore, the parties are expected to consider and discuss settlement on an ongoing basis.

(10) **Jurisdiction.** The parties agree that this Court has subject matter and personal jurisdiction over cases originally filed in it, and has jurisdiction, pursuant to the Order of the Judicial Panel of Multidistrict Litigation, as to those cases that have been or may be transferred to this Court for pretrial purposes.

(11) **Document Preservation.** Pending entry of any further document preservation order, the parties are directed to preserve all documents in their possession, custody and control relating to the claims and defenses in this action. Furthermore, the parties agree to meet and confer within 14 days of the entry of this order to discuss third parties who may possess discoverable documents and to agree upon a procedure for notifying such third parties of this litigation.

(12) **Communications with Putative Class Members.** In accordance with Local Rule 23.1(C)(2), the parties have begun conferring with regard to whether proper management of the case or the interests of putative class members require the entry of an order limiting communications with putative class members. The parties agree to continue meeting and conferring on this issue and will provide the Court with an update at the next status conference.

SO ORDERED, this __16__ day of January, 2015.

*Thomas W. Thrash*
Thomas W. Thrash
United States District Judge