IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____
                                    )
In re: The Home Depot, Inc., Customer  )   Case No.: 1:14-md-02583-TWT
Data Security Breach Litigation     )
                                    )       CONSUMER CASES
_____ )

## DECLARATION OF NORMAN E. SIEGEL

I, Norman E. Siegel, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a founding member and partner in Stueve Siegel Hanson LLP.  I am a member in good standing of the State Bar of Missouri and am counsel of record for the plaintiffs in the *Merritt* and *Moran* actions centralized before this Court.  I respectfully submit this declaration in support of Plaintiffs' request to appoint Stueve Siegel Hanson as Co-Lead and Interim Class Counsel for consumer plaintiffs in this litigation.

2.      Stueve Siegel Hanson is an AV rated Missouri-based law firm with approximately 30 lawyers in its offices in Kansas City, San Diego, and New York.  The firm is made up almost entirely of lawyers who formerly practiced at large law firms across the country and employs several former government lawyers and law clerks.  The firm has a nationwide practice that focuses on complex commercial and class litigation and trials involving a wide range of business torts, antitrust, consumer fraud, environmental contamination, data breach litigation, and securities violations.  The firm has represented hundreds of thousands of individuals in class and collective actions, but also represents large businesses and institutional

1

investors including Seaboard Corp. and Associated Wholesale Grocers, Inc. *See, e.g.*, *Associated Wholesale Grocers, Inc. v. United Egg Producers*, No. 10CV2171, Dist. Ct. Wyandotte County, Kansas (price fixing in the domestic egg market); *Seaboard Corp. v. Marsh Inc.*, No. 09CV09449, Dist. Ct. Johnson County, Kansas (insurance bid rigging). Substantially more information regarding the firm is available at www.stuevesiegel.com.

3. Stueve Siegel Hanson is willing and able to commit to the litigation, however long it takes to resolve. Few of the firm's cases resolve quickly, and Stueve Siegel Hanson is accustomed to cases that require multi-year investments and significant labor. Although the firm is committed to efficient resolution of all disputes, it is not unusual for Stueve Siegel Hanson to invest thousands of hours in its cases in pursuit of a positive result for its clients. Just in the past few years the firm has spent nearly 30,000 hours litigating a complex, multi-party antitrust suit on behalf of grocers and wholesalers against egg producers and industry trade groups; nearly 25,000 hours litigating a consumer class case for economic damages against a pharmaceutical company; and over 15,000 hours litigating a multi-district collective action under 29 U.S.C. § 216(b) against a national bank. Regarding the latter case, the MDL court observed that "[t]he number of hours spent on the litigation by plaintiffs' counsel—all of whom are highly skilled and experienced in the subject area—verifies the significant time and labor required by this MDL."[1]

4. Stueve Siegel Hanson is one of the few law firms who have class action trial and arbitration experience. The firm has taken several collective actions

---

[1] *In re: Bank of America Wage And Hour Employment Practices Litig.*, No. 10-MD-2138, Dkt. No. 653, at 7 (D. Kan. Dec. 13, 2013).

to trial[2] and recently successfully tried a class action certified under Rule 23 to verdict in the District of Kansas, which was affirmed on appeal.[3]  Courts have found that "the experience, reputation, and ability of class counsel is outstanding," and have found Stueve Siegel Hanson attorneys to be "extremely knowledgeable,"[4] "highly experienced," "highly capable," and to enjoy "an excellent reputation."[5]

5. Stueve Siegel Hanson has ample human, financial, and other resources to advance the litigation in a timely and efficient manner. In addition to the firm's well-credentialed trial attorneys, Stueve Siegel Hanson employs two full-time information-technology specialists (between them with over 55 years of experience) and a dedicated e-discovery attorney.  Stueve Siegel Hanson has a sophisticated, onsite, enterprise-level document management and e-discovery system, and has invested in technology and software comparable to or more advanced than that of most large national law firms.  The firm regularly handles cases where millions of documents are exchanged.  And the firm is no stranger to

---

[2] *Sanchez, et al., v. Echosphere LLC, et al.*, No. 71 160 00443 09 (AAA); *De La Cruz, et al. v. Masco Retail Cabinet Grp., LLC*, No. 11 152 01156 08 (AAA).

[3] *Adelina Garcia, et al. v. Tyson Foods, Inc.*, No. 06-2198-JWL (D. Kan.), *aff'd* 770 F.3d 1300 (10th Cir. 2014).

[4] *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 437 (Mo. 2013) (quoting trial court).

[5] *Bruner v. Sprint/United Mgmt.*, Nos. 07-2164-KHV, 08-2133-KHV, 08-2149-KHV, 2009 WL 2058762, at *7-8 (D. Kan. July 14, 2009); *see also Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1175 (C.D. Cal. 2010) ("counsel was skilled at navigating the complexities of the case [a nationwide consumer class action]."); *Roy v. Hyundai Motor Am., Inc.*, No. 05-00483, Dkt. No. 87, at 2 (C.D. Cal. Apr. 10, 2006) ("Plaintiff's counsel skillfully presented Class members' claims while opposed by a large and sophisticated company represented by experienced litigators.").

advancing significant costs to prosecute a case. In just the last few years, the firm has advanced (and recovered) millions of dollars in litigation costs in the prosecution of large class or multi-party cases, on a pure contingency basis.

6. I have extensive experience serving in leadership roles in multi-district litigation throughout the country.[6] In 2014, I was appointed to serve as co-lead counsel for indirect purchasers in *In re: Pre-Filled Propane Tank Antitrust Litigation*, MDL 2567, and as one of three lawyers to serve on the Consumer Cases Steering Committee in *In re Target Corporation Customer Data Security Breach Litigation*, MDL No. 2522, before the Hon. Paul A. Magnuson (D. Minn.).  I also currently represent the National Credit Union Administration as receiver for failed corporate credit unions suing JPMorgan, RBS, Wachovia, and other national banks related to the sale of mortgage backed securities in the District of Kansas.

7. As a result of my experience in the *Target* litigation, my firm and I are intimately familiar with the claims and defenses likely to be raised by Home Depot in this case. I believe my experience in working closely with co-counsel in *Target* to secure experts for testifying and consulting, promulgate third-party discovery, establish ESI protocols and confidentially guidelines, vet potential plaintiffs, and examine legal claims on behalf of consumer classes will prove invaluable in this litigation. The collective efforts of the attorneys in *Target*, including John

---

[6] Recent appointments include: *In re: Pre-Filled Propane Tank Antitrust Litigation*, No. 14-md-0567 (W.D. Mo.); *In re: Target Corp. Customer Data Security Breach Litig.*, MDL No. 2522 (D. Minn.); *In re: Simply Orange Juice Mktg. and Sales Practices Litig.*, MDL No. 2361 (W.D. Mo.); *In re: Peregrine Financial Group Customer Litig.*, No. 12-cv-5546 (N.D. Ill.); *In Re: H&R Block, Inc., Express IRA Mktg. Litig.*, No. 4:06-MD-01786 RED (W.D. Mo.); *In Re: Pre-Filled Propane Tank Mktg. and Sales Practices Litig.*, No. 4:09-MD-02086 (W.D. Mo.).

Yanchunis (proposed co-lead and interim class counsel), Tina Wolfson (proposed steering committee member), and Daniel Girard (proposed steering committee member), helped the consumer plaintiffs recently secure nearly complete success at the motion to dismiss stage. *See In re Target Corp. Data Sec. Breach Litig.*, 2014 WL 7192478 (D. Minn. Dec. 18, 2014).

8.  My firm has also undertaken substantial work identifying, investigating, and prosecuting potential claims in this action. Prior to consolidation, we interviewed dozens of potential plaintiffs, examined various potential causes of action, and ultimately filed class action lawsuits in this District and the Southern District of California. Stueve Siegel Hanson currently represents 16 clients in this litigation and continues to vet claims on behalf of many more consumers affected by the Home Depot data breach.

9.  I, along with my partner Barrett J. Vahle, will personally act as the lead attorneys for Stueve Siegel Hanson in this case. We are dedicated to working cooperatively with the proposed leadership firms and all counsel in this litigation. In nearly 15 years of litigating MDLs and class actions, Stueve Siegel Hanson has never had to burden a court with a disagreement among co-counsel. The firm prizes its working relationships with co-counsel and has a proud history of cooperatively litigating cases in the spirit of Fed. R. Civ. P. 1 and the guidelines set forth in the Manual for Complex Litigation.

Under penalty of perjury pursuant to 28 U.S.C. § 1746, I declare the foregoing is true and correct.

Dated:  February 2, 2015 in Kansas City, Missouri

/s/ Norman E. Siegel_____
Norman E. Siegel



## Stueve Siegel Hanson: Firm Overview

Stueve Siegel Hanson LLP was founded in 2001 by lawyers who formerly practiced at large national law firms. The Firm now boasts thirty lawyers between its offices in Kansas City, San Diego and New York. The Firm is rated AV, and its lawyers have accumulated numerous local, regional, and national awards for their successes and dedication to the practice. Many of the Firm's lawyers formerly served as government lawyers or law clerks including several who served on the Circuit Courts of Appeals. Stueve Siegel Hanson represents plaintiffs and defendants in complex business, class action, securities, wage and hour, environmental, and product liability litigation and trials.

Since opening its doors in 2001, Stueve Siegel Hanson has obtained substantial results in a wide range of complex commercial, class, and collective actions while serving as lead or co-lead counsel.

### Class and Collective Actions

- Obtaining up to $220 million in damages for all Missouri residents who purchased the prescription pain reliever Vioxx before it was removed from the market;

- Obtaining over $75 million in relief for purchasers of Hyundai vehicles for Hyundai's overstatement of horsepower in vehicles;

- Obtaining over $44 million in restitution and $7.9 million in cash for dentists against Align Technology, Inc. in a nationwide deceptive trade practices case.

- Obtaining $39.5 million in settlements from three refiners on behalf of adjacent home owners who were living above a large plume of gasoline leaked from the refineries and connecting pipelines;

- Obtaining $33 million in relief for owners of Mitsubishi and Chrysler owners related to defective wheel rims;

- Obtaining $33 million in nationwide class action alleging price fixing for certain polyurethanes in Urethanes antitrust case;

- Obtaining $29.5 million in settlements for overdraft fees charged to customers from UMB Bank, Bank of Oklahoma and Intrust Bank.



- Obtaining $25.4 million for purchasers of H&R Block's Express IRA product related to allegedly false representations made during the sales presentation;

- Obtaining $53.5 million in settlements between a class of direct purchasers of automotive lighting products and several manufacturers accused of participating in a wide-ranging price fixing scheme.

- Obtaining a $7.7 million nationwide settlement after the Court certified a nationwide class of cable & wireless customers who had been overcharged PICC fees;

- Obtaining $7.2 million in relief for Sprint customers affected by Sprint's practice of improperly charging "casual caller" rates.

### Consumer Class Actions

Stueve Siegel Hanson devotes a significant portion of its practice to representing consumers across the country in large class and collective actions in various industries. Representative cases include:

*Plubell v. Merck & Co.,* Case No. 04-CV-235817, Circuit Court of Jackson County, Missouri at Independence (consumer fraud class action alleging unlawful and unfair business practices under the Missouri Merchandising Practices Act; up to $220 million settlement approved).

*In Re: H&R Block, Inc. Express IRA Marketing Litigation*, Case No. 4:06-md-01786-RED, United States District Court for the Western District of Missouri (consumer protection case alleging H&R Block improperly marketed and sold its Express IRA product; $25.4 million class settlement approved May 2010).

*Hyundai Horsepower Litigation, Case No. 02CC00303, Superior Court for Orange County, California* (consumer claims alleging Hyundai overstated horsepower ratings in more than 1 million vehicles sold in the United States over a 10 year period; settlement approved valued at between $75-$125 million).

*Parkinson v. Hyundai Motor America*, Case No. 8:06-cv-345-AHS, United States District Court for the Central District of California (consumer protection case alleging Hyundai knowingly sold vehicles with defective flywheel systems; class settlement for reimbursement of repair expenses approved in April 2010).

*Tadken v. Mitsubishi Motor Sales of America, Daily v. Daimler Chrysler Motors Corp.,* Case No. 03CC00484, Circuit Court of Jackson County, Missouri



(consumer protection case alleging Mitsubishi and Chrysler sold defective 17 inch rims installed on approximately 350,000 Daimler/Chrysler Avenger and Sebring Coupes and Mitsubishi Eclipse and Eclipse Spyder vehicles; approved settlement valued at $33 million).

*Cromwell v. Sprint Communications Co., LP*, Case No. 99-2125, United States District Court for the District of Kansas (consumer fraud case alleging Sprint improperly charged casual caller rates for "direct-dialed" long-distance calls; $7.2 million settlement approved).

*In re: Underfilled Propane Tank Litigation*, Case No. 4:09-md-02086-GAF, United States District Court for the Western District of Missouri (MDL consumer protection case alleging Ferrellgas and AmeriGas conspired to reduce the fill levels of retail propane tanks; $35 million in settlements approved).

*Lewin v. Volkswagen of America, Inc.,* Case No. L-3562-02, Superior Court of New Jersey, Atlantic County (consumer case against Volkswagen for defective window regulators installed on nearly 1 million vehicles; the value of the settlement including the replacement costs and extended warranty could exceed $50 million).

*Eaton, et. al v. Bank of Oklahoma, N.A.,* Case No. CJ-2010-05209, in the District Court in and For Tulsa County State of Oklahoma (case based on Bank of Oklahoma's alleged unfair and deceptive overdraft fee practices; $19 million settlement).

*Allen et al. v. UMB Bank, N.A.,* Case No. 1016-CV34791, in the Circuit Court of Jackson County, Missouri at Kansas City (case based on UMB's alleged unfair and deceptive overdraft fee practices; $7.8 million settlement).

*Molina et al. v. Intrust Bank, N.A.,* Case No. 10-CV-3686, in the Eighteenth Judicial District, District Court, Sedgwick County, Kansas (case based on Intrust Bank's alleged unfair and deceptive overdraft fee practices; $2.75 million settlement).

## Commitment to Results

Stueve Siegel Hanson is proud of its significant successes and results on behalf of its clients. The Firm's mission is the same whether it represents a class of consumers or fortune 100 company. More information about the Firm's highly-skilled attorneys and case results can be found at:  www.stuevesiegel.com