IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____
                                           )
In re: The Home Depot, Inc., Customer      )    Case No.: 1:14-md-02583-TWT
Data Security Breach Litigation            )
                                           )    CONSUMER CASES
_____        )

## ORDER APPOINTING LEADERSHIP FOR CONSUMER CASES

By Order of January 16, 2015, the Court directed that if plaintiffs' counsel were to reach agreement among themselves regarding a proposed leadership structure, they should file their proposal with the Court no later than February 2, 2014.  CMO No. 2, Doc. 36, ¶ 6.  Before the Court is a Joint Motion submitted by various counsel for consumer plaintiffs who represent to the Court that they have reached a unanimous consensus regarding a leadership structure for the consumer cases in this proceeding.  Having considered all timely submissions in light of the criteria set forth in CMO No. 1 (Doc. 3, ¶ 6), the Manual for Complex Litigation, and Fed. R. Civ. P. 23(g), and following the hearing held on February 12, 2015, the Court hereby appoints the following leadership for the consumer plaintiffs:

1. **Liaison Counsel Representing Consumer Plaintiffs**:

   Roy E. Barnes and John R. Bevis
   Barnes Law Group, LLC
   31 Atlanta Street

Marietta, Georgia  30060

2. **Duties of Consumer Plaintiffs' Liaison Counsel:** Liaison Counsel shall have the following responsibilities concerning the consumer cases:

(A) Communicate with the Court, on behalf of Lead Counsel, concerning scheduling and other administrative matters;

(B) Maintain an up-to-date, comprehensive Service List and promptly advise the Court and Defendants' counsel of changes to Plaintiffs' Service List;

(C) Receive and distribute to Plaintiffs' counsel, as appropriate, Orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed; and

(D) Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants' counsel that are not electronically filed.

3. **Co-Lead Counsel Representing Consumer Plaintiffs:**

David J. Worley and James M. Evangelista
Harris Penn Lowry LLP
400 Colony Square
1201 Peachtree Street, NE, Suite 900
Atlanta, Georgia  30361

Norman E. Siegel and Barrett J. Vahle
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

>John A. Yanchunis
>Morgan & Morgan Complex Litigation Group
>201 N. Franklin Street, 7th Floor
>Tampa, Florida  33602

4. **Duties of Consumer Plaintiffs' Co-Lead Counsel:**  Co-Lead Counsel for consumer plaintiffs shall, along with Liaison Counsel, have the following responsibilities concerning the consumer cases:

(A)   Direct and manage pretrial proceedings on behalf of all consumer plaintiffs, including the briefing and argument of motions and the conduct of all types of discovery proceedings;

(B)   Delegate work responsibilities to other plaintiffs' counsel, and monitor the activities of all plaintiffs' counsel to assure that plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expense are avoided;

(C)   Consult with and employ consultants or experts, as necessary;

(D)   Coordinate with other members of the Steering Committee in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including the maintenance of a plaintiffs' document depository [*see* Manual for Complex Litigation, *Fourth*, section 40.261];

(E)     Coordinate settlement discussions or other dispute resolution efforts on behalf of consumer plaintiffs, under the Court's supervision, if and as appropriate;

(F)     Enter into stipulations with other parties as necessary for the conduct of the litigation;

(G)     Prepare and distribute to the parties periodic status reports;

(H)     Maintain adequate time and disbursement records covering services as appointed counsel; and

(I)     Perform such other duties as may be incidental to proper coordination with the Steering Committee of plaintiffs' pretrial activities or as authorized by further Order of the Court.

5.      Liaison and Co-Lead Counsel are also hereby designated as Co-Interim Consumer Class Counsel pursuant to Rule 23(g) to "act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

6.      **Consumer Plaintiffs' Steering Committee:**

Along with Liaison Counsel and Co-Lead Counsel for consumer plaintiffs, the following firms shall comprise the Consumer Plaintiffs' Steering Committee

>      Tina Wolfson
>      Ahdoot & Wolfson, P.C.

>1016 Palm Avenue
>West Hollywood, California 90069
>
>William B. Federman
>Federman & Sherwood
>10205 N. Pennsylvania Avenue
>Oklahoma City, Oklahoma 73120
>
>Daniel C. Girard
>Girard Gibbs LLP
>601 California Street, 14th Floor
>San Francisco, California  94108
>
>Gary S. Graifman
>Kantrowitz, Goldhamer & Graifman, P.C.
>210 Summit Avenue
>Montvale, New Jersey 07645
>
>Howard T. Longman
>Stull, Stull & Brody
>6 East 45th Street
>New York, New York 10017

7. The Steering Committee shall meet and confer as needed regarding the completion of consumer plaintiffs' pretrial and trial activities, including the duties set forth in paragraph 4 above.  The Steering Committee may establish subcommittees to aid in the effective and efficient conduct of this litigation.  The Steering Committee shall participate in the determination of any significant matters that arise in the consumer litigation.  Disagreements, if any, will be resolved by a simple majority vote.

8. All counsel must keep a daily record of their time spent and expenses incurred in connection with this litigation, and must report on a monthly basis their expenses and hours worked to Co-Lead and Liaison Counsel for consumer plaintiffs.  Co-Lead and Liaison Counsel will make such records and reports available to other members of the Steering Committee upon request.  Those not serving in leadership positions must secure the express authorization of Co-Lead Counsel for any projects or work undertaken in this litigation.

9. On a quarterly basis, beginning on March 31, 2015, thirty (30) days following the last business day of each June, September, December, and March, Co-Lead and Liaison Counsel shall submit to the Court *in camera* reports reflecting hours billed in this matter by all consumer plaintiffs' counsel.  Said reports shall include a one page summary of counsel time and expense to date.  Failure to maintain and submit records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses, for the period that relates to the missing or inadequate submissions.

10. This order shall govern the practice and procedure in those actions that the Judicial Panel on Multidistrict Litigation transferred to this Court as well as all related actions originally filed, transferred, or removed to this Court.  This Order

shall also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court, absent further order.

SO ORDERED, this 13th day of February, 2015.

**/s/ Thomas W. Thrash**
Thomas W. Thrash
United States District Judge