UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation<br><br>This document relates to:<br><br>FINANCIAL INSTITUTION CASES | No.: 1:14-md-02583-TWT |

**ORDER APPOINTING PLAINTIFFS'
LEADERSHIP FOR THE FINANCIAL INSTITUTION CASES**

On February 2, 2015, in accordance with this Court's order of January 16, 2015, the self-named Consensus Group representing plaintiffs in the financial institution cases applied for appointment to the positions of lead counsel, plaintiffs' steering committee, and liaison counsel. No competing applications were filed. Having considered the criteria set forth in CMO No. 1 (Doc. 3, ¶ 6), the Manual for Complex Litigation, and Fed. R. Civ. P. 23(g), and following the hearing on February 12, 2015, the Court hereby appoints the following leadership for the financial institution plaintiffs:

1. **Co-Lead Counsel for the Financial Institution Plaintiffs:**

    Kenneth S. Canfield
    Doffermyre Shields Canfield & Knowles, LLC
    1355 Peachtree Street, N.E.

Suite 1600
Atlanta, GA  30309

Joseph P. Guglielmo
Scott + Scott, Attorneys at Law LLP
405 Lexington Avenue
40th Floor
New York, NY  10174

Gary F. Lynch
Carlson Lynch Sweet & Kilpela, LLP
PNC Park
115 Federal Street
Suite 210
Pittsburgh, PA  15212

2. **Duties of Financial Institution Plaintiffs' Co-Lead Counsel:** Co-Lead Counsel for the financial institution plaintiffs shall have the following responsibilities concerning the financial institution cases:

(A) Direct and manage proceedings on behalf of all financial institution plaintiffs, including the briefing and argument of motions, the conduct of all types of discovery, and directing any other proceedings;

(B) Delegate work responsibilities to other plaintiffs' counsel, and monitor the activities of all plaintiffs' counsel to assure that plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expense are avoided;

(C) Consult with and employ consultants or experts, as necessary;

(D) Coordinate with other members of the Steering Committee in management of the litigation and fund the necessary and appropriate costs of discovery and other common benefit efforts, including if deemed necessary the maintenance of a plaintiffs' document depository [*see* Manual for Complex Litigation, *Fourth*, section 40.261];

(E) Coordinate settlement discussions or other dispute resolution efforts on behalf of the financial institution plaintiffs, under the Court's supervision, if and as appropriate;

(F) Enter into stipulations with other parties as necessary for the conduct of the litigation;

(G) Prepare and distribute to the parties periodic status reports as deemed appropriate;

(H) Maintain adequate time and disbursement records covering services as appointed counsel; and

(I) Perform such other duties as may be incidental to proper coordination and management of plaintiffs' pretrial activities or as authorized by further order of the Court.

3. Co-Lead Counsel are also hereby designated as Co-Interim Class Counsel for the financial institution cases pursuant to Rule 23(g) to "act on behalf

of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).

4. **Co-Liaison Counsel for the Financial Institution Plaintiffs:**

> W. Pitts Carr
> W. Pitts Carr and Associates, PC
> 4200 Northside Parkway, N.W.
> Building 10
> Atlanta, GA  30327
>
> Ranse M. Partin
> Conley Griggs Partin LLP
> 1380 West Paces Ferry Road, N.W.
> Suite 2100
> Atlanta, GA  30327

5. **Duties of the Financial Institutions Plaintiffs' Liaison Co-Counsel:** Liaison Counsel shall have the following responsibilities concerning the financial institution cases:

(A) Communicate with the Court, on behalf and at the direction of Co-Lead Counsel, concerning scheduling and other administrative matters;

(B) Maintain an up-to-date, comprehensive Service List and promptly advise the Court and Defendants' counsel of changes to Plaintiffs' Service List;

(C) Receive and distribute to Plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed;

(D) Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants' counsel that are not electronically filed; and

(E) Perform such other duties as they are assigned by Co-Lead Counsel.

6. **Financial Institutions Plaintiffs' Steering Committee:**

Along with Co-Lead Counsel and Co-Liaison Counsel for the financial institution plaintiffs, the following firms shall comprise the Steering Committee:

> James J. Pizzirusso (who is appointed as Steering Committee Chair)
> Hausfeld, LLP
> 1700 K. Street, NW
> Suite 650
> Washington, DC  20006
>
> Joseph Hank Bates, III
> Carney Bates & Pulliam, PLLC
> 11311 Arcade Drive
> Little Rock, AR  72212
>
> Bryan L. Bleichner
> Chestnut Cambronne, PA
> 17 Washington Avenue North
> Suite 300
> Minneapolis, MN  55401
>
> Brian C. Gudmundson
> Zimmerman Reed, P.L.L.P.
> 1100 IDS Center
> 80 South 8th Street
> Minneapolis, MN  55042

y

Vincent J. Esades
Heins Mills & Olson P.L.C
310 Clifton Avenue
Minneapolis, MN 55403

Andrew N. Friedman
Cohen Millstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
East Tower, 5th Floor
Washington, D.C. 20005

Robert N. Kaplan
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022

W. Daniel Miles, III
Beasley Allen Crow Mehtvin Portis & Miles
P.O. Box 4160
218 Commerce Street
Montgomery, AL 36103-4160

Arthur M. Murray
Murray Law Firm
650 Poydras Street
Suite 2150
New Orleans, LA 70130

Karen H. Riebel
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401

Thomas A. Withers
Gillen, Withers & Lake, LLC
8 E. Liberty Street
Savannah, GA 31401

7. The Steering Committee shall meet and confer as needed concerning the activities relating to the prosecution and management of these proceedings under the direction of Co-Lead Counsel. The Steering Committee may establish subcommittees to aid in the effective and efficient conduct of this litigation.

8. All counsel must keep a daily record of their time spent and expenses incurred in connection with this litigation, and must report on a monthly basis their expenses and hours worked to Co-Lead and Co-Liaison Counsel for consumer plaintiffs. Co-Lead and Co-Liaison Counsel will make such records and reports available to other members of the Steering Committee upon request. Those not serving in leadership positions must secure the express authorization of Co-Lead Counsel for any projects or work undertaken in this litigation.

9. On a quarterly basis, beginning on March 31, 2015, thirty (30) days following the last business day of each June, September, December, and March, Co-Lead and Co-Liaison Counsel shall submit to the Court *in camera* reports reflecting hours billed in this matter by all consumer plaintiffs' counsel. Said reports shall include a one page summary of counsel time and expense to date. Failure to maintain and submit records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses, for the period that relates to the missing or inadequate submissions.

10. This order shall govern the practice and procedure in those actions that the Judicial Panel on Multidistrict Litigation transferred to this Court as well as all related actions originally filed, transferred, or removed to this Court. This Order shall also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court, absent further order.

SO ORDERED, this 17 day of February, 2015.

*Thomas W. Thrash*
Thomas W. Thrash
United States District Judge