# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

IN RE: THE HOME DEPOT, INC.   )
CUSTOMER DATA SECURITY     )     Case No. 1:14-md-02583-TWT
BREACH LITIGATION          )
_____ )     THIS APPLIES TO ALL CASES

## CASE MANAGEMENT ORDER NO. 5
### (Discovery)

Pursuant to the agreement of the Parties and for good cause shown, the Court hereby enters the following order governing the conduct of discovery in this proceeding.  As used in this order, the term "Party" refers to any one of the following: The Home Depot, Inc. and any affiliates or subsidiaries named as a defendant in the above-captioned litigation ("Home Depot"), the plaintiffs in the consumer track, and the plaintiffs in the financial institution track (collectively, the "Parties").  The term "track" means either the consumer track or the financial institution track established by Case Management Order No. 2 (Doc. 36).

## I.    **Applicability of Rules**

1.    Except as otherwise ordered, discovery will be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  The scope of this order applies to cases in both the consumer and financial institution tracks.

## II.    General Principles Governing Discovery

2.     The Parties are directed to cooperate with each other to facilitate discovery and resolve disputes.  Further, the Parties are directed to coordinate their activities and avoid duplicative discovery.   For example, counsel for the plaintiffs in the consumer and financial institutions tracks should cooperate to serve joint interrogatories and requests for production of documents on common issues.

3.     Boilerplate objections in response to interrogatories and other discovery requests are prohibited.  Parties should not carelessly invoke the usual litany of rote objections, i.e. the attorney-client privilege, work product doctrine, unduly broad or burdensome, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence.

4.     A Party shall not assert "General Objections" in response to a set of discovery requests which assert that the Party objects "to the extent that" the discovery violates a privilege or protection against discovery, is irrelevant or otherwise outside the scope of discovery, or is allegedly vague, ambiguous, overly broad or unduly burdensome.  Instead, objections should be made to specific requests and only those objections that actually apply to that particular request should be made.

5.     A Party who objects to a discovery request but then responds to the request subject to the objections must state whether the response is complete, i.e.

whether additional information or documents would have been provided but for the objections. An objection must state whether responsive materials are being withheld on the basis of that objection.

## III.   **Documents**

6.      **Document Productions**.  Unless otherwise agreed by the Parties, all documents produced by Home Depot in this proceeding shall be transmitted in electronic format to liaison counsel for each track with copies of the transmittal letters to co-lead counsel in each track and all documents produced by Plaintiffs shall be transmitted in electronic format to lead counsel for Home Depot in each track.  Unless otherwise agreed by the Parties, each Party shall bear the cost of and administer their own document depository.

7.      **Numbering System**. Counsel for the Parties shall each develop and use a system for identifying a unique number or symbol for each Party that produces documents or other materials during the course of this litigation.

8.      **Rolling Production**. The Parties must produce documents to which they have not raised an objection on a rolling basis rather than waiting until all documents responsive to a request have been gathered. The Parties must meet and confer regarding a schedule for the orderly production of different categories of documents.

9.    **Privilege Logs**.  A Party, including any third party, who, relying on any privilege or on the work product doctrine, withholds otherwise responsive, discoverable documents from production to a requesting or subpoenaing party, must provide a privilege log. .  A producing party will provide a privilege log within 45 days after each production in active sortable Excel format.  The parties shall meet and confer in good faith on an extension to the 45 day deadline if any of the parties reasonably believes that the time period is insufficient for a particular production.  The privilege log shall identify the custodian, author, recipient(s), date, Bates or production number, subject/title, privilege and/or doctrine relied upon, and provide a description of the document and/or document family by type and content consistent with the Federal Rules of Civil Procedure.  The Parties are not required to log privileged or work product documents from or between the Parties and their counsel of record relating to this case that were created after September 2, 2014.  By agreement of the Parties or by the Court upon a showing of good cause, a Party may be required to log particular documents that otherwise would not have to be logged.

## IV.    **Interrogatories**

10.    Plaintiffs in the consumer and financial institution tracks may serve no more than 40 joint interrogatories, including all discrete subparts, in connection with matters that are common to the claims asserted in each track.  Plaintiffs in

4

each track may serve an additional 10 interrogatories, including all discrete subparts, provided these interrogatories are not duplicative of those served by plaintiffs in the other track.  For purposes of clarity, Plaintiffs in the consumer and financial institution tracks may serve a combined total of 60 interrogatories.  Home Depot may serve no more than 40 interrogatories, including all discrete sub-parts, in connection with matters that are common to the claims asserted in each track.  Home Depot may serve an additional 10 interrogatories, including all discrete subparts, on each named plaintiff in each track provided these interrogatories are not duplicative.

## V.      Requests for Admission/Document Authentication

11.     Plaintiffs in the consumer and financial institution tracks may serve no more than 25 joint requests for admission, including all discrete subparts, in connection with matters that are common to the claims asserted in each track.  Plaintiffs in each track may serve an additional 5 requests for admission, including all discrete subparts, provided these requests for admission are not duplicative of those served by plaintiffs in the other track.  For purposes of clarity, Plaintiffs in the consumer and financial institution tracks may serve a combined total of 35 requests for admission.  Home Depot may serve no more than 25 requests for admission, including all discrete subparts, in connection with matters that are common to the claims asserted in each track.  Home Depot may serve an additional

5 requests for admission, including all discrete subparts, on each named plaintiff in each track provided these requests for admission are not duplicative. The limitations in this paragraph do not apply to requests to admit the authenticity of documents, and the Parties agree to meet and confer to establish a process and protocol for the authentication of documents prior to the commencement of depositions.

## VI.   Document Requests

12.    There are no limitations on the number of requests for production of documents that the parties may serve. However, this order does not limit any Party's right to object to or seek a protective order with respect to any request for production served.

## VII.   Depositions:  Number and Timing

13.    Plaintiffs collectively may depose a total of 40 non-parties and Home Depot witnesses, including employees and former employees. In addition, Plaintiffs, collectively, may take a maximum of 40 hours of Rule 30(b)(6) deposition testimony of Home Depot corporate representatives. At the conclusion of each 30(b)(6) deposition, the court reporter or videographer shall note on the record the amount of time used by each Party. Home Depot may depose each named Plaintiff or, if applicable, each named Plaintiff's corporate designee and may take a maximum of 15 depositions of non-parties without leave of court.

Expert depositions do not count against the number of allowable depositions. The total number of depositions may be increased for good cause shown or by agreement of all Parties.

14.     The duration for each deposition will be governed by Federal Rule of Civil Procedure 30(d)(1).  In the case of Rule 45 subpoenas for testimony, the Party that issues a subpoena shall be entitled to five of the seven hours available for such subpoena, unless otherwise agreed by the Parties.

15.     This order does not limit any Party's right to object to or seek a protective order with respect to any deposition noticed in the litigation.

## VIII.  Deposition Protocol

16.     Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically. Any subpoenas for deposition testimony (notwithstanding the following paragraph) shall be served on witnesses as required by law, but copies may be served electronically on all Parties.

17.     If a Party seeks to take the deposition of a former employee of another Party, the Party seeking to take the deposition must first notify, at least 10 (ten) days before the date scheduled for the deposition, in writing, the Party that formerly employed the witness.  Within ten days of receiving the written notification, the Party that formerly employed the witness shall inform the Party

seeking to take the deposition whether its counsel will accept service of the deposition subpoena and whether it will be representing the former employee in connection with the deposition within 5 (five) days of receiving the request.  If the Party that formerly employed the witness will not accept service or will not represent the former employee in connection with the deposition, that Party shall provide the former employee's last date of employment and contact information (including last known address and telephone number) to the Party intending to depose the former employee.   This written request shall not be deemed an "interrogatory" as that term is used in this order.

18.    At least ten calendar days prior to formally serving a deposition notice, and absent extraordinary circumstances, counsel for the noticing Party and counsel for a proposed deponent shall consult in an effort to schedule depositions at mutually convenient times and places.  If no agreement is reached after ten calendar days, nothing shall prevent a Party from issuing a formal notice of deposition.

19.    Counsel will mark exhibits sequentially within a particular deposition with the prefix being the name of the deponent.

20.    Each witness may be questioned by no more than one counsel from each Party, with the exception of depositions taken pursuant to Rule 30(b)(6).

With respect to Rule 30(b)(6) depositions, each designee may be questioned by no more than two counsel from each Party.

21.    Parties shall be deposed where they reside unless the Parties otherwise agree.

22.    To more efficiently handle the litigation and to reduce travel costs, the Parties shall cooperate to the extent practical to schedule and complete depositions so as to avoid repetitive trips to the same location.

23.    To minimize travel and related costs, counsel may participate in any deposition by telephone. Counsel intending to do so must notify counsel for the Party that noticed the deposition and counsel for the witness at least 3 calendar days before the date of the deposition. Counsel noticing the deposition shall make arrangements so that a conference call line is available during the deposition. Any Party appearing by telephone shall be responsible any related costs.  To the extent any counsel requests real-time video and/or text feed, that counsel is responsible for setting up and paying for the cost of that additional feature.  Examining counsel and counsel intending to participate by telephone shall cooperate in good faith to facilitate such participation. No deposition shall be delayed or impeded by technical issues related to counsel appearing by telephone or by other non-present means.

24.     All depositions shall be conducted in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise required by law.  All objections shall be stated concisely in a non-argumentative and non-suggestive manner. Counsel shall avoid making speaking objections or repeating objections already preserved, including but not limited to, and, in particular, when participating by telephone.  The phrase "objection, form" is the only objection that shall be permitted (in addition to objections related to the assertion of privilege or other protection) and shall preserve all objections to the form of a question under the Federal Rules.  The objector need not further state the basis for an objection as to form unless requested to do so by the examining lawyer.  Counsel should not object to the form of a question without a good faith basis for believing the form of the question is improper.  Objections to the form of a question made for the purpose of interrupting the flow of the questioning, signaling the witness, or suggesting an answer are prohibited.

25.     Any objection to the form of a question shall be deemed to have been made on behalf of all other parties, and need not be repeated by another counsel to preserve that objection on behalf of such other counsel.

26.     All objections except as to the form of the question or foundation are reserved until trial or other use of the deposition transcript.

27.     The following stipulation will apply to all depositions taken in this proceeding and shall be included in each transcript by the court reporter:

Upon completion of the transcription of today's session, the completed transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the transcript plus errata sheet to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

Nothing in this paragraph prevents the Parties from entering into additional stipulations that they believe are necessary.

28.     The following provisions will apply to the handling and signing of transcripts:

a.     The court reporter will send the completed transcript by email to the deponent's counsel.  In the case of a third party, the court reporter will also send a copy of the completed transcript via overnight mail and will include with the transcript a postage-paid envelope with return to the court reporter.

b.      The witness will have 30 days from receipt to review the transcript, make any changes on an errata sheet provided by the court reporter, sign the transcript under penalty of perjury, and return it the court reporter.

c.      If the witness is not represented by counsel, the completed transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the completed transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness.  Any witness who makes changes to his or her deposition transcript must, as required by Federal Rule of Civil Procedure 30(e)(2), sign a statement listing the changes and the reasons for making them.

d.      Counsel for the deponent (or the court reporter in the case of an unrepresented witness) will serve a copy of a witness's errata via email no later than 30 days from receiving the completed transcript from the court reporter.

e.      Counsel for the noticing Party will maintain the original transcript and bring it to trial or upon request file it with the Court.

29.    The following provisions will apply to third-party depositions:

12

a.      Counsel will coordinate on: (i) scheduling, to avoid imposing undue burden on third parties; and (ii) resolution of any objections raised by the third party.

b.      Third-party witnesses subpoenaed to testify and to produce documents will be served with the subpoena *duces tecum* at least fourteen (14) days before the scheduled deposition.

c.      Each Party will designate a contact person to receive documents produced by third parties. Any counsel who receives documents produced by a third party in response to a subpoena *duces tecum* will produce copies of those documents to the designated contact persons for all other Parties as soon as possible but no later than within five business days.  The Parties will produce documents produced by third parties in the same format in which they were produced by the third party if the documents were produced in electronic format.  If the documents were produced by the third party in hard copy, then the Parties will produce them in .pdf format.  All counsel who receive documents produced by a third party will use best efforts to produce these documents to the contact persons by ftp or similar electronic means to avoid the delays involved in sending documents by mail.

## IX.    **Disputes Concerning Discovery**

30.    To avoid unnecessary litigation concerning discovery disputes, counsel are directed to meet and confer before contacting the Court regarding discovery issues.  The Court will hear discovery disputes at its regularly scheduled status conferences and, if the Court so determines, may request that the Parties submit letter briefs of no more than five pages setting forth their positions.  If discovery disputes arise that require resolution before the next scheduled conference, the Parties shall jointly contact the Court, which, at its discretion, may hear the matter by telephone, direct that the Parties appear in person, invite written submissions, or take other appropriate action.  No motions to compel, motions for protective order, or other motions seeking to resolve a discovery dispute may be filed until and unless this procedure has been followed and prior authorization to file the motion has been obtained from the Court.

31.    Any Party may move the Court to modify this order upon good cause shown.

IT IS SO ORDERED.

Date: June 25, 2015                    /s/Thomas W. Thrash
                                       Thomas W. Thrash, Jr.
                                       United States District Judge