UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation<br><br>This document relates to:<br>ALL CASES | ) <br>) No. 1:14-md-02583-TWT<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND PROTECTIVE ORDER REGARDING EXPERT DISCOVERY

The parties, through their respective counsel of record, stipulate to the following regarding the scope of discovery and testimony relating to experts in this matter:

1. The parties will make all disclosures required by Rule 26(a)(2)(A) & (B) of the Federal Rules of Civil Procedure, as modified or limited by this or any future Stipulation and subsequently approved by the Court, at the times provided by this Court (or by subsequent stipulation of the parties, as approved by the Court) for the service of written expert reports.

2. The parties will conduct all depositions of experts pursuant to Rule 26(b)(4) of the Federal Rules of Civil Procedure according to the schedule ordered by this Court (or by subsequent stipulation of the parties, as approved by the Court) for such expert depositions to occur.  No subpoena for deposition or documents

need be served on any parties' expert. The party who retained the expert shall make the expert available for a deposition at a time and place mutually agreeable to the parties.

3. No party or its experts are obligated to preserve or produce budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates or their companies or organizations. However, nothing in this Stipulation alters any obligations that a party or its experts may have to produce sufficient billing information in connection with any request for the party's recovery of its expenses in this action, and nothing in this stipulation protects from disclosure the total amount an expert is paid for his or her work or limits a party's ability to question an expert at deposition regarding the amount of time spent on the engagement, the compensation received, or similar matters.

4. For purposes of complying with Rule 26(a)(2)(B)(ii) of the Federal Rules of Civil Procedure, expert reports must only contain the facts or data relied upon by a testifying expert in forming his or her opinions. The following categories of documents or electronically stored information ("ESI") need not be disclosed by any party and are outside the scope of permissible discovery (including deposition questions), unless the expert witness is relying on such materials in connection with his or her opinions in this matter:

a. Drafts of reports, studies, or work papers (including preliminary or intermediate calculations, computations or data runs) and other preliminary, intermediate, or draft materials prepared by, for, or at the direction of an expert witness or a non-testifying expert or consultant;

b. Any oral, written or other communication between or among expert witnesses, non-testifying experts or consultants, their staff, assistants, colleagues or associates, or one or more attorneys (or their staff) for the party or parties offering the testimony of the expert witness;

c. Any notes, ESI, or other materials created, generated, or prepared by or for a testifying expert witness or non-testifying expert or consultant in connection with this matter, including correspondence, e-mails or memoranda to or from, and notes of conversations with, the expert's staff, assistants, colleagues or associates, one or more other expert witnesses or non-testifying expert consultants, or one or more attorneys for the party or parties offering the testimony of the expert witness.

5. Nothing in this Stipulation and Protective Order permits a party or a testifying expert to withhold any proposition, fact, belief, or other data, information, or material on which the expert relies in support of her or his opinion in this matter.

6. Documents and other written materials disclosed pursuant to Paragraph 4 shall be identified at the time the party's expert report is delivered to the opposing party by Bates number if such documents have been produced in this litigation, and otherwise shall be identified with reasonable particularity, and copies of such documents, if they have not been produced in this litigation, shall be produced at the time the expert report is delivered.  A party need not produce, but must identify: (i) transcripts of depositions taken in this action, by name of deponent and date of deposition; (ii) exhibits from depositions, by exhibit number; and (iii) articles, cases, statutes, journals, treatises, and publicly available regulatory filings.  Spreadsheets, data sets, and similar supporting materials, upon which the expert relied in forming his or her opinions, shall be produced in native electronic and fixed formats.  Native format documents which are expert work product may be stripped of their metadata, provided that formulae, hidden columns, and algorithms in native format documents that are required to derive the results displayed therein are preserved.

7. The scope of a party's rebuttal expert report shall be limited to rebutting positions taken in the opposing party's initial expert report, and no party may submit

a rebuttal report on a topic not addressed by the other party's expert in their initial report.

8. Nothing in this Stipulation shall limit or waive any party's rights to object for any reason to the qualifications of any person to serve as an expert witness or to the admission of an expert report into evidence.

9. Neither the terms of this Stipulation and Protective Order nor the parties' agreement to them implies that any of the information restricted from discovery through this Stipulation and Protective Order would otherwise be discoverable.

10. Any fees charged by an expert for responding to discovery, including time spent at depositions, shall be paid by the party who retained the expert.

11. Any party may move the Court to modify this Stipulation and Protective Order upon good cause shown.

12. The parties agree to comply with the terms of this Stipulation and Protective Order pending the Court's approval thereof.

| | |
|---|---|
| */s/ Phyllis B. Sumner* | */s/ Cari K. Dawson* |
| L. Joseph Loveland | Cari K. Dawson |
| Georgia Bar No. 459350 | Georgia Bar No. 213490 |
| Phyllis B. Sumner | Kristine McAlister Brown |
| Georgia Bar No. 692165 | Georgia Bar No. 480189 |
| S. Stewart Haskins II | ALSTON & BIRD LLP |
| Georgia Bar No. 336104 | 1201 West Peachtree Street |
| KING & SPALDING LLP | Atlanta, Georgia   30309 |
| 1180 Peachtree Street | Telephone: (404) 881-7000 |
| Atlanta, Georgia 30309 | Facsimile: (404) 881-7777 |
| Telephone: (404) 572-4600 | cari.dawson@alston.com |
| Facsimile: (404) 572-5100 | kristy.brown@alston.com |
| jloveland@kslaw.com | |
| psumner@kslaw.com | |
| shaskins@kslaw.com | |
| | |
| *Counsel for Home Depot in Consumer Cases* | *Counsel for Home Depot in Financial Institution Cases* |
| | |
| */s/ David J. Worley* | */s/ Kenneth S. Canfield* |
| David J. Worley | Kenneth S. Canfield |
| James M. Evangelista | DOFFERMYRE SHIELDS |
| HARRIS PENN LOWRY LLP | CANFIELD & KNOWLES, LLC |
| 400 Colony Square, Suite 900 | 1355 Peachtree Street, N.E. |
| 1201 Peachtree Street, NE | Suite 1600 |
| Atlanta, Georgia 30361 | Atlanta, Georgia   30309 |
| Telephone: (404) 961-7650 | Telephone: (404) 881-8900 |
| david@hpllegal.com | kcanfield@dsckd.com |
| jim@hpllegal.com | |
| | |
| *Co-Lead Counsel for Plaintiffs in Consumer Cases* | *Co-Lead Counsel for Plaintiffs in Financial Institution Cases* |

SO ORDERED, this 25th day of June, 2015.

<u>/s/Thomas W. Thrash</u>
Thomas W. Thrash, Jr.
United States District Judge
