# EXHIBIT D

**CONSUMER PLAINTIFFS' APPENDIX 4**
**STATES' APPLICATION OF THE ECONOMIC LOSS RULE TO NEGLIGENCE CLAIMS**

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| Arizona | **No**. *See Cumis Ins. Soc., Inc. v. Merrick Bank Corp.*, 2008 WL 4277877, at *7 (D. Ariz. Sept. 18, 2008) (finding that rule did not apply to negligence claim in data breach case because "the economic loss rule is not broadly applied in Arizona . . . [and Arizona courts] only appl[y] the economic loss rule in construction and product defect cases . . . . Similarly, in this case, the contractual relationships are not similar to construction or product defect cases."). | **Not applicable**. To the extent the rule would apply, *Cumis* recognized what Georgia courts refer to as the "accident exception" in refusing to apply the rule (*see* Pls.' Resp. Br. at 41). "The data security breach is comparable to a tortious 'accident' and the damages are of a type that caused economic harm to persons or entities. Indeed, tortious damages may include purely economic damages (*e.g.*, fraud). The Court finds that . . . tort remedies are available in this case. Dismissal of the tort claims based on the economic loss rule is not appropriate." *Cumis*, at *8. | **Not applicable** | *Meja v. GMAC Mortg. LLC*, No. CV 11-01140-PHX-FJM, 2012 WL 786328, at *3 (D. Ariz. March 9, 2012). | *Meja* was an action arising out of a foreclosure by the defendant based on the *contract* (note) between the parties. The court applied the economic loss rule in dismissing the negligence claim because it was based *solely* on breach of the note, not a duty in tort. *Meja* quotes *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 P.3d 664, 667 (Ariz. 2010). *Flagstaff* cautioned against applying the rule in an "overly broad" manner, rather than the "case-specific approach" it relied upon to dismiss a claim for negligent design in which the "facts preponderate[d] in favor of . . . commercial law." *Id.* at 668 |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| | | | | | *See also Target*, at *15 (Target conceded rule does not apply to data breach cases under Arizona law) |
| California | **Yes**. California courts have applied economic loss doctrine in data breach cases. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 967 (S.D. Cal. 2014). | **Yes, the "special relationship" exception**. The California Supreme Court has employed a six factor "special relationship" analysis to determine whether a plaintiff may recover purely economic loss in claims for negligent performance of services. *See J'Aire Corp. v. Gregory*, 598 P.2d 60, 62-63 (Cal. 1979) (finding "special relationship" precluding application of economic loss rule). The factors considered include: (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of | Each *J'Aire* factor is satisfied. Plaintiffs allege that the parties had a "special relationship" (Compl., ¶ 313) and that: (1) Plaintiffs would not have shopped at Home Depot had they known of its data security practices (*id.*, ¶ 95); (2) the harm was foreseeable (*id.*, ¶¶ 306, 311); (3) Plaintiffs suffered a variety of injuries (*id.*, ¶¶ 2-94); (4) Plaintiffs' injuries flowed directly from the breach (*id.*, ¶ 315); (5) the degree of | *Target*, at *16 (relying on *Sony* to find economic loss rule precluded Plaintiffs' California negligence claims) | The *Target* court did not apply the *J'Aire* factors to consider the applicability of the "special relationship" exception, instead relying solely on *Sony* where the parties had a considerably different relationship. The exception applies under the facts alleged here. |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| | | preventing future harm. *Id*. at 63.<br><br>All six factors must be considered by the court and the presence or absence of one factor is not decisive. *See Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, 315 Fed. Appx. 603, 605-06 (9th Cir. 2008). | negligence is severe and there is a strong moral blame attached to the reckless conduct of Home Depot management (*id.*, ¶¶ 119-175); and (6) there is a strong public policy to protect customers personal and financial information (*id.*, ¶ 293). | | |
| Colorado | **Yes**. *See Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000) ("a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law"). | **Yes, the "independent duty" exception**. *See Town of Alma*, 10 P.3d at 1264.<br><br>Home Depot violated independent legal duties arising from Colorado's data breach notification statute, Colo. Rev. Stat. Ann § 6-1-716(2), *et seq.*; The Colorado Consumer Protection Act, Col. Rev. Stat. Ann. §§ 6-1-105(1)(b), (c), (e) and (g), *et seq.*; and the FTC Act, 15 U.S.C. § 45(a)(1). *See also* Pls.' Resp. Br. at 39, 40. | *See* Compl., ¶¶ 119-253, 288-290, 297-303. | *Town of Alma*, 10 P.3d at 1256. | In *Town of Alma*, the claims arose out of breach of a public works contract, and the economic loss rule was applied only because the court specifically found no duty in tort that arose "independent of the contract," such as the "duty of care" (*id.* at 1263, 1265) alleged by Plaintiffs in this case. |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| | | | | | *See also Target*, at *15 (Target conceded "independent duty" exception applies under Colorado law) |
| Georgia | **Yes**. *See ASC Const. Equip. USA, Inc. v. City Commercial Real Estate, Inc*., 303 Ga. App. 309, 316 (2010) (the economic loss doctrine "generally provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort."). | **Yes, multiple exceptions apply**. *See discussion in* Pls.' Resp. Br. at 39-41. | *See discussion in* Pls.' Resp. Br. at 39-41. | *Willingham v. Global Payments, Inc*., No. 1:12-cv-001157-RWS, 2013 WL 440702, at *18 (N.D. Ga. Feb. 5, 2013). | *See discussion in* Pls.' Resp. Br. at 39-41. The magistrate judge in *Willingham* explicitly distinguished that case from other cases where "the claimant had a direct relationship with the defendant and, therefore, had a basis for claiming that the defendant owed a duty of care." *Id*. *See also Target*, at *17 (distinguishing *Willingham* and concluding that plaintiffs' allegations were "sufficient to establish that the economic loss rule does not bar their Georgia negligence claims" under the independent duty exception). |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| States Challenged by Home Depot (16) | Is Economic Loss Rule Arguably Applicable to Facts Alleged? | If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application? | Facts Alleged in the Complaint that Support Applying Exception | Cases Cited by Home Depot in Supports of Position | Home Depot's Cited Cases Distinguished |
| Illinois | **Yes**. The court in *In re Michaels Stores Pin Pad Litig.*, 830 F. Supp. 2d 518 (N.D. Ill. 2011) applied the rule to bar a data breach claim but failed to analyze the application of relevant exceptions not raised by plaintiffs. | **Yes, multiple exceptions apply**. Illinois law recognizes three exceptions to the economic loss rule: (1) where plaintiff sustains personal injury or property damage resulting from a sudden or dangerous occurrence; (2) where plaintiff's damages were proximately caused by defendant's intentional, false representation; and (3) where plaintiff's damages were proximately caused by the negligent misrepresentation of a defendant in the business of supplying information for the guidance of others in business transactions. *In re Michaels*, 830 F. Supp. 2d at 528.<br><br>Plaintiffs satisfy each of these exceptions for the same reasons they satisfy the "accident" and "misrepresentation" exceptions under Georgia law. *See* Pls.' Resp. Br. at 40, 41. | *See* Compl., ¶¶ 119-253, 285-290, 305-315. | *In re Michaels.*, 830 F. Supp. 2d 518.<br><br>*Target*, at *18. | *In re Michaels* is distinguishable because the court did not apply relevant exceptions. *See* 830 F. Supp. 2d. at 530 ("Plaintiffs do not argue that they satisfy any of the three exceptions set forth in *Moorman*. Rather, Plaintiffs argue that the economic loss rule does not apply"). Likewise, the *Target* court adopted the rationale of *In re Michaels* without applying relevant exceptions. *See Target*, at *18.<br><br>Here, Plaintiffs contend that the *Moorman* exceptions apply, an issue that was never considered in *Michaels* or *Target*. |
| Kansas | *Rand Const. Co. v. Dearborn Mid-West Conveyor Co.*, 944 F. Supp. 2d 1042, 1062 (D. Kan. 2013) ("If the duty | **Yes, the "independent duty" exception**. *See Rand*, 944 F. Supp. 2d at 1062.<br><br>Home Depot violated independent legal duties arising from Kansas's | *See* Compl., ¶¶ 119-253, 288-290, 297-303. | *Rand*, 944 F. Supp. 2d 1042. | In a purely breach of contract case between two commercial entities, the court in *Rand* applied the rule and found no duty in |

5

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| | arises from contract, as opposed to an independent duty arising by operation of law, negligence claims are barred by the economic loss doctrine.") | data breach notification statute, Kan. Stat. Ann. § 50-7a02(a), *et seq*.; The Kansas Consumer Protection Act, Kan. Stat. §§ 50-626(a), (b)(1)(A)(D), and (b)(3), *et seq*.; and the FTC Act, 15 U.S.C. § 45(a)(1). *See also* Pls.' Resp. Br. at 39, 40. | | | tort based on "the nature and substance of the facts alleged" and that "the duty ar[ose] from contract, as opposed to an *independent duty . . . .*" *Id*. at 1062 (emphasis added). The court applied the rule on the additional basis that "the defendant makes no credible contention that the underlying economic transaction was anything other than a sophisticated commercial transaction between experienced business entities." *Id*. at 1063. The facts here support application of the independent duty exception. |
| Louisiana | **No**. *See In re Chinese Manufactured Drywall Products Liab. Litig*., 680 F. Supp. 2d 780, 796 (E.D. La. 2010) ("Louisiana does not recognize the [Economic Loss Rule], nor does it recognize a doctrine sufficiently | **Not applicable** | **Not applicable.** | *TS & C Investments, L.L.C. v. Beusa Energy, Inc*., 637 F. Supp. 2d 370, 374 (W.D. La. 2009).* | Application of the economic loss rule in Louisiana has been limited to maritime, catastrophe and environmental cases and applied in limited fashion to only include parties without a direct relationship. *See TS & C,* |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| States Challenged by Home Depot (16) | Is Economic Loss Rule Arguably Applicable to Facts Alleged? | If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application? | Facts Alleged in the Complaint that Support Applying Exception | Cases Cited by Home Depot in Supports of Position | Home Depot's Cited Cases Distinguished |
| | similar to enable the Court to conduct an ELR analysis for Plaintiffs' tort claims under Louisiana law."). | | | | 637 F. Supp. 2d 370 (business owners along interstate highway whose businesses were affected by the closure of highway as a result of an oil well blowout not entitled to recover damages for their economic losses allegedly occasioned by the closure of the interstate).<br><br>Louisiana has never applied the rule to limit a case similar to this. |
| Massachusetts | **Yes**. *See Target*, at *18 (applying economic loss rule under Massachusetts law but not applying exceptions). | **Yes, the "misrepresentation" exception**. Under Massachusetts law, there is an exception to the economic loss rule when there is an actionable misrepresentation. *See Passatempo v. McMenimen*, 461 Mass. 279, 302, 960 N.E.2d 275, 294 (2012) (economic loss rule "does not apply to 'pecuniary loss incurred as a result of an actionable misrepresentation.'") (citing *Nota Const. Corp. v. Keyes Associates, Inc.*, N.E.2d 401, 405 (Mass. Ct. App. 1998)).<br><br>Plaintiffs satisfy the | *See* Compl., ¶¶ 119-253, 285-290, 305-315. | *Target*, at *18. | Neither the *Target* court nor the case on which it relied, *In re TJX Cos. Retail Sec. Breach Litig.*, 564 F.3d 489, 498-99 (1st Cir. 2009), applied the misrepresentation exception to the facts of their respective cases. |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| | | misrepresentation exception for the same reasons stated in Pls.' Resp. Br. at 40, 41. | | | |
| Michigan | **No**. In Michigan, the economic loss doctrine only applies where "(1) the parties or others closely related to them had the opportunity to negotiate the terms of the sale of the good or product causing the injury, and (2) their economic expectations can be satisfied by contractual remedies." *Quest Diagnostics, Inc. v. MCI WorldCom, Inc.*, 656 N.W.2d 858, 863 (Mich. Ct. App. 2002). | **Not applicable** | **Not applicable** | *Neibarger v. Universal Coops.*, 486 N.W.2d 612, 618 (Mich. 1992) | The Michigan Supreme Court held the economic loss doctrine in *Neibarger* applied because it was case of product liability, for solely economic loss, governed by the Uniform Commercial Code in the sale of defective goods, between "contracting parties of relatively equal economic strength who, in a commercial setting, bargain[ed] for the specifications of the product." *Id*. at 617. By contrast, the economic loss rule does not apply here because there are no allegations that equal parties bargained for specifications relating to the sale of goods. |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| Nevada | **Yes**. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007) ("Nevada applies the economic loss doctrine to bar recovery in tort for purely monetary harm in product liability and in negligence cases unrelated to product liability. Nevada law may also bar recovery for other tort claims where the plaintiff's only complaint is that the defendant failed to perform what was promised in the contract. But it does not bar recovery in tort where the defendant had a duty imposed by law rather than by contract and where the defendant's intentional breach of that duty caused purely monetary harm to the plaintiff."). | **Yes, the "independent duty" exception**. *See Giles*, 494 F.3d at 879.<br><br>Home Depot violated independent legal duties arising from the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0915(5) and (7), *et seq*.; and the FTC Act, 15 U.S.C. § 45(a)(1). *See* Pls.' Resp. Br. at 39, 40. | *See* Compl., ¶¶ 119-253, 288-290. | *Giles*, 494 F.3d at 879. | The *Giles* court expressly recognizes the independent duty exception to application of the economic loss doctrine. |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| New Jersey | **No**. *See People Express Airlines, Inc. v. Consol. Rail Corp.*, 495 A.2d 107, 109 (N.J. 1985) (holding that a "defendant who negligently injures a plaintiff or his property may be liable for all proximately caused harm, *including* economic losses") (emphasis added). | To the extent the economic loss applies, *People Express* and its progeny have set forth a number of applicable exceptions, including the "special relationship" exception (*People Express*, 495 A.2d at 112) and the "identifiable class" exception. *See Carter Lincoln–Mercury, Inc., Leasing Div. v. EMAR Grp., Inc.*, 638 A.2d 1288, 1294 (1994) (holding economic loss doctrine no bar to tort claim regardless of physical harm "if the plaintiff was a member of an identifiable class that the defendant should have reasonably foreseen was likely to be injured by the defendant's conduct" (citing *People Express*, 495 A.2d at 116)); *Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421, 426 (5th Cir. 2013) (applying New Jersey law and holding that payment card issuers could assert a cognizable claim against a payment processor because it was reasonably foreseeable to the payment processor that card-issuing banks would suffer an economic loss | *See facts identified in response regarding California above.* | *Coleman v. Deutsche Bank Nat. Trust Co.*, No. 15-1080, 2015 WL 2226022, at *4 (D.N.J. May 12, 2015). | The court in *Coleman* dismissed all the tort-based claims because the case was entirely based in contract under the terms of a note and mortgage. The court held the economic loss rule applied because "entitlement only flow[ed] from a contract." *Id*., at *4. In this case, it was reasonably foreseeable that Plaintiffs would suffer harm as a result of Home Depot's inadequate data security practices so the economic loss rule does not apply. To the extent the rule applies, the "special relationship" exception (*see response regarding California above*) and "identifiable class" exception preclude application of the economic loss rule. *See also Target*, at *15 (Target conceded rule |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| | | from the payment processor's negligence). | | | does not apply to data breach cases under New Jersey law) |
| Pennsylvania | **Yes**. *See Target*, at *19 ("Pennsylvania courts have determined in a data-breach case that the economic loss rule bars a negligence claim"). | **Yes, the "special relationship" exception**. *See Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.*, 28 F. Supp. 2d 947, 952 (E.D. Pa. 1998) (Pennsylvania recognizes a "special relationship" exception in situations involving "confidentiality, the repose of special trust or fiduciary responsibilities"). In *Target*, the court applied the exception holding that "Plaintiffs' allegations here are that they reposed trust in Target or that Target bore a fiduciary-like responsibility to safeguard their financial information. Plaintiffs have plausibly pled the existence of a special relationship that Pennsylvania courts would recognize as an exception to the economic loss rule." *Target*, at *19. | *See facts identified in response regarding California above.* | *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 177-78 (3d Cir. 2008). | The *Target* court distinguished *Sovereign Bank* noting that: "The situation in *Sovereign Bank*, however, is more akin to that in the Financial Institution Cases: as in those cases, *Sovereign Bank* involved an issuer bank suing a merchant for a data breach. Because of the clear contractual relationship between the parties in *Sovereign Bank*, the application of the economic loss rule to bar the bank's negligence claim was more straightforward than application of the rule is in this case . . . Plaintiffs have plausibly pled the existence of a special relationship that Pennsylvania courts would recognize as an exception |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| | | | | | to the economic loss rule." *Target*, at *19.<br><br>The same finding is warranted here. |
| South Carolina | **Yes**. *See Myrtle Beach Pipeline Corp. v. Emerson Elec. Co.*, 843 F. Supp. 1027, 1049 (D.S.C. 1993) (under South Carolina law, the "'economic loss' doctrine [] bars tort claims and limits a plaintiff's recovery to those contractual remedies provided by the Uniform Commercial Code where the suit arises out of a commercial transaction and the loss incurred is only to the product itself"). | **Yes, the "independent duty" exception**. *See Laidlaw Envtl. Servs., (TOC), Inc. v. Honeywell, Inc.*, 966 F. Supp. 1401, 1414 (D.S.C. 1996), *aff'd*, 113 F.3d 1232 (4th Cir. 1997) ("Absent an independent duty, [plaintiff's] negligence claim is barred by the economic loss rule.").<br><br>Home Depot violated independent legal duties arising from South Carolina's data breach notification statute, S.C. Code Ann. § 39-1-90(A), *et seq.*; The South Dakota Deceptive Trade Practices Act and Consumer Protection Act, S.D. Codified Laws § 37-24-6(1), *et seq.*; and the FTC Act, 15 U.S.C. § 45(a)(1). *See* Pls.' Resp. Br. at 39, 40. | *See* Compl., ¶¶ 119-253, 288-290, 297-303. | *Midland Mortg. Corp. v. Wells Fargo Bank, N.A.*, 926 F. Supp. 2d 780, 788 (D.S.C. 2013). | *Midland Mortgage* was a case brought by a mortgage lender against the bank of its borrower for providing inaccurate deposit information of its borrower. The court dismissed the negligence claim solely upon North Carolina law that "banks owe no 'special duty of care' to ordinary customers" in the case of "an arm's length transaction between two sophisticated banking entities." *Id*. at 793-94.<br><br>Here, Plaintiffs have alleged the existence of independent duties. |
| Tennessee | **Unlikely**. *Compare Ham v. Swift Transp. Co., Inc.*, 694 F. Supp. 2d 915, 921 (W.D. Tenn. 2010) | **Even if the rule is applicable under Tennessee law, the "independent duty" exception applies**. *See In re Prince*, 414 | *See* Compl., ¶¶ 119-253, 288-290, 297-303. | *Ladd Landing*, 874 F. Supp. 2d 727. | *Ladd Landing* stands in contrast to an established line of cases refusing to extend the economic loss |

| | | States' Application of the Economic Loss Rule to Negligence Claims | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| | ("Tennessee's highest court has never addressed whether the economic loss doctrine applies outside of the products liability context."), *with Ladd Landing, LLC v. Tenn. Valley Authority*, 874 F.Supp.2d 727, 732-33 (E.D. Tenn. 2012) (disagreeing with *Ham* and extending doctrine to the loss of business income related to the spill of coal ash). | B.R. 285, 297 (Bankr. M.D. Tenn. 2009) *aff'd sub nom. Prince v. Beal Bank, SSB*, No. 1:09-0093, 2010 WL 841273 (M.D. Tenn. Mar. 4, 2010) (holding economic loss rule bars negligence claims where plaintiffs "cannot show that the defendants owed a duty of care independent of their contractual obligations."). Home Depot violated independent legal duties arising from Tennessee's data breach notification statute, Tenn. Code Ann. § 47-18-2107(b), *et seq.*; The Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-104(a), (b)(2), (3), (5), and (7), *et seq.*; and the FTC Act, 15 U.S.C. § 45(a)(1). *See also* Pls.' Resp. Br. at 39, 40. | | | rule beyond products liability claims. *See Ham v. Swift Transp. Co.*, 694 F. Supp. 2d 915, 923 (W.D. Tenn 2010). No independent duty was alleged or found to exist between the parties. Even if the rule applies, Plaintiffs have alleged the existence of independent duties. |
| Texas | **Yes**. *See Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) ("The economic loss rule generally precludes recovery in tort for economic losses resulting | **Yes, the "independent duty" exception**. *See Chapman*, 445 S.W.3d at 718 ("a party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual | *See* Compl., ¶¶ 119-253, 288-290, 297-303. | *Ghanem v. Nationstar Mortg., LLC*, No. H-14-3091, 2015 WL 1932046, at *3 (S.D. Tex. April 28) | *Ghanem* involved a distinguishable fact pattern involving a mortgage foreclosure based solely in contract. The court held that "the economic loss rule precludes recovery of |

| States' Application of the Economic Loss Rule to Negligence Claims | | | | | |
|---|---|---|---|---|---|
| **States Challenged by Home Depot (16)** | **Is Economic Loss Rule Arguably Applicable to Facts Alleged?** | **If Economic Loss Rule is Applicable, are there Relevant Exceptions that Preclude its Application?** | **Facts Alleged in the Complaint that Support Applying Exception** | **Cases Cited by Home Depot in Supports of Position** | **Home Depot's Cited Cases Distinguished** |
| | from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy.") | benefit."). Home Depot violated independent legal duties arising from The Texas Deceptive Trade Practices Consumer Protection Act, V.T.C.A., Bus. & C. §§ 17.46(a), (b)(5) and (7), *et seq.*; and the FTC Act, 15 U.S.C. § 45(a)(1). *See* Pls.' Resp. Br. at 39, 40. | | | economic losses in negligence when the loss is the subject matter of the contract between the parties." *Id.*, at *3. There was no independent duty. Here, Plaintiffs have alleged the existence of independent duties. |
| Virginia | **Yes**. *See McKesson Medical-Surgical, Inc. v. Kearney*, 271 F. Supp. 2d 827, 828 (E.D. Va. 2003) (Under economic loss rule, a party may not obtain tort damages for "purely economic losses arising out of contractual relationships."). | **Yes, the "independent duty" exception**. *See Filak v. George*, 594 S.E.2d 610, 618 (Va. 2004) (A party may not recover tort damages for "losses suffered as a result of the breach of a duty assumed only by agreement, *rather than a duty* imposed by law.") (emphasis added). Home Depot violated independent legal duties arising from Virginia's data breach notification statute, Va. Code Ann. § 18.2-186.6(B), *et seq.*; The Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-200(A)(5)(6) and (14), *et seq.*; and the FTC Act, 15 U.S.C. § 45(a)(1). *See also* Pls.' Resp. Br. at 39, 40. | *See* Compl., ¶¶ 119-253, 288-290, 297-303. | *Klar v. Fed. Nat. Mortgage Ass'n*, No. 3:13-CV-00462-JAG, 2014 WL 3101420, at *2 (E.D. Va. July 7, 2014). | *Klar* expressly recognized the independent duty exception. *See id*. at *2 ("Here, any obligations between the parties stemmed wholly from the modification agreement. The plaintiff has not shown that the defendants breached any other duty."). Here, Plaintiffs have alleged the existence of independent duties. |