# EXHIBIT 3

# DECLARATION OF GERALD W. THOMPSON

## DECLARATION OF GERALD W. THOMPSON

I, Gerald W. Thompson, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a senior vice president of Intersections Inc. d/b/a Identity Guard, which provides comprehensive identity theft protection and credit monitoring services to consumers.

2. I am aware that a settlement has been reached in the consumer track of *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, Case No. 1:14-md-02583-TWT (N.D. Ga.), the terms of which are set forth in a Settlement Agreement and Release executed by counsel for Consumer Plaintiffs and counsel for Home Depot U.S.A., Inc. and The Home Depot, Inc. ("Home Depot") on March 7, 2016 (the "Settlement Agreement").

3. I have reviewed the terms of the Settlement Agreement and confirm that Section VI of the Settlement Agreement accurately states Identity Guard's duties with respect to the settlement. Specifically, Identity Guard is willing and able to provide 18 months of Identity Guard "Essentials" monitoring services ("Identity Guard Monitoring Services") to all settlement class members who elect to enroll as part of the settlement claims process. The retail price of 18 months of the Identity Guard Monitoring Services offered under the settlement is $179.82 per person.

4. As set forth in the Settlement Agreement, if the number of settlement class members eligible to enroll in Identity Guard Monitoring Services is 40 million persons or fewer, Home Depot shall pay to Intersections Inc. six and a half million dollars ($6,500,000.00) to cover all eligible settlement class members who elect to claim this benefit. If the number of settlement class members eligible to enroll in Identity Guard Monitoring Services exceeds 40 million persons, the cost of the Identity Guard Monitoring Services shall increase at a rate of

$16,250 for every 100,000 eligible settlement class members above 40 million, to be paid by Home Depot.

5. Intersections Inc. d/b/a Identity Guard, and any related companies agree to indemnify and hold harmless Class Counsel (as that term is defined in the Settlement Agreement) from any and all claims asserted by Releasing Parties, Released Parties, and/or any other related parties (as those terms are defined in the Settlement Agreement) relating to Identity Guard's providing of monitoring services as set forth in the Settlement Agreement.

6. I acknowledge that Consumer Plaintiffs have requested the Court to designate Identity Guard as the provider of monitoring services to eligible settlement class members as set forth in the Settlement Agreement. Identity Guard agrees to submit to the jurisdiction of the Court as necessary to effectuate the terms of the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 7, 2016, in Chantilly, VA.

_____
Gerald W. Thompson