## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation | ) Case No.: 1:14-md-02583-TWT |
| This document relates to: | ) |
| CONSUMER CASES | ) |

## [PROPOSED] ORDER CERTIFYING A SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS

This matter came before the Court on Consumer Plaintiffs' Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement.

Consumer Plaintiffs filed their Consolidated Class Action Complaint (ECF No. 93) on May 1, 2015 ("Complaint"). In their Complaint, Consumer Plaintiffs allege various claims against Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. (collectively, "Home Depot") arising out of the breach of Home Depot's payment data systems that Home Depot first announced in September 2014, including claims alleging violations of state consumer laws and state data breach statutes, negligence, breach of implied contract, unjust enrichment, and declaratory judgment claims. Following briefing on Home Depot's motion to

dismiss, the Court heard oral argument on that motion, which presently is under advisement.

Plaintiffs' counsel have conducted a thorough examination, investigation, and evaluation of the relevant law, facts and allegations sufficient to assess the merits of the claims and Home Depot's liability and defenses in the Consumer Actions. Consumer Plaintiffs, by Consumer Plaintiffs' co-lead and liaison Counsel, and Home Depot, by Home Depot's Counsel, have entered into a Settlement Agreement following good faith, arm's-length negotiations and mediation overseen by Jonathan B. Marks of MarksADR, LLC, in which the Parties have agreed to settle the Consumer Actions consolidated for pre-trial purposes in this MDL proceeding, pursuant to the terms of the Settlement, and subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the Settlement which, if approved, will result in dismissal of the Consumer Actions with prejudice.

The Court having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and good cause appearing based on the record,

**IT IS HEREBY ORDERED**:

2

1.      **Class Certification for Settlement Purposes Only.** The Settlement

Agreement provides for a Settlement Class defined as follows:

> All residents of the United States whose Personal Information was compromised as a result of the Data Breach first disclosed by Home Depot in September 2014.
>
> "Personal Information" means payment card data including payment card account numbers, expiration dates, card verification values, and cardholder names from payment cards used at self-checkout lanes at U.S. Home Depot stores between April 10, 2014 and September 13, 2014, and/or e-mail addresses compromised as a result of the Data Breach.
>
> Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, the officers and directors of Home Depot, and persons who timely and validly request exclusion from the Settlement Class.

The Consumer Actions are provisionally certified as a class action for

settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3) and

(e). The Court finds for settlement purposes that: (a) the Settlement Class is so

numerous that joinder of all Settlement Class Members would be impracticable; (b)

there are issues of law and fact common to the Settlement Class; (c) the claims of

the Settlement Class Representatives are typical of and arise from the same

operative facts and seek similar relief as the claims of the Settlement Class

Members; (d) the Settlement Class Representatives and Settlement Class Counsel

will fairly and adequately protect the interests of the Settlement Class as the

Settlement Class Representatives have no interest antagonistic to or in conflict with

the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2.     **Settlement Class Representatives and Settlement Class Counsel.**

Class Members identified in Exhibit A attached to the Settlement Agreement are designated and appointed as the Settlement Class Representatives. The Court finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Settlement Class Representatives.

The Court finds that the following counsel, previously appointed by the Court as interim co-lead or liaison counsel, are experienced and adequate counsel and are hereby designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): Norman E. Siegel and Barrett J. Vahle, Stueve Siegel Hanson LLP; Roy E. Barnes and John R. Bevis, The Barnes Law Group, LLC; David J. Worley and James M. Evangelista, Harris Penn Lowry, LLP; and John A. Yanchunis, Sr., Morgan & Morgan Complex Litigation Group.

3.     **Preliminary Settlement Approval.** Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable and adequate to warrant

4

providing notice of the Settlement to the Class and accordingly is preliminarily approved.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on *Aug. 12*, 2016 at *10:00AM* in Courtroom 2108 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, Georgia 30303-3309, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) the Consumer Actions should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of Settlement Class Representatives for Service Awards (the "Service Awards Request") should be approved.

Plaintiffs' motion for final approval of the Settlement, Service Awards Request, and Fee Request shall be filed with the Court at least 21 days prior to the deadline for submission of objections specified in the Notice. By no later than 14 days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Service Awards Request and Fee Request.

6.      **Administration.** The Court appoints KCC Class Action Services, LLC as the Settlement Administrator, with responsibility for class notice and claims administration. Home Depot shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Settlement Administrator's fees. These payments shall be made separate and apart from the Settlement Fund, subject to the Distribution of Remaining Funds provisions set forth in Paragraph 36 of the Settlement Agreement.

7.      **Notice to the Class.** The proposed Notice Program set forth in the Settlement Agreement, and the Notice, Publication Notice, Claim Form, and Notice Plan attached to the Settlement Agreement as Exhibits C, D, E, and G satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the

6

Notice Program in conformance with the Settlement Agreement, including but not limited to sections VIII and IX thereof.

By May 2, 2016 (the "Notice Deadline"), the Settlement Administrator shall complete in the manner set forth in section IX of the Settlement Agreement the E-Mail and Mail Notice Program, Publication Notice, and posting of Notice on the Settlement Website.

Within 7 days after the Notice Deadline, the Settlement Administrator shall provide Settlement Class Counsel and Home Depot with one or more affidavits confirming that the E-mail Notice and Mail Notice Program, Publication Notice, and posting of Notice on the Settlement Website were completed in accordance with the Parties' instructions and the Court's approval. Settlement Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with Settlement Class Representatives' motion for final approval of the Settlement.

8.     **Findings Concerning Notice.** The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude

7

themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

9. **Appointment for Identity Guard Monitoring Services**. The Court appoints Identity Guard, a subsidiary of Intersections, Inc., as the provider of monitoring services to eligible Settlement Class Members as set forth in the Settlement Agreement. The Court directs that Identity Guard effectuate the Settlement Agreement in coordination with Settlement Class Counsel, Home Depot, and the Settlement Administrator, subject to the jurisdiction and oversight of this Court.

10. **Class Action Fairness Act Notice.** Within 10 days after the filing of the motion for preliminary approval, Home Depot shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

11.    **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than July 18, 2016 (the "Opt-Out Deadline"). The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Consumer Action; and the individual's signature.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the

9

claims and transactions released in the Settlement Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

12. **Objections and Appearances.** A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Awards Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Home Depot's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the Court, the objection must also set forth:

(a) the name of the Consumer Action;

(b) the objector's full name, address, email address, and telephone number;

(c) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(d) all grounds for the objection, accompanied by any legal support for the objection;

(e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the Service Awards Request, or the Fee Request;

(f) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(g) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(h) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

(i) any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

11

(j) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

(k) any evidence or other information the objector wishes to introduce in support of the objection;

(l) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

(m) the objector's signature on the written objection (an attorney's signature is not sufficient).

Any Settlement Class Member filing an objection may be required to sit for a deposition regarding matters concerning the objection. Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the Release in the Settlement Agreement if Final Judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Awards Request, or the Fee Request.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in the Consumer Actions or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Awards Request, or the Fee Request.

13.     **Claims Process and Distribution and Allocation Plan.** Settlement Class Representatives and Home Depot have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the Distribution and Allocation Plan substantially in the form attached to the Settlement Agreement as Exhibit B, and directs that the Settlement Administrator effectuate the Distribution and Allocation Plan according to the terms of the Settlement Agreement.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving any such benefit, but will

in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Agreement, and the Final Judgment.

14.     **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with section XIII of the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

15.     **Use of Order.** This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Home Depot of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

14

16.     **Stay of Proceedings.** Except as necessary to effectuate this Order, the Consumer Actions and all deadlines set by the Court in the Consumer Actions are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

17.     **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

18.     **Summary of Deadlines.** The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline**: May 2, 2016

**Motion for Final Approval**: June 27, 2016

**Motion for Service Awards, Attorneys' Fees and Costs**: June 27, 2016

**Opt-Out and Objection Deadlines**: July 18, 2016

**Replies in Support of Final Approval, Service Awards and Fee Requests**: [14 days before Final Approval Hearing]

**Final Approval Hearing**: [Friday August 12, 2016 or later date]

15

**Claims Deadline**: October 29, 2016

IT IS SO ORDERED this ___ day of _March_, 2016.

The Honorable Thomas W. Thrash, Jr.
United States District Court Judge