# Exhibit 2
## (Declaration of Kenneth Jue)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| _____ ) | |
| In re: The Home Depot, Inc., Customer ) | Case No.: 1:14-md-02583-TWT |
| Data Security Breach Litigation ) | |
| ) | CONSUMER CASES |
| _____ ) | |

## DECLARATION OF KENNETH JUE ON BEHALF OF SETTLEMENT ADMINISTRATOR REGARDING NOTICE

I, Kenneth Jue, declare:

1.      I am employed as a senior project manager by Kurtzman Carson Consultants ("KCC"), a nationally-recognized notice and claims administration firm located at 3301 Kerner Blvd., San Rafael, California. KCC was retained as the Settlement Administrator in this case, and as the senior project manager, I oversaw the administrative services provided. I submit this declaration regarding the _In re: The Home Depot, Inc., Customer Data Security Breach Litigation_ Notice Program.

2.      Home Depot caused two tables of email addresses and one credit card table of Settlement Class Members to be transmitted to KCC. KCC reviewed, combined, and scrubbed the data files. After removal of invalid email addresses and duplicate email addresses, KCC created an email blast table comprising of 61,037,158 distinct email addresses for the purpose of providing E-Mail Notice.

3. On April 21, 2016, KCC posted the Notice to the Settlement Website located at www.HomeDepotBreachSettlement.com. A true and correct copy of the Notice is attached as Exhibit A.

4. On April 21, 2016, KCC commenced the transmittal of the E-Mail Notice to 61,037,158 Settlement Class Members' email addresses. The initial E-Mail Notices were sent on a rolling basis and was completed on May 2, 2016. A true and correct copy of the E-Mail Notice is attached as Exhibit B.

5. On April 22, 2016, KCC began a targeted Internet notice campaign targeted to adults aged 18 and older who are also credit card holders. The targeted Internet notice campaign ran through May 20, 2016. In total, there were 10,051,628 impressions. Screenshots of the Internet notice campaign are attached as Exhibit C.

6. Lastly, KCC caused the Publication Notice to be published in the May 9, 2016 issue of People magazine, which went on sale on April 29, 2016. A true and correct copy of the Publication Notice is attached as Exhibit D.

7. Combining the direct E-Mail Notice and the targeted Internet notice campaign, KCC has calculated that Notice reached approximately 75.4% of the Class.

8.      From April 21 through the present, KCC has accepted claims through the website www.HomeDepotBreachSettlement.com, and through U.S. Mail. KCC maintains a dedicated telephone call center and a website to assist potential class members with the claims process. As of the date of this declaration, over 54,818 claims have been submitted and 29 class members have opted out of the Settlement. The claims process will remain open and active through October 29, 2016.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this 23rd day of June, 2016, at San Rafael, California.


_Kenneth Jue_
Kenneth Jue

# Exhibit A to
# Jue Declaration

UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA

# If You Used a Credit or Debit Card at a Self-Checkout Lane at a U. S. Home Depot Store Between April 10, 2014 and September 13, 2014 or Received Notice From Home Depot That Your Information Was Compromised, You May Be Eligible for Benefits from a Data Breach Class Action Settlement

For more information, visit www.HomeDepotBreachSettlement.com
or call 1-844-204-4489.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been proposed in lawsuits against The Home Depot, Inc. and Home Depot U.S.A., Inc. ("Home Depot") relating to Home Depot customers whose credit or debit card information or email information was stolen as a result of a data breach that was first disclosed in September 2014 ("Home Depot Data Breach").

- <u>Cash Fund</u>: A $13 million Settlement Fund will provide payments to consumers who have documented losses caused by the Home Depot Data Breach. If you are included in the Settlement Class, you may be entitled to receive reimbursement of your documented losses relating to the Home Depot Data Breach, as well as time spent remedying issues relating to the data breach, up to $10,000.

- <u>Monitoring Services</u>: Regardless of whether you submit a claim for documented losses, if you used a credit or debit card at a self-checkout lane at a U.S. Home Depot store between April 10, 2014 and September 13, 2014 and your payment card information was compromised, you are eligible to enroll in 18 months of free Identity Guard® Essentials identity monitoring services. You may make claim for <u>both</u> reimbursement under the Cash Fund and for Monitoring Services.

Your legal rights are affected whether or not you respond. ***Read this notice carefully.***

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| FILE A CLAIM | The only way to get benefits under this settlement. |
| ASK TO BE EXCLUDED | Get no benefits. This is the only option that may allow you to sue Home Depot over the claims being resolved by this settlement. |
| OBJECT | Write to the Court about why you don't think the settlement is fair, reasonable, or adequate. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |
| IF YOU DO NOTHING | Get no benefits. Give up your rights to sue Home Depot about the legal claims in this case. |

- **Your rights and options—and the deadlines to exercise them—are explained in this notice**.
- The Court still must decide whether to approve the Settlement. No payments will be made until after the Court grants final approval of the Settlement and all appeals, if any, are resolved.

## BASIC INFORMATION

**1. Why is there a notice?**

A Court authorized this notice because you have a right to know about a proposed settlement in several lawsuits against Home Depot, and all of your options, before the Court decides whether to give final approval to the settlement. This notice explains the nature of the lawsuits, the general terms of the settlement, and your legal rights and options.

The lawsuits were brought on behalf of consumers whose credit/debit card information or personal information was stolen as a result of the Home Depot Breach. Judge Thomas W. Thrash of the U.S. District Court for the Northern District of Georgia is overseeing this litigation. The litigation is known as *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, Case No. 1:14-md-02583-TWT. The consumers who sued are called the "Plaintiffs." Home Depot is the "Defendant."

**2. What is this lawsuit about?**

In September 2014, Home Depot announced that it had been the victim of a data breach by third-party intruders who stole payment card data from consumers who made purchases using a self-checkout terminal at a U.S. Home Depot store between April 10, 2014 and September 13, 2014. The intruders also stole a separate email file which contained the email addresses of certain Home Depot customers. Plaintiffs claim that Home Depot did not adequately protect its payment card data and personal information and that Home Depot delayed in providing notice of the data breach. Home Depot denies any wrongdoing, and no court or other judicial entity has made any judgment or other determination of any wrongdoing.

**3. Why is this a class action?**

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims. All of these people together are the "class" or "class members." One court resolves the issues for all class members, except for those who exclude themselves from the settlement class.

**4. Why is there a settlement?**

The Court has not decided in favor of Plaintiffs or Home Depot. Instead, both sides agreed to a settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to members of the settlement class ("Settlement Class Members"). The "Settlement Class Representatives" appointed to represent the class, and the attorneys for the Settlement Class ("Settlement Class Counsel," *see* Question 17) think the settlement is best for all Settlement Class Members.

## WHO IS PART OF THE SETTLEMENT?

**5. How do I know if I am part of the settlement?**

You are a member of the Settlement Class and affected by the settlement if your personal information was stolen as a result of the Home Depot Data Breach.

You are a member of the Settlement Class if:

- You used your credit or debit card at a self-checkout lane at a U.S. Home Depot store between April 10, 2014 and September 13, 2014 and your payment card information was compromised;
- You received notification that your e-mail address was compromised; or
- You received a settlement notice by email stating that you are a Class Member.

Excluded from the settlement are:

- Officers and directors of Home Depot;
- The presiding judge and any judicial staff involved in the lawsuit; and
- Any Class Member who opts out (*see* Question 14).

**If you are not sure whether you are included in the Settlement Class, call 1-844-204-4489.**

## THE SETTLEMENT BENEFITS

**6. What does the settlement provide?**

Home Depot will pay $13 million into a Settlement Fund to make payments to eligible Settlement Class Members and service payments to the Settlement Class Representatives (*see* Question 18). Home Depot has also agreed to pay attorneys' fees, costs, and expenses (*see* Question 18) and the costs of notifying the class and administering the settlement.

In addition, Home Depot will pay to provide for 18 months of Identity Guard® Essentials monitoring services for all Settlement Class Members who used a payment card at self-checkout lanes at U.S. Home Depot stores between April 10, 2014 and September 13, 2014 and had their payment card information compromised, who elect to enroll in the service.

Home Depot has also agreed to maintain and implement certain business practices relating to its information security program, including naming a high-level executive to coordinate the program, conducting regular data risk assessments, implementing reasonable safeguards to address issues raised in risk assessments, maintaining and making available to its customers clear written disclosures explaining that Home Depot stores certain customer

information and describing how the company uses that information, implementing an employee education program to educate and train its workforce on the importance of the privacy and security of customer information, and adopting enhanced encryption and security measures for all credit and debit card transactions. A more detailed description of these changes is available in the Settlement Agreement which is available at www.HomeDepotBreachSettlement.com.

## 7.   What can I get from the settlement?

Cash Payments for Documented Losses and Time: If you have documentation showing that you suffered out-of-pocket losses, unreimbursed charges, or time spent remedying issues relating to the Home Depot data breach, you can make a claim for up to $10,000 as reimbursement of those losses, including up to 5 hours of documented time at $15 per hour. If you have documented out-of-pocket losses or unreimbursed charges, you will be eligible to self-certify your time spent remedying issues relating to the Home Depot data breach at $15 per hour for up to 2 hours.

Monitoring Services: Regardless of whether you submit a claim for documented losses, if you are a Settlement Class Member who used a credit or debit card at a self-checkout terminal at a U.S. Home Depot store between April 10, 2014 and September 13, 2014 and your payment card information was compromised, you are eligible to enroll in 18 months of free Identity Guard® Essentials identity monitoring services.

You may make claim for both reimbursement under the Cash Fund and for Monitoring Services.

**If you have questions about whether you are eligible to submit a claim, please contact the Settlement Administrator at 1-800-844-204-4489 or visit www.HomeDepotBreachSettlement.com.**

## 8.   What do "out-of-pocket losses" "unreimbursed charges" and "documented time" include?

All Settlement Class Members who had their personal or financial information compromised can get reimbursed for losses caused by the data breach of up to $10,000. These losses may include:

- Unauthorized charges on credit or debit card that were not reimbursed;

- Costs and expenses spent addressing identity theft or fraud as a result of Home Depot data breach;

- Losses caused by restricted access to funds (*i.e.*, costs of taking out a loan, ATM withdrawal fees);

- Preventative costs including purchasing credit monitoring, placing security freezes on credit reports, or requesting copies of credit reports for review;

- Losses caused by e-mail related fraud such as phishing scams;

- Late fees, declined payment fees, overdraft fees, returned check fees, customer service fees, and/or card cancellation or replacement fees as a result of Home Depot data breach; and

- Any other losses that can be fairly traced to the Home Depot Data Breach.

If you have documents supporting the time spent remedying issues relating to the Home Depot data breach, you can receive $15 per hour for up to 5 hours. Documents reflecting time spent may include, for example, phone bills reflecting time spent on the phone with your bank. Settlement Class Members who have documented losses can self-certify their time spent remedying issues relating to the Home Depot data breach at $15 per hour for up to 2 hours. Class members without documented losses cannot self-certify claims for time.

## 9.   What benefits does Identity Guard® Essentials provide?

The Identity Guard® Essentials service is designed to help recover any financial losses and restore identities. Settlement Class Members will have access to a specific hotline maintained by Identity Guard where you can speak to specialized fraud investigators, who will provide any appropriate remediation services at no cost, including contacting creditors and other involved parties to address and resolve issues such as unauthorized credit card charges and bank fees.

This service also includes: (a) Social Security number monitoring; (b) online "black market" monitoring; (c) financial account identity verification alerts; (d) financial account takeover alerts; (e) identity theft victim assistance; (f) lost wallet protection; (g) online username and password protection; and (f) one million dollars ($1,000,000.00) in identity theft insurance.

More information about Identity Guard® Essentials services is available at https://www.identityguard.com/service-details-essentials.

**10. How do I enroll in Identity Guard® Essentials for free?**

If you submit a valid Claim Form and are eligible to enroll in Identity Guard® Essentials services, you will receive enrollment instructions by email shortly after final approval of the Settlement.

**HOW TO GET BENEFITS**

**11. How do I get a payment?**

To get a payment, you will need to submit a Claim Form on the Settlement Website (www.HomeDepotBreachSettlement.com) by **October 29, 2016** or submit a Claim Form by mail, which must be postmarked by **October 29, 2016**. The Claim Form is available at www.HomeDepotBreachSettlement.com or by calling 1-844-204-4489.

**12. When will I receive my payment?**

If you submit a complete, accurate, valid, and timely Claim Form, the Settlement Administrator will send your payment to you after the settlement is finally approved and all appeals and other reviews have been resolved or exhausted.

**13. What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the settlement, you will give up your right to sue Home Depot or be part of any other lawsuit against Home Depot about the issues this settlement resolves. Unless you exclude yourself, all of the Court's decisions will bind you. The specific claims you are giving up against Home Depot are called "Released Claims". The Released Claims are described in Section XI of the Settlement Agreement which is available at www.HomeDepotBreachSettlement.com. The Settlement Agreement describes the Released Claims with specific and accurate legal descriptions, so read it carefully.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you want to keep the right to sue or continue to sue Home Depot based on claims this settlement resolves, you must take steps to get out of the Settlement Class.

**14. How do I exclude myself from the settlement?**

To exclude yourself from the settlement, you must send a letter by U.S. Mail saying that you wish to do so. Your "Request for Exclusion" must include:

- The name of this proceeding (*In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, or similar identifying words);
- Your name and address;
- The words "Request for Exclusion" at the top of the document or a statement requesting exclusion from the Class; and
- Your signature.

You must mail your exclusion request, postmarked no later than **July 18, 2016**, to:

Home Depot Breach Settlement
P.O. Box 6002
Larkspur, CA 94977-6002

You cannot exclude yourself by telephone or by email. You cannot exclude yourself by mailing a notification to any other location or after the deadline of July 18, 2016. Your exclusion letter must be signed by you, personally, and not your lawyer or anyone else acting on your behalf.

**15. If I do not exclude myself, can I sue Home Depot for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue Home Depot for the claims that this settlement resolves.

**16. If I exclude myself, can I still get a settlement payment and free credit monitoring?**

No. If you exclude yourself, you cannot receive a cash payment or credit monitoring from this settlement.

<strong>THE LAWYERS REPRESENTING YOU</strong>

### 17. Do I have a lawyer in the case?

Yes. The Court appointed the following attorneys to represent you and other Settlement Class Members as "Settlement Class Counsel."

| | |
|---|---|
| Norman E. Siegel | David J. Worley |
| Barrett J. Vahle | James M. Evangelista |
| **STUEVE SIEGEL HANSON LLP** | **HARRIS PENN LOWRY, LLP** |
| 460 Nichols Road, Suite 200 | 400 Colony Square |
| Kansas City, MO 64112 | 1201 Peachtree Street, NE, Suite 900 |
| | Atlanta, GA 30361 |
| | |
| Roy E. Barnes | John A. Yanchunis, Sr. |
| John R. Bevis | **MORGAN & MORGAN** |
| **THE BARNES LAW GROUP, LLC** | **COMPLEX LITIGATION GROUP** |
| 31 Atlanta Street | 201 N Franklin Street |
| Marietta, GA 30060 | Tampa, FL 33602 |

You will not be charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will the lawyers be paid?

Settlement Class Counsel will ask the Court for attorneys' fees of up to $8,475,000.00, and reimbursement of reasonable costs and expenses. The Court will decide the amount of fees and costs and expenses to be paid. These fees and costs will be paid separately by Home Depot and will not reduce the amount of benefits provided to the Settlement Class. Settlement Class Counsel will also ask the Court for service payments of up to $1,000 for each of the 88 Settlement Class Representatives for helping the lawyers on behalf of the Settlement Class. These service payments will be paid out of the Settlement Fund. The Settlement Class Representatives and Settlement Class Counsel will make their requests to the Court for attorneys' fees and costs and service payments on or before June 27, 2016. These requests will be available on the Settlement Website or you can request a copy by contacting the Settlement Administrator.

<strong>OBJECTING TO THE SETTLEMENT</strong>

### 19. How do I tell the Court that I don't like the settlement?

If you are a Settlement Class Member, you can object to the settlement if you don't think it is fair, reasonable, or adequate. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must send a letter stating that you object to the settlement. Your objection must include:

- The name of this proceeding (*In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, or similar identifying words);
- Your full name, address, email address, and telephone number;
- Information illustrating that you are a Settlement Class Member;
- The reasons for the objection, as well as any documents supporting the objection;
- The identity your attorneys, if applicable, including any former or current counsel who may be entitled to compensation for any reason related to the objection;
- A description of the number of times in which you or your lawyer has objected to a class action settlement within the previous five years, the caption of each case, and a copy of any court orders related to or ruling upon you or your lawyer's prior objections;
- Any and all agreements, written or verbal, between you or your lawyer and any other person or entity that relate to the objection or the process of objecting;
- A list of any persons you or your lawyer plan to call to testify at the Final Approval Hearing in support of your objection;
- Any evidence or other information you wish to introduce in support of your objections;
- A statement of whether you or your lawyer intends to appear and/or testify at the Final Approval Hearing; and
- Your signature on the written objection (an attorney's signature is not sufficient).

To be considered by the Court, your objection must be mailed, postmarked no later than July 18, 2016, to the following three recipients at the following addresses:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| U.S. District Court for the Northern District of Georgia<br>Richard B. Russell Federal Building and United States Courthouse<br>75 Ted Turner Dr., SW,<br>Atlanta, GA 30303-3309 | Norman E. Siegel<br>Barrett J. Vahle<br>STUEVE SIEGEL HANSON LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br><br>Roy E. Barnes<br>John R. Bevis<br>THE BARNES LAW GROUP, LLC<br>31 Atlanta Street<br>Marietta, GA 30060 | Phyllis B. Sumner<br>S. Stewart Haskins<br>KING & SPALDING LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309 |

**20. What's the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object to the benefits provided by the settlement or other terms of the settlement only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be included in the settlement. If you exclude yourself, you have no basis to object to the settlement and related releases because the settlement no longer affects you.

## FINAL APPROVAL HEARING

**21. When and where will the Court decide to approve the settlement?**

The Court will hold a Final Approval Hearing at 10:00 a.m. on August 12, 2016, in the Courtroom of Judge Thomas W. Thrash at the U.S. District Court for the Northern District of Georgia, located in Courtroom 2108 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, Georgia 30303-3309. This hearing date and time may be moved. Please refer to the Settlement Website for notice of any changes.

At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who appear at the hearing (*see* Question 22). The Court may also decide how much Settlement Class Counsel will receive as attorneys' fees and costs and whether to award service payments to Settlement Class Representatives. After the Final Approval Hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**22. Do I have to come to the hearing?**

No. Settlement Class Counsel will answer questions the Court may have. However, you are welcome to come at your own expense. If you submit a written objection, you don't have to come to Court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## IF I DO NOTHING

**23. What happens if I do nothing?**

If you are a Settlement Class Member and do nothing, you will not get any benefits from this settlement. And, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against Home Depot about the claims resolved by this settlement, ever again.

## GETTING MORE INFORMATION

**24. How do I get more information?**

This notice summarizes the settlement. More details are in the Settlement Agreement itself. You can get a copy of the Settlement Agreement at www.HomeDepotBreachSettlement.com or from the Settlement Administrator by calling toll-free 1-844-204-4489 or writing to Settlement Administrator at Home Depot Breach Settlement, c/o KCC, P.O. Box 30212, College Station, TX 77842-3212. The status of the settlement, any appeals, any claims made, and the date of payments will be posted on the Settlement Website.

***Please do not contact the Court with questions about the settlement.***

Questions? Go to www.HomeDepotBreachSettlement.com or call 1-844-204-4489

6

# Exhibit B to
# Jue Declaration

<u>LEGAL NOTICE</u>

**If You Used a Credit or Debit Card at a Self-Checkout Lane at a U.S. Home Depot Store Between April 10, 2014 and September 13, 2014 or Received Notice From Home Depot That Your Information Was Compromised, You May Be Eligible for Benefits from a Data Breach Class Action Settlement.**

A settlement has been proposed in lawsuits against The Home Depot, Inc. ("Home Depot") relating to Home Depot customers whose credit or debit card information or e-mail information was stolen as a result of a data breach that was first disclosed in September 2014 ("Home Depot Data Breach").

### Who is included in the Settlement?

You are a member of the Settlement Class if: (1) you used your credit or debit card at a self-checkout terminal at a U.S. Home Depot store between April 10, 2014 and September 13, 2014 and your payment card information was compromised; or (2) you received notification that your e-mail address was compromised; or (3) you received an e-mail notice stating that you are a Class Member. **If you are not sure whether you are included in the Settlement Class, call 1-844-204-4489.**

### What does the Settlement provide?

**Cash Fund:** A $13 million Settlement Fund will provide payments to consumers who have documented losses caused by the Home Depot Data Breach. If you are included in the Settlement Class, you may be entitled to receive reimbursement of your documented losses relating to the Home Depot Data Breach, as well as time spent remedying issues relating to the data breach, up to $10,000.

**Monitoring Services:** Regardless of whether you submit a claim for documented losses or time, if you used a credit or debit card at a self-checkout lane at a U.S. Home Depot store between April 10, 2014 and September 13, 2014 and your payment card information was compromised, you are eligible to enroll in 18 months of free Identity Guard® Essentials identity monitoring services. You may make claims for **both** reimbursement under the Cash Fund and for Monitoring Services.

### How can I get a payment?

Submit a Claim Form online or by mail by **October 29, 2016**.

### What are my rights?

Unless you exclude yourself, you will be bound by the Court's decisions and you will give up your right to sue Home Depot for the legal claims resolved by this Settlement. If you want to keep your right to sue Home Depot for the legal claims resolved by this Settlement, you must exclude yourself by **July 18, 2016**. If you stay in the Settlement, you may object to it by **July 18, 2016**. The U.S. District Court for the Northern District of Georgia will hold a hearing in this case (*In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md02583-TWT) on **August 12, 2016** to consider whether to approve the Settlement, a request for attorneys' fees of up to $8,475,000 to be paid by Home Depot separate from and in addition to the Cash Fund, reimbursement of reasonable costs and expenses, and service awards of up to $1,000 each for the Settlement Class Representatives. If you have not excluded yourself from the Settlement, you or your own lawyer may appear and speak at the hearing at your own expense.

**For More Information:**
**1-844-204-4489**
**www.HomeDepotBreachSettlement.com**

# Exhibit C to
# Jue Declaration

Home Depot : 300x250
Site : Diynetwork.com



If You Used a Credit/Debit Card at a Self-Checkout Lane at Home Depot Between April 10, 2014 and September 13, 2014, You May Be Eligible for Benefits from a Data Breach Class Action Settlement.

Learn More

Home Depot : 728x90
Site : Marthastewart.com



Home Depot : 728x90
Site : Doityourself.com



Home Depot : 300x250
Site : Everydayfamily.com



ADVERTISEMENT

If You Used a Credit/Debit
Card at a Self-Checkout
Lane at Home Depot
Between April 10, 2014 and
September 13, 2014,
You May Be Eligible for
Benefits from a Data Breach
Class Action Settlement.

Learn More

www.HomeDepotBreachSettlement.com

Home Depot : 160x600
Site : Goodhousekeeping.com





HOME IDEAS  🕐 APR 18, 2016  ⊕ SHARE

## The 'Smarttress' Will Tell You When Someone Is Cheating on You

It'll even include detailed graphics.  By David Grossman

If You Used a Credit/Debit Card at a Self-Checkout Lane at Home Depot Between April 10, 2014 and September 13, 2014, You May Be Eligible for Benefits from a Data Breach Class Action Settlement.

**Learn More**

CRAFTS & DIY PROJECTS  🕐 APR 18, 2016  ⊕ SHARE

## 11 Clever Cures for a Plain Glass Vase

Flowers don't have to be the only statement-makers in your spring arrangement.



KIDS!



# Exhibit D to
# Jue Declaration

# If You Used a Credit or Debit Card at a Self-Checkout Lane at a U.S. Home Depot Store Between April 10, 2014 and September 13, 2014 or Received Notice From Home Depot That Your Information Was Compromised, You May Be Eligible for Benefits from a Data Breach Class Action Settlement.

A settlement has been proposed in lawsuits against The Home Depot, Inc. ("Home Depot") relating to Home Depot customers whose credit or debit card information or e-mail information was stolen as a result of a data breach that was first disclosed in September 2014 ("Home Depot Data Breach").

### Who is included in the Settlement?

You are a member of the Settlement Class if: (1) you used your credit or debit card at a self-checkout terminal at a U.S. Home Depot store between April 10, 2014 and September 13, 2014 and your payment card information was compromised; or (2) you received notification that your e-mail address was compromised; or (3) you received an e-mail notice stating that you are a Class Member. **If you are not sure whether you are included in the Settlement Class, call 1-844-204-4489.**

### What does the Settlement provide?

**Cash Fund:** A $13 million Settlement Fund will provide payments to consumers who have documented losses caused by the Home Depot Data Breach. If you are included in the Settlement Class, you may be entitled to receive reimbursement of your documented losses relating to the Home Depot Data Breach, as well as time spent remedying issues relating to the data breach, up to $10,000.

**Monitoring Services:** Regardless of whether you submit a claim for documented losses or time, if you used a credit or debit card at a self-checkout lane at a U.S. Home Depot store between April 10, 2014 and September 13, 2014 and your payment card information was compromised, you are eligible to enroll in 18 months of free Identity Guard® Essentials identity monitoring services.

You may make claims for **both** reimbursement under the Cash Fund and for Monitoring Services.

### How can I get a payment?

Submit a Claim Form online or by mail by **October 29, 2016**.

### What are my rights?

Unless you exclude yourself, you will be bound by the Court's decisions and you will give up your right to sue Home Depot for the legal claims resolved by this Settlement. If you want to keep your right to sue Home Depot for the legal claims resolved by this Settlement, you must exclude yourself by **July 18, 2016**. If you stay in the Settlement, you may object to it by **July 18, 2016**. The U.S. District Court for the Northern District of Georgia will hold a hearing in this case (*In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583-TWT) on **August 12, 2016** to consider whether to approve the Settlement, a request for attorneys' fees of up to $8,475,000 to be paid by Home Depot separate from and in addition to the Cash Fund, reimbursement of reasonable costs and expenses, and service awards of up to $1,000 each for the Settlement Class Representatives. If you have not excluded yourself from the Settlement, you or your own lawyer may appear and speak at the hearing at your own expense.

### For More Information:
### 1-844-204-4489
**www.HomeDepotBreachSettlement.com**