
RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 21 2016

JAMES N. HATTEN, Clerk
*signature* Deputy Clerk

Maureen Connors
6625 Pearl Road
Parma Hts., Ohio 44129
216 640 9860

July 18, 2016

U.S. District Court for the Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Dr., SW,
Atlanta, GA 30303-3309

Re:  In re: The Home Depot, Inc., Customer Data Security Breach Litigation
     Case No. 1:14-md-02583-TWT.

Your Honor:

I am a class member, and attached is the notice I received via email. I object to the proposed settlement for the reasons outlined below. I am not represented by counsel. I am an attorney. I have objected before in a case Stroud v. eMachines, Inc., in Oklahoma in 2013. I do not recall the specifics of the case, but I brought benefit to the class as a whole and fees were awarded by the court.

I do not intend to appear at the fairness hearing.

The Court should not approve this settlement for the following reasons:

1. **The Settlement Fund is Illusory, as the bulk of the funds will revert back to the Defendant.** Paragraphs 30 and 36 of the Settlement Agreement make it certain that the Defendant in this case will get its money back. It is unlikely that the Fund will be exhausted. The only payment of the awards in this case is to the named class members in the amount of approximately $88,000. The parties claim that this is nothing more than a "credit" but that is only clever language to disguise the reverter in this case.

   Class Members must to provide documented losses in order to obtain an inadequate payout that might amount to $15.00 per hour, up to 5 hours, or up to $10,000 "as reimbursement for those losses." The majority of the class members have not sustained any real damages that would justify an award of up to $10,000. This Court should refrain from entertaining any award of attorney's fees until it is determined the exact amount Defendant pays out to class members, including the "credit" or reverter. Courts routinely reject settlements with a reverter, or at minimum increase scrutiny and analysis because of the Defendant's financial interest in not paying out funds to the class members.

2. <u>No Attorneys' Fees Award should be based upon the alleged injunctive relief offered by Defendant, as it is nothing more than a restatement of its legal obligations and a means to insulate it from future litigation.</u> Paragraph 31 of the Settlement Agreement gives the impression that it agrees "to adopt and implement at least the following data security measures . . ." for a 2 year period. The parties claim that there will be a "Dynamic Security Program" and "Enhanced Security Measures", among other eye catching titles. However, the injunctive relief is nothing more than a descriptive list of topics that the Defendant intends to utilize to keep from being the defendant in a future lawsuit for another data breach. These are items that the Defendant ought to be engaged in anyway as a means of good business practices. The "injunctive relief" is nothing more than a restatement of the Defendant's agreement to follow existing law by implementing procedures to reduce such breach of the law in the future.

3. <u>Identity Guard Monitoring Services is not a benefit for Class Members, but an advertising gimmick, or service that class members will ultimately be responsible for paying to receive.</u> Paragraph 37 through 39 describe the "benefit" from Identity Guard Monitoring Services", which provides such superfluous relief as "lost wallet protection" and "online username and password protection". The actual value of this "benefit" is specious, at best and expires 18 months after class members enroll. The Settlement Agreement is silent as to what happens after that 18 month period, but it sounds like the class members will then either get a bill for continued protection or "benefit". It also appears that this "benefit" is controlled or provided by "Intersections Inc.," a company that appears to perform debt collections and works with merchants to recover money owed by consumers. This appears on its fact improper. See www.bbb.org/washington-dc-eastern-pa/business-reviews/credit reporting agencies/intersections-inc-in chantilly-va-6282. At minimum, this Court should require that the parties demonstrate that Intersections, Inc., is not taking advantage of this situation and using the information it receives in order to facilitate collections actions against Class Members. The Court should also require that the parties provide Class Members with a warning that participating in the Identity Guard Monitoring Services may place their personal information at risk with a corporation that collects debts.

4. <u>Payment of incentive awards to named class representatives in the amount of up to $1,000 per class representative places the class members and the the representatives in a conflict of interest, since the maximum that class members can recover is only 5 hours of documented time at $15 per hour.</u> The parties claim that the class members can recover up to $10,000 as reimbursement for losses if they have documentation. But the class representatives are receiving $1,000 each for doing nothing. Moreover, there is such a disparity between what the class members each receive and the named class representatives, that it gives the impression that the named class representatives are being "bought off". This Court should investigate whether or not a conflict exists, and determine whether or not the named class representatives gave up this lawsuit for $1,000, knowing the members they represent receive at best, pennies on the dollar.

5. <u>Class Counsel should not receive $8,475,000 in payment for attorneys fees.</u> As discussed above, the settlement does not provide any real benefit to the class members. Instead, it gives class members the opportunity to place their personal information with a 3rd party vendor that also engages in collection of debts for credit card companies and other companies. The bulk of the benefits- $85,000 is paid to the named class representatives. But the class members only get a fractional share or chance at maybe $15.00 of their time per hour up to 5 hours, if they provide supporting documentation. The same is true for reimbursement of expenses of up to $10,000. Class Counsels' fees should be related to the <u>actual benefit</u> conferred upon the class; not upon declarations or projections of value. This Court should reduce the attorneys' fees to mirror the actual value to the class and benefit they derive.

Thank you for your consideration.

Maureen Connors

cc:
Norman E. Siegel
Barrett J. Vahle
Stueve Siegel Hanson LLP
460 Nichols Road, Ste 200
Kansas City, MO 64112

Roy E. Barnes
John R. Bevis
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060

Phyllis B. Sumner
S. Stewart Haskins
King & Spalding, LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Settlement Administrator <Administrators@qgemail.com>
To
maureenconnors@sbcglobal.net
Apr 27 at 4:20 PM

<u>LEGAL NOTICE</u>

# If You Used a Credit or Debit Card at a Self-Checkout Lane at a U.S. Home Depot Store Between April 10, 2014 and September 13, 2014 or Received Notice From Home Depot That Your Information Was Compromised, You May Be Eligible for Benefits from a Data Breach Class Action Settlement.

A settlement has been proposed in lawsuits against The Home Depot, Inc. ("Home Depot") relating to Home Depot customers whose credit or debit card information or e-mail information was stolen as a result of a data breach that was first disclosed in September 2014 ("Home Depot Data Breach").

### Who is included in the Settlement?
You are a member of the Settlement Class if: (1) you used your credit or debit card at a self-checkout terminal at a U.S. Home Depot store between April 10, 2014 and September 13, 2014 and your payment card information was compromised; or (2) you received notification that your e-mail address was compromised; or (3) you received an e-mail notice stating that you are a Class Member. **If you are not sure whether you are included in the Settlement Class, call 1-844-204-4489.**

### What does the Settlement provide?
**Cash Fund:** A $13 million Settlement Fund will provide payments to consumers who have documented losses caused by the Home Depot Data Breach. If you are included in the Settlement Class, you may be entitled to receive reimbursement of your documented losses relating to the Home Depot Data Breach, as well as time spent remedying issues relating to the data breach, up to $10,000.

**Monitoring Services:** Regardless of whether you submit a claim for documented losses or time, if you used a credit or debit card at a self-checkout lane at a U.S. Home Depot store between April 10, 2014 and September 13, 2014 and your payment card information was compromised, you are eligible to enroll in 18 months of free Identity Guard® Essentials identity monitoring services. You may make claims for **both** reimbursement under the Cash Fund and for Monitoring Services.

### How can I get a payment?
Submit a Claim Form online or by mail by **October 29, 2016**.

### What are my rights?
Unless you exclude yourself, you will be bound by the Court's decisions and you will give up your right to sue Home Depot for the legal claims resolved by this Settlement. If you want to keep your right to sue Home Depot for the legal claims resolved by this Settlement, you must exclude yourself by **July 18, 2016**. If you stay in the Settlement, you may object to it by **July 18, 2016**. The U.S. District Court for the Northern District of

Georgia will hold a hearing in this case (*In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md02583-TWT) on **August 12, 2016** to consider whether to approve the Settlement, a request for attorneys' fees of up to $8,475,000 to be paid by Home Depot separate from and in addition to the Cash Fund, reimbursement of reasonable costs and expenses, and service awards of up to $1,000 each for the Settlement Class Representatives. If you have not excluded yourself from the Settlement, you or your own lawyer may appear and speak at the hearing at your own expense.

**For More Information:**
**1-844-204-4489**

**www.HomeDepotBreachSettlement.com**

Reply Reply to All Forward More

US District Court
Northern Georgia
Richard Russell Bldg.
75 Ted Turner SW
Atlanta, GA 30303

M. Connors
6625 Pearl
Parma HD h 44130