**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation | ) | Case No.: 1:14-md-02583-TWT |
| This document relates to: | ) | |
| CONSUMER CASES | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF CONSUMER PLAINTIFFS' EMERGENCY MOTION[1] TO STRIKE OBJECTION OF SAM A. MIORELLI, E.I, ESQ., OR IN THE ALTERNATIVE EXTEND THE PAGE LIMIT FOR CONSUMER PLAINTIFFS TO REPLY AND COMPEL HIS ATTENDANCE AT THE FINAL HEARING AND DEPOSITION.**

Pursuant to Local Rule 7.2, Consumer Plaintiffs filed an emergency motion to strike the Objection to Class Action Settlement, Service Awards, and Fee Request of Pro Se Objector Sam A. Miorelli, E.I. Esq. (Doc. 237) on the basis that Mr. Miorelli's "objection" wholly disregards Local Rule 7.1D's requirement that "briefs filed in support a motion or in response to a motion are limited in length to twenty-five (25) pages."[2] Local Rule 7.1F provides that "[t]he Court, in its discretion, may decline to consider any motion or brief that fails to conform to the

[1] Counsel for Consumer Plaintiffs is authorized to represent that Home Depot joins in the request to strike the objection or in the alternative extend the Reply page limitation to thirty (30) pages.

[2] As discussed *infra*, exclusive of the Table of Contents and attached exhibits, Mr. Miorelli's objection is 82 pages in length.

requirements of these rules." *Id.* "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoting *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337 (11th Cir. 2005) and *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005)).

Alternatively, should the Court not reject the non-compliant objection in its entirety, Consumer Plaintiffs move the Court to (1) extend the page limit for their Reply from fifteen (15) pages to thirty (30) pages and (2) compel Mr. Miorelli to attend the fairness hearing in person, and sit for a deposition.

## ARGUMENT

### I. MIORELLI'S OBJECTION DOES NOT COMPLY WITH REQUIREMENTS OF THIS COURT'S LOCAL RULES.

Objector "Sam A. Miorelli, E.I, Esq." is a licensed attorney in good standing with The Florida Bar who expects to be referred to as a "professional objector" in this case. (Doc. 237-1, Miorelli Decl. ¶¶ 1&8). He is correct. Mr. Miorelli acknowledges he has "personally spent many thousands of dollars . . . flying around the country appearing at final hearings" and has "spent hundreds of hours writing objections like this one. . . ." (*Id.* ¶¶ 8 & 9.) Mr. Miorelli touts that his objection in this case "raises more issues than any objection I have ever filed

before." (*Id.* ¶ 11). Yet, Mr. Miorelli "does not intend to present any evidence or information beyond that included in [his] Declaration," (Doc. 237-1 ¶ 4), and "does not intend to appear at the [August 12, 2016] fairness hearing unless it is rescheduled" (Doc. 237, p. 2).

With his extensive experience traveling to attend final class action hearings and filing objections across the country (and particularly his status as an attorney in good standing), like any *pro se* party or attorney, Mr. Miorelli should be mindful of the applicable Local Rules regarding the length of permitted filings. But Mr. Miorelli ignores them. Indeed, Mr. Miorelli has previously demonstrated his inattentiveness to local practice rules in other courts as well. In addition to being untimely submitted, Mr. Miorelli's class settlement objection in *Zepeda v. Paypal, Inc.*, was stricken because it exceeded the page limitation imposed by the California federal court's standing order. *See* Case No. C 10-2500 SBA, (N.D. Cal.), Doc. 318, Order dated May 13, 2016 (stating that "[p]apers filed in violation of this Court's rules and orders need not be considered and may be stricken"). Nonetheless, Mr. Miorelli has again disregarded a court's local rules restriction on page limitations – this time, lodging an 82 page objection that greatly exceeds the 25 page limitation more than three-fold. Especially since he is an attorney, Mr.

Miorelli cannot be permitted to ignore the same page limitations under which the parties to this litigation are governed.

> Excessively lengthy briefs place an unnecessary burden on the court and opposing parties, who themselves have taken the time to thoughtfully and economically eliminate excessive verbiage from their own briefs, delivering them well within the page limitations that all parties are expected to observe.

*Employers Ins. of Wausau v. Latex Const. Co.*, 1:01-CV-1909-BBM, 2003 WL 26087498, at *16 (N.D. Ga. Sept. 2, 2003).[3]

As all of the 96 attorneys working on behalf of the class in this case were expected to comply with this Court's local rules, so too should Mr. Miorelli. Pertinent to an attorney's conduct in this Court, LR 83.1C provides:

> All lawyers practicing before this court shall be governed by and shall comply with the specific rules of practice adopted by this court and, unless otherwise provided, with the Code of Professional Responsibility and the Standards of Conduct contained in the Rules and Regulations of the State Bar of Georgia and with the decisions of this court interpreting these rules and standards.

*Id*. Other objectors, including both pro se objections and those filed by attorneys were able to state their objections within the page limits imposed by the Court. Thus, Mr. Miorelli's consistent disregard of federal court rules demonstrates his

[3] 28 U.S.C. § 1927 authorizes monetary sanctions against "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

pattern of reckless behavior.[4] The Court need not condone this disrespect; it certainly should not reward it. Accordingly, his objections in this case should be stricken and disregarded in their entirety. *See Thornton v. Jackson*, 998 F. Supp. 2d 1365, 1368 (N.D. Ga. 2014) (rejecting portions of a brief for exceeding page limitation without filing a contemporaneous motion to extend).

## II.   IF THE COURT IS INCLINED TO CONSIDER ANY OF MR. MIORELLI'S OBJECTIONS, CONSUMER PLAINTIFFS REQUEST AN EXTENSION OF THE PAGE LIMIT IN ORDER TO ADEQUATELY RESPOND.

The Consumer Plaintiffs' Reply to Mr. Miorelli's objections is due on July 29, 2016. [Doc. 185]. Local Rule 7.1(D) provides that a "reply brief may not exceed fifteen (15) pages." *Id.* Class Counsel for Consumer Plaintiffs substantively and vehemently oppose Mr. Miorelli's arguments. However, in responding to the 82 page objection, Consumer Plaintiffs will require more than 15 pages in order to do so. Therefore, unless the Court strikes Mr. Miorelli's objections for failing to adhere to the requirements of the Local Rules, Consumer Plaintiffs respectfully request that the Court extend the page limit for their reply to a total of thirty (30) pages.

---

[4] Consumer Plaintiffs note that Miorelli is aware of applicable local rules when it suits him; as discussed below, he wrongfully insists on the application of the local rules of the Middle District of Florida regarding the scheduling of his deposition.

## III. IF THE COURT IS INCLINDED TO CONSIDER MR. MIORELI'S NON-COMPLIANT OBJECTION, IT SHOULD COMPEL HIM TO ATTEND THE FAIRNESS HEARING IN PERSON AND SIT FOR A DEPOSITION.

As an alleged Class Member and by voluntarily lodging an 82 page non-compliant objection with the Court, Mr. Miorelli has subjected himself to the jurisdiction of this Court. *See Hillis v. Equifax Consumer Servs., Inc.*, 104-CV-3400-TCB, 2007 WL 1953464, at *6 (N.D. Ga. June 12, 2007). Mr. Miorelli does not intend to personally appear at the Final Approval Hearing "unless it is rescheduled." (Doc. 237, p. 2). Instead, Mr. Miorelli declares that he has a "previously-scheduled commitment in Denver, Co." (Miorelli Decl. ¶4). Yet under this Court's Local Rules, "[a] continuance of any trial, pretrial conference, or other hearing will be granted only on the basis of exceptional circumstances." LR 39.5. Mr. Miorelli fails to offer a convincing reason for his inability to attend the Final Approval Hearing in person and has, therefore, not established a basis for the Court to find "exceptional circumstances" that warrant the continuance of the Final Approval hearing. Miorelli professes his ability to attend the hearing telephonically, but Consumer Plaintiffs object to this accommodating. Given the depth and breadth of this lawyer's arguments, he should be required to attend the Hearing in person.

Likewise, Mr. Miorelli has not been accommodating in the scheduling of his deposition. After committing to appear at a deposition this Friday, July 29, 2016, Mr. Miorelli now claims that he did not agree to attend his noticed deposition. Miorelli asserts mistakenly that the rules for the Middle District of Florida apply. (Ex. A, Communications between J. Yanchunis and S. Miorelli).  Mr. Miorelli's refusal to submit to a deposition violates the Court's preliminary approval order.[5] His refusal will also result in an extreme prejudice for class members and the parties to this litigation who have worked for months on the proposed settlement. If the Court is inclined to consider Mr. Miorelli's non-compliant objection, he should be compelled to sit for a deposition so that he may be cross-examined concerning the bases for his objection to the proposed settlement as well as his status as a professional objector in other class cases.

## CONCLUSION

For all the foregoing reasons, the Consumer Plaintiffs submit this emergency request to strike Mr. Miorelli's objections which are non-complaint with the Court's local rules.  Alternatively, if the Court is inclined to consider the objections, Consumer Plaintiffs request an order (1) extending their Reply to thirty

---

[5]  The Order granting Preliminary Approval authorizes that objectors can be deposed and provides "Any Settlement Class Member who fails to comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object." (*See* Doc. 185, at 12).

(30) pages, and (2) requiring Mr. Miorelli to appear at the hearing in person or to sit for a deposition prior to the hearing of August 12, 2016.

Respectfully submitted this 26th day of July 2016.

*/s John R. Bevis*

David J. Worley
James M. Evangelista
**HARRIS PENN LOWRY, LLP**
400 Colony Square
1201 Peachtree Street, NE, Suite 900
Atlanta, GA 30361
Telephone: 404-961-7650
Fax: 404-961-7651
david@hpllegal.com
jim@hpllegal.com

*Consumer Co-Lead Counsel*
*and Steering Committee Members*

Roy E. Barnes
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060
Telephone: 770-227-6375
Fax: 770.227.6373
roy@barneslawgroup.com
bevis@barneslawgroup.com

*Consumer Liaison Counsel*
*and Steering Committee Members*

John A. Yanchunis, Sr.
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N Franklin Street
Tampa, FL 33602
Telephone: 813-223-5505
Fax: 813-223-5402
jyanchunis@forthepeople.com

*Consumer Co-Lead Counsel*
*and Steering Committee Member*

Norman E. Siegel
Barrett J. Vahle
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: 816-714-7100
Fax: 816-714-7101
siegel@stuevesiegel.com
vahle@stuevesiegel.com

*Consumer Co-Lead Counsel*
*and Steering Committee Members*

Tina Wolfson
**AHDOOT AND WOLFSON, P.C.**
1016 Palm Avenue
West Hollywood, CA 90069
Telephone: 310-474-9111
Fax: 310-474-8585
twolfson@ahdootwolfson.com

*Consumer Plaintiffs' Steering Committee Member*

Daniel C. Girard
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: 415-981-4800
Fax: 415-981-4846
dcg@girardgibbs.com

*Consumer Plaintiffs' Steering Committee Member*

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma, OK 73120
Telephone: 405-235-1560
Fax: 405-239-2112
wbf@federmanlaw.com

*Consumer Plaintiffs' Steering Committee Member*

Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
210 Summit Avenue
Montvale, NJ 07645
Telephone: 201-391-7600
Fax: 201-307-1086
ggraifman@kgglaw.com

*Consumer Plaintiffs' Steering Committee Member*

Howard T. Longman
**STULL STULL & BRODY**
6 East 45th Street
New York, NY 10017
Telephone: 212-687-7230
Fax: 212-490-2022
hlongman@ssbny.com

*Consumer Plaintiffs' Steering Committee Member*

**CERTIFICATE OF COMPLIANCE**

In accordance with LR 7.1D, I hereby certify that this brief has been prepared with a 14 point Times New Roman font as approved by the Court in LR 5.1C.

*/s John R. Bevis*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation | ) | Case No.: 1:14-md-02583-TWT |
| This document relates to: | ) | |
| CONSUMER CASES | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that today I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF CONSUMER PLAINTIFFS' EMERGENCY MOTION TO STRIKE OBJECTION OF SAM A. MIORELLI, E.I., ESQ., OR IN THE ALTERNATIVE TO EXTEND THE PAGE LIMIT FOR CONSUMER PLAINTIFFS TO REPLY AND COMPEL HIS ATTENDANCE AT THE FINAL HEARING AND DEPOSITION** with the Clerk of Court using the CM/ECF system, which will automatically send email notification to all counsel of record, and will serve the following by email and U.S. Regular Mail:

Sam A. Miorelli, Esq.
Law Office Sam Miorelli, P.A.
746 Ellwood Ave
Orlando, Florida 32804-7320
Sam.Miorelli@gmail.com

This 26th day of July, 2016.

BARNES LAW GROUP, LLC

/s John R. Bevis

Roy E. Barnes
Georgia Bar No. 039000
John R. Bevis
Georgia Bar No. 056110
J. Cameron Tribble
Georgia Bar No. 754759
31 Atlanta Street
Marietta, Georgia 30060
T: 770-227-6375
F: 770-227-6373
bevis@barneslawgroup.com

*Consumer Liaison Counsel on behalf of Consumer Case Leadership*