# EXHIBIT A
(Communications regarding Objection of Sam A. Miorelli, E.I., Esq.)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation | Case No.: 1:14-md-02583-TWT<br><br>"CONSUMER CASES" |

### CONSUMER PLAINTIFFS' NOTICE OF TAKING VIDEO DEPOSITION OF OBJECTOR SAM MIORELLI

TO:  Sam Miorelli, Esq.
     Law Office of Sam Miorelli, P.A.
     764 Ellwood Avenue
     Orlando, Florida 32804-7320
     Sam.Miorelli@gmail.com

Please take notice that, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Consumer Plaintiffs, through the undersigned attorneys, will take the video deposition of Objector Sam Miorelli before notary public, or other person authorized to administer oaths, on July 29, 2016 at 9:00 a.m. in the Office of Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, Orlando, Florida 32801. The deposition will continue from day to day until completed. The deposition will be recorded by stenographic means and by videotape.

## CERTIFICATE OF SERVICE

I, John A. Yanchunis caused Consumer Plaintiffs' Notice of Taking Video Deposition of Objector Sam Miorelli to be served via e-mail on July 22, 2016, on the following counsel for Defendant Home Depot:

| | |
|---|---|
| L. Joseph Loveland<br>jloveland@kslaw.com<br>Phyllis B. Summer<br>psummer@kslaw.com<br>S. Stewart Haskins, II<br>shaskins@kslaw.com<br>KING & SPALDING LLP<br>1180 Peachtree Street<br>Atlanta, GA 30309<br><br>*Counsel for Home Depot*<br>*in Consumer Cases* | Cari K. Dawson<br>Cari.dawson@alston.com<br>Kristine McAlister Brown<br>Kristy.brown@alston.com<br>ALSTON & BIRD, LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br><br>*Counsel for Home Depot*<br>*in Financial Institution Cases* |

By: /s/ John A. Yanchunis
John A. Yanchunis, Sr.
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N Franklin Street, 7th Floor
Tampa, FL 33602

Norman E. Siegel
Barrett J. Vahle
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112

Roy E. Barnes
John R. Bevis
**THE BARNES LAW GROUP, LLC**
31 Atlanta Street
Marietta, GA 30060

David J. Worley
James M. Evangelista
**HARRIS PENN LOWRY, LLP**
400 Colony Square
1201 Peachtree Street, NE, Suite 900
Atlanta, GA 30361

# John Bevis

| | |
|---|---|
| From: | Sam Miorelli <sam.miorelli@gmail.com> |
| Sent: | Friday, July 22, 2016 4:58 PM |
| To: | JCabezas@ForThePeople.com |
| Cc: | Roy Barnes; siegel@stuevesiegel.com; david@hpllegal.com; Cam Tribble; vahle@stuevesiegel.com; John Bevis; Matthew Wilson; Marcio Valladares; Patrick Barthle; jyanchunis@forthepeople.com; moore@stuevesiegel.com; jloveland@kslaw.com; psummer@kslaw.com; shaskins@kslaw.com; Cari.dawson@alston.com; Brown, Kristy |
| Subject: | Re: 555816 Home Depot Data Breach - Master Case: Notice of Taking Video Deposition |

Ms. Cabezas,

It appears my e-mail of a letter to Mr. Yanchunis and your e-mail to me crossed the wires essentially simultaneously. I'll suggest you and those on copy refer to my letter to Mr. Yanchunis.

Thank you,

Sam Miorelli, E.I., Esq.
352-458-4092

On Fri, Jul 22, 2016 at 4:49 PM, JCabezas@ForThePeople.com <JCabezas@forthepeople.com> wrote:

> Good afternoon Mr. Miorelli,
>
> Attached, please find Plaintiffs' Notice of Taking Video Deposition scheduling same for July 29, 2016 at 9:00 a.m. in the Office of Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, Orlando, Florida 32801.
>
> Do not hesitate to contact me should you have any questions.
>
> Thank you,
>
> Jennifer Cabezas | Litigation Paralegal


MORGAN & MORGAN
COMPLEX LITIGATION GROUP

1

201 N. Franklin Street, 7th Floor

Tampa, Florida 33602

Office:   813.223.5505

Direct:   813.318.5189

Fax:      813.222.2496

jcabezas@forthepeople.com

www.ForThePeople.com

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**Sam Andrew Miorelli**
764 Ellwood Avenue, Orlando, FL 32804

7/22/2016

VIA E-Mail and U.S. First Class Mail

John A. Yanchunis
Morgan & Morgan, P.A.
201 N Franklin Street
76th Floor
Tampa, FL 33602

Dear Mr. Yanchunis:

In light of our phone call today, I have researched and reviewed what I believe to be the protective order you referenced, it seems to be Dkt 110, Case Management Order No. 5 (Discovery), issued by the Court on June 25, 2015.

I have also taken the opportunity to review the Local Rules of the Middle District of Florida, which has jurisdiction over the address of my residence as well as the address where we have agreed any deposition of me would take place at your offices in downtown Orlando.

That research, along with consultation with some of my colleagues has informed this letter.

First, I do not agree, having reviewed Case Management Order No. 5, that an adequate and reasonable confidentiality provision is in place already. While you have not provided me any information regarding the scope and purpose of your proposed deposition, I can only assume it is related to the factual predicate behind my objection as almost any other scope would be improper and exceed the scope of my participation in the case. That factual predicate is entirely related to sensitive financial details and their release in any public form would put me at an even higher risk of identity theft than I already am as a result of the Home Depot data breach. Consequently, I request that we negotiate in good faith a confidentiality agreement to cover the proposed deposition so that I can answer candidly and completely.

Second, upon reviewing Case Management Order No. 5 and Middle District of Florida Local Rule 3.02, I believe your proposal yesterday for a deposition a week from today is improper. Paragraph 18 of Case Management Order No. 5 requires counsel to consult with counsel for the

7/22/2016

proposed deponent (or in this case, since I'm *pro se*, with myself) at least 10 calendar days prior to issuing a formal notice of deposition. Local Rule 3.02 requires that such deposition notices give at least 14 days' notice to every other party and the deponent. Consequently (and counting yesterday's phone call as Day 1), I believe it would be a violation of the Case Management Order No. 5 and Middle District of Florida Local Rule 3.02 for my deposition to be held prior to August 14, 2016. As August 14, 2016 is a Sunday, the actual earliest date would be August 15, 2016. Please consider this letter my formal notice that I do not waive the protections afforded to me and my schedule by either Case Management Order No. 5 or Middle District of Florida Local Rule 3.02.

I believe this structure and this date framework will serve all parties by giving us time to negotiate a fair and reasonable confidentiality agreement and also will provide me sufficient and necessary time to prepare to answer any and all proper questions you may have for me. I look forward to further discussions of this matter and to meeting you in person to answer your questions soon.

Sincerely,

Sam A. Miorelli, E.I., Esq.
352-458-4092
sam.miorelli@gmail.com

# John Bevis

| | |
|---|---|
| **From:** | Sam Miorelli <sam.miorelli@gmail.com> |
| **Sent:** | Monday, July 25, 2016 10:12 PM |
| **To:** | jyanchunis@forthepeople.com |
| **Cc:** | david@hpllegal.com; siegel@stuevesiegel.com; John Bevis |
| **Subject:** | Re: Home Depot |

Mr. Yanchunis,

This is exactly the problem with your vague statements on the phone and your suddenly-aggressive tone by e-mail: it reduces trust and puts everyone in a defensive posture. I have never said anything to you on the phone or e-mail that was in a cross tone or mood. I wish you would afford me the same courtesy.

I included the documents portion of the draft because your behavior has made me suspect you don't intend the proposed deposition to be the end of the matter. That concern has certainly been increased by today's correspondence which makes me increasingly convinced that you intend not to inquire as to my objection and standing as a class member, but rather to go on a fishing expedition. Thus, I included all types of discovery so that we could work out one global agreement and operate on a going-forward basis without further dispute. However, if you agree not to seek any discovery from me beyond a deposition, I'm completely agreeable to remove discussion of document production from my draft and focus it exclusively on an oral deposition.

There's no point in continuing to bicker with you about your beloved Friday-deposition-idea: you have your view of those calls, I have mine. Your view has the significant problem of plainly violating the standing Protective Order and the Federal Rules of Civil Procedure, regardless of whether you believe the Middle District of Florida Local Rules apply or not. I have never once refused your request to conduct a deposition, I think that and my extensive and carefully prepared documents clearly demonstrate my good faith, expedience, and care with addressing your request.

But I will ask you again: what exactly about me and my life do you intend to inquire about in this deposition?

Sincerely,

Sam Miorelli, E.I., Esq.
352-458-4092

On Mon, Jul 25, 2016 at 5:21 PM, John Yanchunis <JYanchunis@forthepeople.com> wrote:

> Mr Miorelli, we did agree and after I told you it would be videotaped, you asked me if a stenographer would be present to which I responded that it would.

> The local rules of the Middle District of Florida do not apply to your deposition as the case is pending in the Northern District of Georgia.

1

Having read the draft of the stipulation which you circulated, we have not served any request for documents. What information do you contend that we are seeking that might be considered confidential ?

**John Yanchunis**  |  Attorney at Law



201 North Franklin Street, 7th Floor

Tampa, FL 33602

Main Number: (813) 223-5505

Direct Line:   (813) 275-5272

Cell:          (850) 509-5641

Facsimile:     (813)-222-4736

jyanchunis@forthepeople.com


**From:** Sam Miorelli [mailto:sam.miorelli@gmail.com]
**Sent:** Monday, July 25, 2016 5:07 PM
**To:** John Yanchunis x2191
**Cc:** david@hpllegal.com; Siegel, Norm; John Bevis (bevis@barneslawgroup.com)
**Subject:** Re: Home Depot


Mr. Yanchunis,

2

I believe I have made my position regarding your imagined agreement of a Friday deposition clear: we never agreed. You saying we did over and over doesn't change the fact that we did not have such an agreement.

It would have been bizarre to agree to such a short date anyway when even as of our phone call on Friday you would not provide me anything but vague answers regarding protection of confidential information. I stand by my letter with regard to the first possible date for a deposition.

With regard to confidentiality, I do not believe the existing protective orders from the Court are sufficient considering the likely scope of your proposed deposition (a scope which you have yet to describe to me despite my requests in both phone calls last week). In light of that, I have diligently worked this weekend on the attached proposed agreement. I hope you will find it in order and assist in its completion with the appropriate signature blocks for the Plaintiffs' and Defendant's attorneys to execute.

Sincerely,

Sam Miorelli, E.I., Esq.

352-458-4092

On Mon, Jul 25, 2016 at 11:25 AM, John Yanchunis <JYanchunis@forthepeople.com> wrote:

I am in receipt of your letter of July 22, 2016.

As I have informed you , we are willing to maintain the confidentiality of any sensitive information , and enter into an agreement which would provide you the protection of the order entered by the Court. If this is unacceptable to you, please provide me with a draft of what you would like us to consider.

You agreed to the deposition this Friday, and I see no reason to cancel it now based on your insistence now that you be given 10 days notice, an issue that you did not raise nor did it seem to be a concern when you agreed to the date of your deposition.

3

**John Yanchunis**   |   Attorney at Law



201 North Franklin Street, 7th Floor

Tampa, FL 33602

Main Number: (813) 223-5505

Direct Line:      (813) 275-5272

Cell:                 (850) 509-5641

Facsimile:       (813)-222-4736

jyanchunis@forthepeople.com

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized

review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

**John Bevis**

To: John Yanchunis
Subject: RE: Home Depot

Begin forwarded message:

**From:** John Yanchunis x2191 <JYanchunis@ForThePeople.com>
**Date:** July 26, 2016 at 10:20:04 AM EDT
**To:** Sam Miorelli <sam.miorelli@gmail.com>
**Subject: Re: Home Depot**

Do I need to move to compel your deposition ?

John Yanchunis
Morgan & Morgan Complex Litigation Group
201 North Franklin Street
7th Floor
TAMPA , Florida 33602
Office 813-275-5272
Cell 850-509-5641

On Jul 26, 2016, at 10:18 AM, Sam Miorelli <sam.miorelli@gmail.com> wrote:

> Mr. Yanchunis,
>
> Thank you for the clarity on your tone.
>
> So what is your position on the proposed agreement I sent yesterday? If your only problem with it the references to production of documents? If so, I'll be happy to turn another draft focusing it only on a deposition.
>
> I won't be sitting for a deposition on Friday, if you decide to come to Orlando on Friday, I hope you enjoy the view of downtown.
>
>
> Sincerely,
>
> Sam Miorelli, E.I., Esq.
> 352-458-4092
>
> On Tue, Jul 26, 2016 at 8:08 AM, John Yanchunis <JYanchunis@forthepeople.com> wrote:
>
>> Mr Miorelli, believe me that there is nothing aggressive in my email nor certainly none was intended . My email simply stated a fact , an agreement to take your deposition , upon which I acted in reliance .

1

The purpose of the deposition is to explore your objection. I am not going on a fishing expedition nor am I seeking that you produce any documents.

I look forward to seeing you this Friday at the deposition in my law firm's office in Orlando.


John Yanchunis
Morgan & Morgan Complex Litigation Group
201 North Franklin Street
7th Floor
TAMPA , Florida 33602
Office 813-275-5272
Cell 850-509-5641

On Jul 25, 2016, at 10:13 PM, Sam Miorelli <sam.miorelli@gmail.com> wrote:

> Mr. Yanchunis,
>
> This is exactly the problem with your vague statements on the phone and your suddenly-aggressive tone by e-mail: it reduces trust and puts everyone in a defensive posture. I have never said anything to you on the phone or e-mail that was in a cross tone or mood. I wish you would afford me the same courtesy.
>
> I included the documents portion of the draft because your behavior has made me suspect you don't intend the proposed deposition to be the end of the matter. That concern has certainly been increased by today's correspondence which makes me increasingly convinced that you intend not to inquire as to my objection and standing as a class member, but rather to go on a fishing expedition. Thus, I included all types of discovery so that we could work out one global agreement and operate on a going-forward basis without further dispute. However, if you agree not to seek any discovery from me beyond a deposition, I'm completely agreeable to remove discussion of document production from my draft and focus it exclusively on an oral deposition.
>
> There's no point in continuing to bicker with you about your beloved Friday-deposition-idea: you have your view of those calls, I have mine. Your view has the significant problem of plainly violating the standing Protective Order and the Federal Rules of Civil Procedure, regardless of whether you believe the Middle District of Florida Local Rules apply or not. I have never once refused your request to conduct a deposition, I think that and my extensive and carefully prepared documents clearly demonstrate my good faith, expedience, and care with addressing your request.

But I will ask you again: what exactly about me and my life do you intend to inquire about in this deposition?

Sincerely,

Sam Miorelli, E.I., Esq.
352-458-4092

On Mon, Jul 25, 2016 at 5:21 PM, John Yanchunis <JYanchunis@forthepeople.com> wrote:

Mr Miorelli, we did agree and after I told you it would be videotaped, you asked me if a stenographer would be present to which I responded that it would.

The local rules of the Middle District of Florida do not apply to your deposition as the case is pending in the Northern District of Georgia.

Having read the draft of the stipulation which you circulated, we have not served any request for documents. What information do you contend that we are seeking that might be considered confidential?

---

**John Yanchunis**  |  Attorney at Law

<image001.png>

201 North Franklin Street, 7th Floor

Tampa, FL 33602

Main Number:   (813) 223-5505

Direct Line:   (813) 275-5272

Cell:   (850) 509-5641

Facsimile:   (813)-222-4736

3

jyanchunis@forthepeople.com

**From:** Sam Miorelli [mailto:sam.miorelli@gmail.com]
**Sent:** Monday, July 25, 2016 5:07 PM
**To:** John Yanchunis x2191
**Cc:** david@hpllegal.com; Siegel, Norm; John Bevis (bevis@barneslawgroup.com)
**Subject:** Re: Home Depot

Mr. Yanchunis,

I believe I have made my position regarding your imagined agreement of a Friday deposition clear: we never agreed. You saying we did over and over doesn't change the fact that we did not have such an agreement.

It would have been bizarre to agree to such a short date anyway when even as of our phone call on Friday you would not provide me anything but vague answers regarding protection of confidential information. I stand by my letter with regard to the first possible date for a deposition.

With regard to confidentiality, I do not believe the existing protective orders from the Court are sufficient considering the likely scope of your proposed deposition (a scope which you have yet to describe to me despite my requests in both phone calls last week). In light of that, I have diligently worked this weekend on the attached proposed agreement. I hope you will find it in order and assist in its completion with the appropriate signature blocks for the Plaintiffs' and Defendant's attorneys to execute.

4

Sincerely,

Sam Miorelli, E.I., Esq.

352-458-4092

On Mon, Jul 25, 2016 at 11:25 AM, John Yanchunis <JYanchunis@forthepeople.com> wrote:

I am in receipt of your letter of July 22, 2016.

As I have informed you , we are willing to maintain the confidentiality of any sensitive information , and enter into an agreement which would provide you the protection of the order entered by the Court. If this is unacceptable to you, please provide me with a draft of what you would like us to consider.

You agreed to the deposition this Friday, and I see no reason to cancel it now based on your insistence now that you be given 10 days notice, an issue that you did not raise nor did it seem to be a concern when you agreed to the date of your deposition.

**John Yanchunis**  |  Attorney at Law

<image001.png>

201 North Franklin Street, 7th Floor

Tampa, FL 33602

5

Main Number: (813) 223-5505

Direct Line: (813) 275-5272

Cell: (850) 509-5641

Facsimile: (813)-222-4736

jyanchunis@forthepeople.com

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact

the sender by reply e-mail and destroy all copies of the original message. Thank you.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.