FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG - 4 2016

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re: The Home Depot, Inc., Customer Data Security Breach Litigation

This document relates to:

CONSUMER CASES

Case No.: 1:14-md-02583-TWT

**CONSUMER PLAINTIFF CLASS MEMBER NATHAN KENNEDY'S [PROPOSED] OBJECTIONS TO THE PROPOSED SETTLEMENT**

Name: Nathan Kennedy
Address: P.O. Box 424
Ithaca NY 14851-0424
Email address: ntk@hcoop.net
Telephone number: (607) 857-0462

1. I am a Consumer Plaintiff Settlement Class Member. I am not an attorney or represented by counsel. I am a member because:

- I used my US Bank REI Visa Signature Card (credit card) at a self-checkout lane at the Home Depot in Ithaca New York between April 10, 2014 and September 2014.

- I received notice from the card issuer on September 17, 2014 that "Home Depot announced Sept. 8 that it's investigating a data breach that could affect debit and credit cards." This notice contained no information about any class action.

- I received an email this morning on "Fri, 29 Jul 2016 00:54:41" New York time, from "Settlement Administrator <noreply@email.homedepotbreachsettlement.com>", indicating that I am an eligible class member.

- By searching my past email archives, I have discovered that I was also emailed a notice of settlement indicating I am an eligible class member on "Thu, 28 Apr 2016 16:10:40" New York time.

2. No one is entitled to any compensation for any reason related to my objection, and I have no agreements with any other person or entity relating to the objection or process of objecting.

3. I do not intend to appear at, testify, or present evidence at the Final Approval Hearing in support of my objection.

4. Two class action cases I have objected to are *In re: Netflix Privacy Litigation*, 5:11-cv-00379-EJD, and *In re: Google Buzz Privacy Litigation*, 5:10-cv-00672-JW. In each of these cases I was a consumer class member, and made similar objections to the selection process for *cy pres* award recipients. I did not file any motions, appear, or otherwise participate further in these cases. The opinions are attached, neither of which specifically refers to my objections in particular. In *Google Buzz*, the court rejected the *cy pres* nomination process to which I objected. In Netflix the court overruled objections generally to the *cy pres* nominations. I have never asked for or received compensation for objecting to any class actions. I have received notices in several other class actions in the past five years and it is possible I have sent brief objections on my own behalf to a couple of other cases without following them further. I cannot recall doing so, and I do not have copies of any such objections if I made them.

5. My objections are as follows:

**Adequate Notice under the Court's Preliminary Approval Notice and the Stipulated Settlement Agreement Was Never Given, and Leaving Many Class Defendants Without Actual Notice**

My notice of this action, and presumably for the vast majority of class members, consisted of a single email on April 28, 2016, from the generic bulk email address "Administrators@qgemail.com", subject "Legal Notification: Home Depot Breach Settlement". I never saw or read this email.

I have received no fewer than 13 spam/scam emails with Home Depot in the subject since the breach occurred in 2014 just counting the small fraction that made it through my spam filter since July 2015, and not counting thousands upon thousands of other fraudulent/spam emails received during that time. At least two of these are scams directly targeting the data breach at issue:

From: HomeDepot-Hacking@instantviewnetwork.eu
Subject: Reuters: Your HomeDepot data may have been leaked, Verify your records immediately

From: ABCNewsCyberNotice@instanthackedsiteville.work
Subject: ABCNews: Your HomeDepot data may have been leaked, Verify your records within 24Hrs

      I have attached the first page of email headers and text from both the actual notices I received and a sampling of these fraudulent/scam emails purporting to be from Home Depot during the same period.

      I only actually learned of the existence of this lawsuit on Friday, July 29, via email sent at 12:54 a.m. New York time, sent from address "noreply@email.homedepotbreachsettlement.com" subject "Home Depot Data Breach Settlement - get free credit monitoring and a cash payment".

      The entire basis for this case is the theft of payment information and email addresses. There is an extremely high rate fraudulent and "spam" email in proportion to legitimate emails. In many if not most cases, fraudulent and "spam" email volume is many times that of legitimate email. My own email address receives several hundred if not thousand times as much "spam" as legitimate email, in part because it has been in long use and is widely distributed. Like many consumers I rely on automated "filters" to discard "spam" email before I ever see it. Most of the traffic is deleted altogether and not retained. Of the remainder, most is filed in my "Junk" email folder, which I also periodically delete.

      Victims of a credit card and email theft involving Home Depot are and should be especially wary regarding any purported emails. IT experts recommend that persons *never* click on a link in an email they do not recognize and trust, and often recommend *not even opening* suspicious emails. This is because so-called "zero day exploits" exist which periodically enable hackers to gain control over a person's computer and steal information simply by getting sending someone a specially-crafted malicious email and getting them to open it. Just earlier this month, an alert has gone out that Symantec's antivirus product, the most popular enterprise and end-user *security* solution, has just such a weakness. See notice from US-CERT, (Department of Homeland Security): "Syamntec and Norton Security Products Contain Critical Vulnerabilities" https://www.us-cert.gov/ncas/alerts/TA16-187A

The Settlement Agreement provides that "If an e-mail address cannot be ascertained or the Settlement Administrator learns (through an email bounce-back or otherwise) that the e-mail address in Home Depot's records is invalid, the Settlement Administrator shall send direct Mail Notice * * *." The Settlement Administrator had already created the "homedepotbreachsettlement.com" website when sending the original email notice, but used the generic bulk email return address "Administrators@qgemail.com" as the sender. Given the high rate of fraud and spam, this was an indicia that the email was **not** genuine and would be extremely likely to be automatically filtered or disregarded by recipients. The **only** domain name that victims of a Home Depot email fraud could be expected to trust would be emails identified as coming from **@homedepot.com**, sent with the valid Sender Policy Framework (SPF) and DomainKey Identified Mail (DKIM) settings to indicate to the mail system that the email was approved as genuine by Home Depot itself and should not be discarded. This could have been very easily arranged for by simple cooperation between Home Depot's IT department and the Settlement Administrator. In any event, a single email identified as coming from **@qgemail.com**, a generic mass-email domain, when **homedepotbreachsettlement.com** was already registered, was wholly inadequate and cannot serve as proper notice when it such email is extremely unlikely to be received as a genuine email. To allow such a sketchy email to serve as an official court notice opens the door to and enables scammers and hackers across the world to easily impersonate official court service on any other person with impunity.

As such, I object to the notice as wholly inadequate, I ask that the Settlement Class members be renoticed by email, and that the Final Approval Hearing be adjourned to such time as Settlemtn Class members have opportunity to object or opt out after new email notice has been sent.

*

## GIVEN THE IMPOSSIBILITY OF CONNECTING LOSSES TO THE HOME DEPOT DATA BREACH, DISTRIBUTION OF THE NET SETTLEMENT FUND ON THE BASIS OF "DOCUMENTED" OR "CERTIFIED" LOSSES WILL LEAD TO ARBITRARY AND UNFAIR RESULTS, AND INSTEAD THE FUND SHOULD BE USED TO PROVIDE A HIGHER LEVEL OF PROTECTION TO ALL SETTLEMENT CLASS MEMBERS

As an engineer with expertise in cyber-security, I am aware that it unrealistic and likely impossible in most cases for victims of losses or identity theft to connect these losses or thefts to the perpetrator's source of that information. Consumer payment and email information passes through thousands upon thousands of computer systems. Breaches happen on a daily basis, many of which are never detected, never reported, or never publicized. Indeed, to my knowledge, no one has even identified the party or parties responsible for the Home Depot hacking in this case, despite the massive resources deployed in response. A consumer is in no position to trace their losses back to Home Depot, if this is possible at all, and if it were, the cost of doing so would be additive and likely to outweigh the original loss.

Furthermore, when a data breach of this sort occurs, very often it is retained and sold or disseminated in pieces long after the fact. An identity theft can occur over a very long time period and the victim may only learn about it when they later apply for credit, are contacted by debt collectors, or discover false records about themselves. They may unknowingly suffer from increased loan and insurance rates, denied credit, and denied job applications long before they discover the existence of identity theft.

Requiring class members to document or certify that losses are due to the Home Depot breach would compensate the fortunate few who are able to do so (or unethical enough to lie), while leaving the vast majority of victims who are unable to do so.

The settlement class is so huge in relation to the fund that there is likely to be not enough to make a distribution. Instead, the fund should be used to supplement the Identity Guard Essentials service that is provided. The most straightforward enhancement would be to lengthen the Identity Guard services from 18 months to a longer term. This would benefit all settlement class members

DATED: July 30, 2016

*[signature]*

Nathan Kennedy
P.O. Box 424
Ithaca NY 14851-0424
ntk@hcoop.net
(607) 857-0462

BY EMAIL to: [david,jim]@hpllegal.com, [roy,bevis]@barneslawgroup.com, jyanchunis@forthepeople.com, [siegel,vahle]@stuevesiegel.com

| | | |
|---|---|---|
| U.S. District Court, N.D. Georgia<br>Richard B. Russell Fed. Bldg. &<br>United States Courthouse<br>75 Ted Turner Dr. SW<br>Atlanta GA 30303-3309 | Norman E. Siegel<br>Barret J. Vahle<br>STUEVE SIEGEL HANSON LLP<br>460 Nichols Rd. Ste 200<br>Kansas City MO 64112 | Phyllis B. Sumner<br>S. Stewart Haskins<br>KING & SPALDING LLP<br>1180 Peachtree St. NE<br>Atlanta GA 30309 |

Roy E. Barnes
John R. Bevis
BARNES LAW GROUP LLP
31 Atlanta St.
Marietta GA 30060