# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

_____
                                        )

In re: The Home Depot, Inc., Customer  ) Case No.: 1:14-md-02583-TWT
Data Security Breach Litigation           )
                                        )
This document relates to:               )
                                        )
CONSUMER CASES                   )
_____  )

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

This matter came before the Court on Consumer Plaintiffs' Motion for Final Approval of Class Settlement and Final Certification of Settlement Class (ECF No. 226) and Consumer Plaintiffs' Motion for Service Awards, Attorneys' Fees and Litigation Expense Reimbursement (ECF No. 227.)[1]

Consumer Plaintiffs filed their Consolidated Class Action Complaint (ECF No. 93) on May 1, 2015 ("Complaint"). In their Complaint, Consumer Plaintiffs allege various claims against Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. (collectively, "Home Depot") arising out of the breach of Home Depot's payment data systems, which Home Depot first announced in September 2014. The Complaint alleged claims including violations of state consumer laws

---

[1] Unless otherwise defined herein, the Court adopts the defined terms as set forth in the Settlement Agreement (ECF No. 181-2.)

and state data breach statutes, negligence, breach of implied contract, unjust enrichment, and for declaratory judgment. Following briefing on Home Depot's motion to dismiss, the Court heard oral argument. While that motion was under advisement the parties notified the Court of their intention to settle the case. On March 8, 2016, the Court entered an order certifying a settlement class, preliminarily approving class action settlement, and directing notice to the settlement class ("Preliminary Approval Order") (ECF No. 185.)

The Court, having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), all objections and comments received regarding the Settlement, the arguments and authorities presented by the parties and their counsel, and the record in the Action, and good cause appearing, hereby reaffirms its findings in the Preliminary Approval Order.

The Court concludes that the Notice Program has been properly implemented and constitutes the best notice practicable under the circumstances, satisfying due process and the requirements of Rule 23. The Court further finds that the Settlement is fair, reasonable, and adequate. The Court bases this finding on the significant relief provided for the Settlement Class; the factual investigation that occurred in this case; the strengths and weaknesses of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of obtaining

and maintaining class action status throughout trial; the experience and views of Class Counsel; and the positive reaction of the Settlement Class. Accordingly,

**IT IS HEREBY ORDERED**:

1. **<u>Class Certification for Settlement Purposes Only</u>.**

The Settlement Agreement provides for a Settlement Class defined as follows:

> All residents of the United States whose Personal Information was compromised as a result of the Data Breach first disclosed by Home Depot in September 2014.
>
> "Personal Information" means payment card data including payment card account numbers, expiration dates, card verification values, and cardholder names from payment cards used at self-checkout lanes at U.S. Home Depot stores between April 10, 2014 and September 13, 2014, and/or e-mail addresses compromised as a result of the Data Breach.
>
> Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, the officers and directors of Home Depot, and persons who timely and validly request exclusion from the Settlement Class, as reflected in Exhibit 1 to this Order.

For the foregoing reasons, the Court reaffirms that it is proper to certify, and hereby does finally certify, for settlement purposes only, the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

a. *Numerosity*: Rule 23(a)(1) requires that a proposed settlement class be "so numerous that joinder of all class members is impracticable." Fed. R.

Civ. P. 23(a)(1). Here, there are tens of millions of Settlement Class Members and numerosity is not in question.

      b. *Commonality*: Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, the Settlement Class Members are joined by the common questions of law and fact that arise from the same event—the data breach. The common questions include: (1) whether Home Depot failed to adequately protect Settlement Class Members' personal and financial information; (2) whether Home Depot's conduct constituted unfair methods of competition and unfair, deceptive, or unlawful acts actionable under applicable consumer protection laws; (3) whether Home Depot had a legal duty to adequately protect Settlement Class Members' personal and financial information; (4) whether Home Depot breached that legal duty; and (5) whether Home Depot knew or should have known that customers' personal and financial information was vulnerable to attack. These common issues all center on Home Depot's conduct, satisfying the commonality requirement.

      c. *Typicality*: Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Court has seen no evidence that the claims or defenses of the represented parties are not typical of the claims and defenses to the case.

The Consumer Plaintiffs' claims arise from the same data breach and Home Depot's conduct in connection with the data breach. They are also based on the same legal theory that Home Depot failed to protect their personal and financial information. The typicality requirement has been met.

    d. ***Adequacy of Representation***: The adequacy requirement is satisfied when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court finds that the Settlement Class Representatives have fulfilled their responsibilities on behalf of the Settlement Class. The Court further finds that Lead Counsel have prosecuted the case vigorously and in the best interests of the Settlement Class.

    e. ***Predominance***: Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members[.]" Fed. R. Civ. P. 23(b)(3). The many common questions of fact and law that arise from Home Depot's conduct predominate over any individualized issues. These common questions include whether Home Depot failed to reasonably protect Class Members' personal and financial information, whether it had a legal duty to do so, and whether Home Depot failed to timely notify Settlement Class Members of the data breach. This requirement has been met.

f. *Superiority*: Rule 23(b)(3) further requires "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court finds that a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representatives and Class Counsel.**

The Court concludes that Court-appointed Co-Lead Counsel Norman E. Siegel and Barrett J. Vahle, Stueve Siegel Hanson LLP; David J. Worley and James M. Evangelista, Harris Penn Lowry, LLP; John A. Yanchunis, Sr., Morgan & Morgan Complex Litigation Group; and Liaison Counsel Roy E. Barnes and John R. Bevis, The Barnes Law Group, LLC (collectively "Lead Counsel") have fairly and adequately represented the interests of the Settlement Class Members.

The Court further concludes that the Settlement Class Representatives appointed pursuant to paragraph 2 of the Preliminary Approval Order are typical of the Class and have fairly and adequately represented the interests of the Settlement Class Members.

3.    **Jurisdiction.**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

4.    **Findings Concerning Notice.**

The Court finds that the Notice Program has been implemented by the Settlement Administrator and the parties in accordance with the requirements of the Settlement Agreement, and that such Notice Program, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement Administrator and parties have complied with the directives of the Preliminary Approval Order and the Court reaffirms its findings concerning notice as set forth in paragraph 8 thereof.

5.    **Findings Concerning Claims Process and Distribution and Allocation Plan.**

The Court finally approves the Distribution and Allocation Plan as a fair and reasonable method to allocate the Settlement benefits among Settlement Class Members. The Court directs that the Settlement Administrator continue to effectuate the Distribution and Allocation Plan according to the terms of the Settlement Agreement. The Court reaffirms that all Settlement Class Members

(excluding those who opted out as reflected in Exhibit 1 to this Order) who fail to submit a claim in accordance with the requirements and procedures specified in the Notice shall be forever barred from making a claim, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the Final Judgment.

6. **Appointment for Identity Guard Monitoring Services**.

The Court reaffirms its appointment of Identity Guard, a subsidiary of Intersections, Inc., as the provider of monitoring services to eligible Settlement Class Members as set forth in the Settlement Agreement and the Preliminary Approval Order. The Court directs that Identity Guard continue to effectuate the Settlement Agreement in coordination with Lead Counsel, Home Depot, and the Settlement Administrator, and subject to the jurisdiction and oversight of this Court.

7. **Class Action Fairness Act Notice.**

The Court finds that Home Depot has caused to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

8. **<u>Objections to Substantive Settlement Terms</u>.**

Out of tens of millions of Settlement Class Members, there were only five timely objections (one of which was withdrawn),[2] and 45 Settlement Class Members who timely requested exclusion from the Settlement. Six additional objectors submitted untimely objections.[3] Even considering the untimely objections, the number of objectors amount to an infinitesimal percentage of the Settlement Class. This miniscule number indicates strong support for the Settlement by Settlement Class Members and weighs strongly in favor of final approval.

The Court has considered all of the objections of all Settlement Class Members. For the foregoing reasons, the Court finds the objections are without merit and are hereby overruled.

    a. ***Objections to the Monetary Value of the Settlement***: Not one objector has claimed that the monetary relief made available in the Settlement –

---

[2] These were the objections of Stephen Weinstein (ECF No. 232); Sam Miorelli (ECF No. 237), Maureen Connors (ECF No. 238), Steven Toleos (ECF No. 240), and Jonathan Daley. Mr. Daley's objection was not properly mailed to the Court, but was attached as an exhibit to the Declaration of John R. Bevis submitted with Consumer Plaintiffs' Reply Memorandum in Support of Final Approval of Class Action Settlement (ECF No. 245-3.) Mr. Weinstein subsequently withdrew his objection by letter to the Court. (ECF No. 255.)

[3] These were the late objections of Andrew F. Johnson (ECF No. 242), Nathan Kennedy (ECF No. 247), Andrew Dean Brooks (ECF No. 250), Michael Dwyer (ECF No. 252), Timothy Haley (ECF No. 253), and Peter Scoolidge (ECF No. 254.)

up to $10,000 for Settlement Class Members with Documented Claims – is insufficient to compensate him or her, or any Class Member, for harm caused by Home Depot's alleged wrongdoing. Objector Connors complains of an alleged "reverter," arguing it is "unlikely the Fund will be exhausted" and funds will revert back to Home Depot. Yet, if the fund is unlikely to be exhausted, it is a strong indicator that the monetary relief made available under the Settlement is sufficient to make Settlement Class Members whole. And the "reverter" that Connors complains of is not a reverter at all, but rather a credit that funds other aspects of the Settlement, namely identity monitoring services and notice and administration. Further, this credit takes effect only if the Settlement Fund is not exhausted. If after the application of these credits the Settlement Fund is still not exhausted, any remaining funds are distributed to Settlement Class Members with Documented Claims on a *pro rata* basis. Thus, there is no "reversion" or credit back to Home Depot at the expense of relief to the Class. Ms. Connor's objection lacks merit.

    b. ***Objections to the Injunctive Relief and Monitoring Services***: Objectors Miorelli and Connors also object to various aspects of the injunctive and monitoring relief offered as part of the Settlement. The Court finds that the injunctive components of the Settlement are of valuable benefit to the Class and especially important in the context of this case because Home Depot is bound
...

...

for a period of two years following execution of the Settlement Agreement to implement and maintain enhanced security measures designed to detect and prevent this type of harm from occurring again. The $6.5 million that Home Depot agreed to pay separately from the Settlement Fund to provide 18 months identity monitoring services also confers a substantial benefit to the Settlement Class. These services have a retail value of approximately $180 per enrollee and are tailored to address the type of harm alleged to be at issue in this breach and to provide Settlement Class Members with an added layer of protection against possible future harm. These objections are likewise without merit.

    c. ***Untimely Objections***: Several objectors submitted untimely objections relating to the adequacy of the E-Mail Notice, claiming that they did not receive the notice until on or after the objection and opt-out deadline of July 18, 2016. Based on the representations of Counsel for Consumer Plaintiffs, Home Depot, and the Settlement Administrator, the Court is satisfied that the Settlement Administrator completed the transmittal of the E-Mail Notice to 61,037,158 Settlement Class Members' email addresses on May 2, 2016 (ECF No. 226-3, ¶ 4), and that subsequent E-Mail Notices were sent as a form of continuing notice. Thus, any Settlement Class Member who received E-Mail Notice on or after July 18, 2016, also received the initial E-Mail Notice on or before May 2, 2016, allowing all Settlement Class Members an adequate opportunity to timely

11

object or opt-out.[4] For this reason, the Court rejects these objections as untimely. Moreover, the Court finds that the substantive objections the late objectors have raised lack merit and are overruled for the reasons outlined herein. At the final approval hearing, the parties informed the Court that the following untimely objectors wished to withdraw their objections and opt-out of the Settlement; and pursuant to the parties' stipulation they will be included in the opt-out list and not bound by the terms of the Settlement: Michael Dwyer, Timothy Haley, and Peter Scoolidge.

d. ***Other Objections***: The Court notes there are numerous additional objections including many made by Mr. Miorelli over his 82-page objection. The Court has considered these objections and finds them to be generally based more on surmise and suspicion rather than evidence. None of Mr. Miorelli's objections have merit and the Court overrules them in their entirety.

e. ***Professional Objectors***: The Court finds that there is sufficient evidence to conclude that certain objectors, in particular Mr. Miorelli and Ms. Connors, may be of the "professional" variety. Such objections are typically made not for the benefit of the class, but solely to extract some sort of payment in exchange for dropping their objections. Accordingly, the Court leaves open

---

[4] For example, Mr. Kennedy acknowledges that he received the initial E-Mail Notice on April 28, 2016, but mistakenly identified it as spam. (ECF No. 247-2.) And, of course, other class members did submit timely objections, further evidencing the sufficiency of notice.

the opportunity for Class Counsel and Home Depot to conduct discovery on any objectors for a period of 30 days from the date of this Order as such discovery may be relevant to whether the Court imposes an appeal bond for any objectors that timely file a notice of appeal.

9. **Findings Concerning the Fairness, Adequacy and Reasonableness of the Settlement.**

The Court finds that this Settlement reflects an outstanding result for the Class in a case with a high level of risk. The Settlement provides significant monetary benefits to compensate consumers for out-of-pocket losses, as well as preventative relief in the form of identity theft monitoring services, and injunctive relief that compares very favorably to settlements in other data breach class actions.

a. *No Collusion Between the Parties*: The Court concludes that there was no fraud or collusion in reaching the Settlement. Both parties were represented by informed counsel that reached agreement after months of arms-length negotiations before an experienced mediator. Moreover, any possibility of collusion – already remote – is undercut by Home Depot's objection to the requested fee award.

b. *The Settlement Benefits Vastly Outweigh the Uncertainty of Success at Trial*: The relatively early Settlement in this case benefits the Settlement

Class immensely because they can immediately take advantage of Settlement benefits designed to mitigate and prevent future harm including identity monitoring and injunctive relief. Settlement Class Members with out-of-pocket losses can recover those losses immediately as well. These benefits are particularly favorable when weighed against the risks of continuing to litigate the case.

Courts presiding over similar cases have recognized that the "legal issues involved [in data breach litigation] are cutting-edge and unsettled, so that many resources would necessarily be spent litigating substantive law as well as other issues." *In re Target Corp. Customer Data Sec. Breach Litig.*, No. MDL142522-PAM-JJK, 2015 WL 7253765, at *2 (D. Minn. Nov. 17, 2015). There was a pending motion to dismiss in which Home Depot argued that Consumer Plaintiffs did not have Article III standing to sue. Even where Article III standing is established, "the injury question looms over the litigation as it progresses." *Id*. If some or all claims survived Home Depot's motion to dismiss, Consumer Plaintiffs would face the challenges of obtaining and maintaining class certification through trial on state statutory and common law cutting across multiple jurisdictions. (*See id*.) Another risk included establishing causation, which has been a barrier to consumer plaintiffs' success in retailer data breach litigation. *See, e.g., In re Hannaford Bros. Co. Customer Data*

*Security Breach Litig.*, 293 F.R.D. 21, 33 (D. Me. 2013); *Target*, 2015 WL 7253765, at *2 ("proving causation for any established losses will be difficult, given the other large-scale retailer data breaches that occurred at approximately the same time as the Target breach."). And proceeding to trial comes with inherent risk. *See In re Motorsports Merchandise Antitrust Litig.*, 112 F. Supp. 2d 1329, 1333 (N.D. Ga. 2000) ("[T]he trial process is always fraught with uncertainty."). The Settlement removes these uncertainties and provides the Settlement Class with meaningful and immediate relief.

    c. ***The Settlement is Within the Range of Possible Recoveries and is Fair, Adequate, and Reasonable***: "The range of potential recovery 'spans from a finding of non-liability through varying levels of injunctive relief,' in addition to any monetary benefits to class members." *Figueroa v. Sharper Image Co.*, 517 F. Supp. 2d 1292, 1326 (S.D. Fla. 2007) (quoting *Lipuma v. American Express Co.*, 406 F. Supp. 2d 1298, 1319 (S.D. Fla. 2005)). Here, Settlement Class Members with out-of-pocket losses can make a claim against the Settlement Fund for damages even remotely linked to the data breach—making recovery significantly easier and more immediate than pursuing claims at trial. Because many class members in data breach cases "suffer[] very small losses" (*Target*, 2015 WL 7253765, at *2), recovery of up to $10,000 per individual is more than sufficient to reimburse the Settlement Class Members for losses.

15

Moreover, the Settlement addresses future harm by making available identity monitoring services and mandating injunctive relief to protect the important privacy interests of Settlement Class Members going forward.

  d. ***Continued Litigation Would Be Complex, Expensive, and Lengthy***: The guaranteed and immediate recovery for the Settlement Class made available by this Settlement far outweighs the mere possibility of future relief after lengthy and expensive litigation. In fact, it is unclear whether future recovery at trial could achieve more than the relief made available in the Settlement. The early settlement of this case benefits the Settlement Class and weighs strongly in favor of final approval.

  e. ***The Substance and Degree of Opposition to the Settlement***: As explained above, the reaction from Settlement Class Members has been overwhelmingly positive with only a miniscule percentage of Settlement Class Members opting out or objecting. The low percentage of objections demonstrates the reasonableness of the Settlement and supports the Settlement's approval.

  f. ***The State of the Proceedings Permitted Plaintiffs to Evaluate the Merits of the Case***: As evidenced by their fact-intensive Consolidated Complaint, Consumer Plaintiffs understood the merits of the case and had sufficient information to evaluate the benefits of settlement against further

litigation. Moreover, the Settlement was reached while Home Depot's motion to dismiss was still under submission and both parties faced substantial risk. This too weighs in favor of final approval.

10.     **Final Approval Hearing.** The Court held a Final Approval Hearing on August 12, 2016. No objectors appeared at the hearing.  Following argument from the parties and considering all objections and comments received regarding the Settlement, the Court concludes as follows: (a) the Settlement is approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (b) this matter is finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (c) the Consumer Actions are dismissed with prejudice pursuant to the terms of the Settlement Agreement; and (d) Settlement Class Members, except those identified in Exhibit 1, are bound by the releases set forth in the Settlement Agreement.

11.     **Releases.** As of the Effective Date, the Releasing Parties and Released Parties shall be deemed to have, and by operation of this Order and the Final Judgment entered in connection with this Order shall have, fully and irrevocably released and forever discharged each other from all Released Claims and other claims as more fully set forth in Section XI of the Settlement Agreement.

12.     **Dismissal.** The Court hereby dismisses this Action with prejudice. The Releasing Parties are hereby permanently barred and enjoined (including

during the pendency of any appeal taken from this Order or from the Final Judgment entered in connection with this Order) from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Nothing in this Order or in the Final Judgment entered in connection with this Order shall preclude any action to enforce the terms of the Settlement Agreement.

13. **Final Judgment.** There is no just reason to delay entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

14. **Use of Order.** This Order shall have no force or effect if there is no Effective Date as set forth in the Settlement Agreement. This Order shall not be construed or used as an admission, concession, or declaration by or against Home Depot of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper,

unavailable, or as a waiver by any party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

15. **Continuing Jurisdiction.** The Court retains jurisdiction over this action and the parties, attorneys and Settlement Class Members for all matters relating to this action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order, and including any application for fees and expenses incurred in connection with this action.

For the reasons set forth herein, the Court hereby (1) grants final approval of the Settlement; (2) certifies the Settlement Class pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e); and (3) enters final judgment in this Action. The parties are ordered to carry out the Settlement as provided in the Settlement Agreement.

IT IS SO ORDERED this 23rd day of August, 2016.

/s/Thomas W. Thrash
The Honorable Thomas W. Thrash, Jr.
United States District Court Judge

**Home Depot Breach Settlement**
**Requests for Exclusion**

| | **Opt-outs timely filed** | | | **Late opt-outs permitted by agreement to opt-out** | |
|---|---|---|---|---|---|
| | **FirstName** | **LastName** | | **FirstName** | **LastName** |
| 1 | JAMES A & CHRISTINE | BAIRD | 1 | TIMOTHY | HALEY |
| 2 | JAQUELIN | BALISH | 2 | ANNA C | GAYLE |
| 3 | C SEAN | BATTLES | 3 | STEVEN M | COLLOTON |
| 4 | BUDD | BELANGER JR | 4 | KENNETH A & DIANE M | POLINSKY |
| 5 | STEPHEN | BRANEKY | 5 | JIMMIE M | BACCO |
| 6 | DAWN & MICHAEL | CREED | 6 | SULIMAN & ZARLASHT | JAHANGIRI |
| 7 | AMY | CULLEN | 7 | PETER | SCOOLIDGE |
| 8 | ROBERT A | DOANE | 8 | MICAHEL | DWYER |
| 9 | JEFF | FAULKNER | | | |
| 10 | GREGORY S | GISTENSON | | | |
| 11 | IAN | GREGORY | | | |
| 12 | NORA | GUERRERO | | | |
| 13 | IOLANDA M & MOISES | GUIMARAES | | | |
| 14 | MICHELLE | HARMON | | | |
| 15 | SPENCER | HAYCOCK | | | |
| 16 | ELIZABETH L | HENDEL | | | |
| 17 | JIMMY H | HERNANDEZ | | | |
| 18 | STEVEN | HOLT | | | |
| 19 | STEVEN | HWANG | | | |
| 20 | HEIDI | HWANG | | | |
| 21 | TERRY | JENSEN | | | |
| 22 | ED | JOSLIN | | | |
| 23 | ROBERT | KRYSTKIEWICZ | | | |
| 24 | JANET M | LINDSEY | | | |
| 25 | BRANDIE | LYNCH | | | |
| 26 | CONSTANCE | MCCONNELL | | | |
| 27 | CHARINA D | MICHAUD | | | |
| 28 | DOUGLAS W | MICHAUD | | | |
| 29 | MICHAEL A | MOSHER | | | |
| 30 | RITA M | NOVAK | | | |
| 31 | GRETCHEN & OLIVER | OLIVERO | | | |
| 32 | RAY F | PADILLA JR | | | |
| 33 | PHILIP | PELLA | | | |
| 34 | JAMES M | PERRY | | | |
| 35 | RANDOLPH | PETERSEN | | | |
| 36 | JONATHAN | SHAW | | | |
| 37 | VICTORIA | SKOMIAL | | | |
| 38 | TYRONE | SMITH | | | |
| 39 | DENNIS E | SZAWALA | | | |
| 40 | GORDON & LEEANNE | TAM | | | |
| 41 | RICHARD E | URSCHEL | | | |
| 42 | TAMARA | WALKER | | | |
| 43 | ELIZABETH L | WARE | | | |
| 44 | JANET | WOMACK | | | |
| 45 | TIFFANY | ZELLNER | | | |