**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

_____

)

In re: The Home Depot, Inc., Customer ) Case No.: 1:14-md-02583-TWT
Data Security Breach Litigation )

)

This document relates to: )

)

CONSUMER CASES )

_____ )

**ORDER GRANTING CONSUMER PLAINTIFFS' MOTION
FOR SERVICE AWARDS, ATTORNEYS' FEES AND
LITIGATION EXPENSE REIMBURSEMENT**

This matter came before the Court on Consumer Plaintiffs' Motion for

Service Awards, Attorneys' Fees and Litigation Expense Reimbursement (ECF

No. 227).[1]

The Court has reviewed and considered the objections of class members and

the objections of Home Depot with respect to Consumer Plaintiffs' Motion for

Attorneys' Fees and Litigation Expense Reimbursement. For the reasons set forth

below, the Court finds that an attorneys' fee award in the amount of $7,536,497.80

is fair and reasonable, along with litigation expense reimbursement in the amount

---

[1]  For purposes of this Order, the Court adopts the defined terms as set forth in the
Settlement Agreement (ECF No. 181-2.)

of $166,925.19 and service award payments to each of the Settlement Class

Representatives in the amount of $1,000. Accordingly,

**IT IS HEREBY ORDERED**:

1.      **Service Awards**:

Class Counsel seeks a service award of $1,000 for each Settlement Class

Representative. The Court finds this amount is fair and appropriate in this case and

rejects the assertions of Objectors Miorelli and Connors that the service awards

represent a large disparity compared to relief available to Settlement Class

Members. The 88 Settlement Class Representatives that are entitled to the service

awards stepped forward to represent the interests of the Settlement Class, consulted

with counsel in the assertion of their claims, and are therefore entitled to a modest

award to compensate them for their time and effort on behalf of the Settlement

Class.

2.      **Attorneys' Fees**:

The Court's analysis begins with the calculation of the lodestar, which is the

aggregate of time multiplied by an applied hourly rate. As a preliminary matter, no

objection has been raised as to the hourly rates applied by Class Counsel and the

rates were supported with a declaration of an experienced attorney familiar with

the rates charged for complex litigation in the Atlanta area. The Court further finds

that the standard hourly rates applied to the submitted time are reasonable and at or below market rates for the Atlanta legal market for complex litigation.

The Court also finds that the time submitted by Class Counsel is reasonable in light of the work performed leading to the Settlement and the work provided through July 31, 2016. On a continued basis throughout the pendency of this case, Class Counsel submitted to the Court *in camera* detailed billing records reflecting their work on behalf of the Settlement Class. The Court has reviewed a representative sample of the billing records submitted to the Court and finds that Plaintiffs have done a reasonably good job of eliminating redundancies in billing and duplicative work. The Court therefore concludes that the lodestar of $5,797,306 submitted through July 31, 2016, is reasonable.

The Court finds that a multiplier is appropriate for two reasons. First, Class Counsel obtained an exceptional result in this case. The relief obtained for the Settlement Class compares very favorably to the other data breach settlements presented to the Court, and appears to be the most comprehensive settlement achieved in large-scale data breach litigation. The Settlement provides multi-faceted relief that is tailored to address the harms suffered by the Settlement Class and provides more benefits for the Settlement Class Members than the other data breach settlements the Court has reviewed. Second, it is evident that Class Counsel took exceptional litigation risks in devoting the amount of time and

resources which they did. Accordingly, the Court finds that a multiplier of 1.3 is reasonable and appropriate. The Court therefore awards a reasonable attorneys' fee of $7,536,497.80 for work performed through July 31, 2016.

The Court separately finds that the awarded fee is reasonable in light of the benefit conferred to the Settlement Class. Including the requested fee, the monetary benefits made available to the Settlement Class total approximately $27 million, meaning the requested fee is about 28% of the monetary benefit conferred on the Class. This analysis does not take into account the retail value of the identity theft monitoring made available to the Class (which has a market value of $180 per enrollee), or the substantial but unquantifiable value of the injunctive relief designed to protect important privacy interests. As such, the fee award is also reasonable as a percentage of the benefit conferred on the Settlement Class.

3.    **Litigation Costs and Expenses**:

Class Counsel has recorded $166,925.19 in litigation expenses incurred through July 31, 2016. There is no objection to the reimbursement of litigation costs and expenses and the Court finds reimbursement in the amount of $166,925.19 is appropriate and reasonable.

For the reasons set forth above, the Court hereby (1) approves service awards in the amount of $1,000 for each of the Settlement Class Representatives; (2) awards attorneys' fees in the amount of $7,536,497.80 to be allocated and

distributed among lawyers representing Consumer Plaintiffs' at the sole discretion of appointed Lead Counsel; and (3) awards reimbursement of costs and expenses in the amount of $166,925.19. The parties are further ordered to carry out the Settlement as provided in the Settlement Agreement.

IT IS SO ORDERED this 23rd day of August, 2016.

/s/Thomas W. Thrash
The Honorable Thomas W. Thrash, Jr.
United States District Court Judge