# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: The Home Depot, Inc., Consumer Data Security Breach Litigation | ) ) ) | Case No.: 1:16-cv-03648 |
| This Document Relates to: | ) ) | |
| CONSUMER CASES | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTOR MIORELLI'S RESPONSE IN OPPOSITION TO CONSUMER PLAINTIFFS' MOTION FOR SANCTIONS AGAINST OBJECTOR SAM A. MIORELLI PURSUANT TO 28 U.S.C. § 1927**

Pursuant to Local Rule 7.1(B), Objector Miorelli ("Mr. Miorelli") replies in opposition to the Consumer Plaintiffs' Motion for Sanctions Against Objector Sam A. Miorelli Pursuant to 28 U.S.C. § 1927 (Dkt 291 (the "Sanctions Motion")) and respectfully requests the Court deny the Sanctions Motion in its entirety.

## ARGUMENT

### I.  The relief requested by the Sanctions Motion is extreme.

A sanction imposed pursuant to 28 U.S.C. § 1927 is an extreme penalty which is "penal" in nature and must be strictly construed. *Monk v. Roadway Express, Inc.*, 599 F.2d 1378, 1382 (5th Cir. 1979), *aff'd sub nom. Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). The Eleventh Circuit has explained the three elements required under this "penal" statute:

> As the plain statutory language makes clear, § 1927 is not a "catch all" provision for sanctioning objectionable conduct by counsel. Under the plain language of the statute, three essential elements must be satisfied with respect to an award of sanctions under § 1927. First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir. 1997).

The Middle District of Florida has held that, since "vexatious" is not defined in the statute, the Black's Law Dictionary definition should apply under the ordinary meaning rule of construction. *Smartt v. First Union Nat'l Bank,* 245 F.Supp.2d 1229, 1234 (M.D. Fla. 2003). Black's Law Dictionary defines "vexatious" conduct as "without reasonable or probable cause or excuse; harassing; annoying." *Black's Law Dictionary,* Bryan A. Garner, ed. (10th ed. 2014).

Additionally, the standard for "penal" sanctions under this provision are only met "when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1239 (11th Cir. 2006) (internal quotations omitted). "Thus, an attorney's conduct must be particularly egregious to warrant the imposition of sanctions – the attorney must *knowingly* or

*recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Id.* at 1242 (emphasis in original).

As the movant, Class Counsel bears the burden of proof. To the extent Class Counsel's arguments rest on assertions that Mr. Miorelli has knowingly violated this Court's orders (in other words, arguing contempt), Class Counsel's burden is to show that by "clear and convincing proof" not merely a preponderance. *Maid of the Mist Corp. v. Alcatraz Media, LLC*, 446 Fed. Appx. 162, 165 (11th Cir. 2011).

## II.   Mr. Miorelli has not knowingly or recklessly engaged in unreasonable or vexatious conduct.

Class Counsel's argument related to Mr. Miorelli's conduct in this case (a) rehashes arguments which this Court has previously considered and denied and (b) recycles his defense against Mr. Miorelli's Motion to Quash a subpoena for violations of the Local Rules of the Middle District of Florida and the Federal Rules of Civil Procedure into a claim against Mr. Miorelli for sanctions. The first is ridiculous – imagine how litigation would proceed in the future if a *denied* motion to compel could form the basis of a Section 1927 claim. The second is refuted by the litigation history in this case that shows Mr. Miorelli has diligently pursued legally-grounded arguments throughout his involvement.

A. <u>Mr. Miorelli's insistence that Class Counsel follow the Local Rules of the Middle District of Florida is not vexatious conduct.</u>

The behavior Class Counsel complains of in *this case* consists almost entirely of Mr. Miorelli (a) demanding that Class Counsel follow the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida and (b) Mr. Miorelli proposing a confidentiality agreement that Mr. Yanchunis did not provide any response to for almost two months. Class Counsel supplements these with diversions and *ad hominem* attacks. Each argument is absurd and if the Court follows them, they will chill future lawyers in any case, not just class actions, from aggressively asserting their own or their clients' rights during discovery.

1. <u>This Court denied Class Counsel's Emergency Motion in its entirety and should not allow Class Counsel to re-litigate his already-denied complaints about Mr. Miorelli.</u>

Class Counsel begins and spends roughly 20% of the Sanctions Motion complaining of the same course of activities which previously formed the basis of "Consumer Plaintiffs' Emergency Motion to Strike Objection of Sam A. Miorelli, E.I., Esq., or in the Alternative to Extend the Page Limit for Consumer Plaintiffs to Reply and Compel his Attendance at the Final Hearing and Deposition." (Dkt 239 (the "Emergency Motion")). Mr. Miorelli thoroughly discussed this in "Objector Miorelli's Response to Consumer Plaintiffs' Emergency Motion to Strike Objection of Sam A. Miorelli, E.I., Esq. or in the Alternative to Extend the Page Limit for

Consumer Plaintiffs Time to Reply and Compel his Attendance at the Final Fairness Hearing and Deposition" (Dkt 251-1) at Section V and Mr. Miorelli incorporates that argument, discussion, and the associated declaration referenced therein (Dkt 251-2) herein as if it were fully reproduced.

This Court vindicated Mr. Miorelli's position when it denied the "Emergency Motion" in its entirety. (Dkt 257). The only difference between Class Counsel's argument before and the argument now is that now they seek an even-more-extreme sanction than the extraordinary remedies the Court already denied (*inter alia,* an order compelling Mr. Miorelli cancel an already-scheduled trip to Denver, CO to instead attend the Final Fairness Hearing in-person). Class Counsel has not asked the Court to reconsider its denial. Class Counsel cites no case supporting the proposition that after denying a motion to compel, a court would be within its discretion to nevertheless award sanctions to the unsuccessful applicant for the denied motion. This is not surprising as conduct which does not support a motion to compel *ipso facto* cannot be "unreasonable and vexatious."

    2.  <u>Class Counsel's arguments regarding an August 15, 2016 deposition are absurd even in the context of the currently-pending Motion to Quash, let alone on the standards required of Section 1927 motion.</u>

In the interest of brevity, Mr. Miorelli reincorporates as if reproduced fully herein his argument that no deposition was ever noticed for August 15, 2016 which

5

is set forth in the "Memorandum of Law in Support of Objector Miorelli's Reply to Consumer Plaintiffs' Response in Opposition to Motion to Quash by Sam A. Miorelli and Alternative Motion to Transfer," Case No. 1:16-cv-03648 (Dkt 5-1) at Section 1.A, which is currently also pending before the Court. There is no evidence Class Counsel noticed a deposition for August 15, 2016 by any means and Class Counsel did not even complain that Mr. Miorelli did not appear for a supposed deposition until about two days after it was apparently supposed to happen. This cannot form the basis of a claim that Mr. Miorelli has been "unreasonable and vexatious" and Class Counsel cites no authority that it is "unreasonable and vexatious" to not show up at a deposition for which one is not provided notice.

3. <u>Class Counsel's characterizations and excuses for the period between August 31, 2016 and September 8, 2016 are just that: excuses for Class Counsel's failure to follow the rules.</u>

Class Counsel's argument focuses finally on a period of time between August 31, 2016 and September 8, 2016. The argument starts on a strange foot by claiming that Mr. Miorelli was delaying between August 18, 2016 and August 31, 2016 in deciding whether he might appeal the Court's rulings in this Case. (Dkt 291-1 at 8-9). Yet Mr. Miorelli only received a copy of the transcript of the proceedings from court reporter Susan Baker by e-mail on the afternoon of August 30, 2016. (Exhibit 1). Class Counsel argues that Mr. Miorelli was "unreasonable

and vexatious" in the roughly one day that transpired between the moment he received a copy of the transcript and when Class Counsel claims his "delay tactics had become untenable." (Dkt 291-1 at 9). If anything is unreasonable, it is Class Counsel's characterization of that timeline.

The rest of Class Counsel's description of Mr. Miorelli's life between September 1, 2016 and September 8, 2016 is similarly hyperbolic. None of Mr. Miorelli's behavior during that timeframe diverged from that of any other middle-class American with a normal-business days and hours job and Class Counsel has presented no evidence to the contrary. Except for the very last day of that timeframe, the very day before the proposed deposition, Mr. Miorelli never had contact with a process server purporting to serve a subpoena on him. (Case No. 1:16-cv-03648, Declaration of Sam A. Miorelli, E.I., Esq. in Support of Objector Miorelli's Reply to Consumer Plaintiffs' Response in Opposition to Motion to Quash by Sam A. Miorelli and Alternative Motion to Transfer at ¶ 16). Mr. Miorelli's roommate also had no contact with a process server during the time Class Counsel claims he was attempting service: September 1, 2016 and September 7, 2016. (Case No. 1:16-cv—3648, Declaration of Eric Lindberg at ¶ 2).

Beyond the sworn statements, there is documentary evidence that casts doubt on Class Counsel's claims that a process server was in hot pursuit of Mr.

Miorelli: the certified check attached to the subpoena is dated September 8, 2016.[1] (Case No. 1:16-cv-03648, Dkt 1, at Exhibit 8). If a process server really was attempting to serve Mr. Miorelli prior to September 8, 2016, why is the tendered certified check not dated on that first attempted date of service?

All of these factual questions are tangential to whether Mr. Miorelli's behavior was "unreasonable and vexatious." It is undisputed that (a) Class Counsel never served Mr. Miorelli a subpoena in compliance with Federal Rule of Civil Procedure 45 until the night before the supposed deposition; and (b) even if a subpoena was not necessary, Class Counsel never sent notice of a deposition in a manner which would comply with the requirements of Federal Rules of Civil Procedure 5 and 30 (until, of course, the night-before subpoena service). Class Counsel cites no case where night-before notice under Rule 30 or night-before service of a subpoena under Rule 45 has been held to be reasonable even in jurisdictions outside the Middle District of Florida.

------

[1] Mr. Miorelli does not, herein, respond to the proposed Sur-Reply docketed in Case No. 1:16-cv-03648-TWT as it was delivered as this filing was being finalized. Nevertheless, a quick read of the proposed Sur-Reply, even if it is accepted by the Court, shows that the new declaration of Mr. Moore still does not answer the question regarding the date of the check and also shows that Mr. Moore claims he first attempted to serve Mr. Miorelli on September 3, 2016, yet Class Counsel previously claimed the first attempt was on September 1, 2016. (Case No. 1:16-cv-03648, Dkt 2 at 5).

**B.** <u>Even if the Court denies Mr. Miorelli's Motion to Quash Deposition Subpoena, his reliance on the law of the Middle District of Florida was not bad faith, unreasonable, or vexatious.</u>

While Mr. Miorelli firmly believes that the Court should grant his currently-pending Motion to Quash Deposition Subpoena, even if the Court denies it, Mr. Miorelli's reliance on the law of the Middle District of Florida and the Federal Rules of Civil Procedure were not bad faith, unreasonable, or vexatious.

Local rules have the force of law.[2] *Castro v. Director, F.D.I.C.*, 449 Fed.Appx. 786, 788 (11th Cir. 2011) (citing *Hollingsworth v. Perry*, 558 U.S. 183, 130 S.Ct. 705, 710, 175 L.Ed.2d 657 (2010)). Mr. Miorelli had the reasonable expectation that, under the *current* Federal Rules of Civil Procedure, his Motion to Quash would be litigated before the Middle District of Florida where Local Rule 3.02 and the cases interpreting the same clearly forbade Class Counsel's behavior. In support of this, Mr. Miorelli cited twelve cases in his Motion to Quash and ten cases in his Reply

---

[2] Mr. Miorelli notes that Class Counsel makes further arguments related to whether this Court should enforce the Local Rules of the Middle District of Florida in a proposed Sur-Reply. It appears that Class Counsel admits that the *current* revision of the Federal Rule of Civil Procedure 45 does not specify whether this Court's local rules or the Middle District of Florida's local rules apply and only supports their position with uncited mentions of past practice. Even if the Court followed Class Counsel's argument, they have not presented any authority suggesting that an attorney's conduct is "unreasonable and vexatious" when they argue for a construction of a Federal Rule of Civil Procedure which is facially reasonable in its *current* revision.

which supported his legal arguments in support of this reasonable position.

Mr. Miorelli also cited cases showing that night-before-service does not comport with the more generalized requirements of Federal Rule of Civil Procedure 45. This has not been refuted by Class Counsel. Also, Class Counsel has provided no case finding night-before notice under either Federal Rule of Civil Procedure 30 or 45 sufficient or any case which would excuse Class Counsel from the requirements of Federal Rule of Civil Procedure 5.

Certainly this shows that Mr. Miorelli had a good faith basis for his legal arguments in the Motion to Quash and his behavior in accordance with the same. Class Counsel has also made no argument that Mr. Miorelli had *any alternative* but to wait to file his Motion to Quash until after he was served with the night-before subpoena. To the extent that Class Counsel says the Motion to Quash was filed "too late" he has provided no authority to explain what Mr. Miorelli should have done differently to protect his rights under the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Certainly it cannot be bad faith, unreasonable, or vexatious for Mr. Miorelli to dutifully follow the rules of the jurisdiction in which he resides and his overnight-marathon of drafting his Motion to Quash shows his diligence in that regard.

### III.   Class Counsel wants to re-litigate issues the Court already decided in favor of Mr. Miorelli.

Class Counsel's Motion for Sanctions, replete as it is with *ad hominem* attacks, also throws in additional complaints about Mr. Miorelli. Class Counsel continues to claim that Mr. Miorelli's 82-page Objection was a "expression of contempt for the court process" and that his "failure to appear at the final approval hearing to defend his objections to the settlement" was one as well. (Dkt 291-1 at fn 2). This is another complaint Class Counsel already raised in their "Emergency Motion" and which the Court specifically denied on the record:

> I am going to deny the motion. I looked at the local rule. It's not absolutely clear to me that it would apply to an objection in this context; and I think I have to give him the benefit of the doubt since there was nothing said in the order preliminarily approving the settlement and setting forth the procedures, quite detailed procedures, to be followed in filing an objection that there was any page limit on his filings.

(Dkt 259 at 24:16-24.) The remainder of their laundry list of extraordinary relief requested in the "Emergency Motion" were also denied by the Court. (Dkt 257). Just as with the other issues Class Counsel seeks to re-litigate, the Court has not been asked to reconsider its denial of the Emergency Motion. As described *supra*, Class Counsel has not cited a single case standing for the proposition that Mr. Miorelli should be sanctioned for filing an objection whose length and content the

Court ruled was *not* a violation of the Court's Local Rules.

Class Counsel has also never cited a case standing for the proposition that Mr. Miorelli's nonattendance at the Final Fairness Hearing was improper. The Court also considered and denied Class Counsel's attempt to force Mr. Miorelli to attend the Final Fairness Hearing. Having lost in their attempts to compel Mr. Miorelli's attendance at a hearing, Class Counsel now seeks sanctions on the same facts. Considering the much-heightened standard for sanctions under Section 1927, this is a ham-handed overreach and the Court should deny it in its entirety.

## IV.   Filing a single motion to quash a subpoena is not a multiplication of legal proceedings.

Class Counsel presents almost no legal argument to support his contention that Mr. Miorelli's conduct in this case has "multiplied" the proceedings, in fact, he spends only one sentence on this element. (Dkt 291-1 at 12). A review of the case law shows why: there are no cases that support a contention that filing a motion to quash a subpoena, much less filing it the immediate morning after the subpoena is served, is a multiplication of proceedings.

### A. Multiplication of proceedings is a high standard.

Courts only find a multiplication of proceedings in a few categories of behavior that are readily distinguishable from this case. The most common is filing multiple lawsuits about the same issues in multiple courts while the other lawsuits

are pending. *See, e.g., Roberson v. Cartinhour*, 883 F.Supp.2d 121, 126-27 (D.D.C. 2012) (attorney filed one action in the Southern District of New York while essentially the same litigation was pending before the District Court for D.C.); *Richards v. Sen*, 825 F.Supp.2d 1259, 1261-62 (S.D. Fla. 2010) (ordering counsel to show cause why sanctions should not be imposed for filing the same action in 2009 before the same court that dismissed the same action in 2007 for lack of personal jurisdiction).

Another source of Section 1927 sanctions for multiplication of proceedings is the pursuit of a frivolous claim. However, Section 1927 sanctions are only available when an attorney "knowingly and recklessly pursues a frivolous claim…" *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). The Eleventh Circuit has held that even once an attorney has reason to know a claim is frivolous, continued pursuit of the claim is not necessarily bad faith. *Smith v. Grand Bank & Trust of Fla.*, 193 Fed.Appx. 833, 838 (11th Cir. 2006). The Eleventh Circuit also held that even if pursuit of a frivolous claim was bad faith, such bad faith alone is not enough for Section 1927 sanctions,

> unless the conduct also multiplied the litigation. Thus, there must be some causal connection between the conduct and the continuation of proceedings that otherwise would not have occurred. There was no such connection in the instant case, which lasted only a few

months and involved minimal discovery.

*Id.*

Mr. Miorelli's Appeal still has not even had the initial brief filed and this Court will not even hear Class Counsel's Motion for Bond Pending Appeal until almost two weeks from the date of this filing. Consequently, Class Counsel has not and cannot show that Mr. Miorelli's filing the Motion to Quash has "multiplied" the litigation. Mr. Miorelli has an right to seek to quash an improper subpoena and Class Counsel has showed no other part of this litigation has been adversely extended or prolonged even if the Court denied Mr. Miorelli's Motion to Quash in its entirety. It would be a true novelty for this Court to hold that the filing of a single motion to quash a defective subpoena the morning after such subpoena is served is sufficient multiplication of proceedings to qualify for sanctions.

B. Use of Section 1927 sanctions to punish actual discovery violations is rare and Mr. Miorelli has not been found to have committed any discovery violation and is not alleged to have committed anywhere near the violations sufficient to warrant Section 1927 sanctions.

Using Section 1927 to punish attorneys for discovery violations is rare. Mr. Miorelli has not been found to have committed any discovery violation in this case and Class Counsel has not even alleged violations sufficient to support a sanction.

When sanctions have been awarded, they only were after not only extensive practice which (a) plainly violated the Federal Rules of Civil Procedure and Local

14

Rules and (b) when such violations involved extensive court involvement. For example, in *Apex Oil Co. v. Belcher Co. of New York, Inc.*, 855 F.2d 1009 (2d Cir. 1988), the Second Circuit upheld a Section 1927 sanctions award when the defendant in the case consistently forced the plaintiff to make a motion to compel discovery and then shortly after it was filed the defendant voluntarily complied with the demanded discovery thus mooting the motion. *Id.* at 1020. In *Malautea v. Suzuki Motor Corp.*, 148 F.R.D. 362 (S.D. Ga. 1991), the Southern District of Georgia granted Section 1927 sanctions after the defendant (a) gave incomplete and evasive answers to interrogatories, including claiming the common English words were vague, (b) failed, even after the court's direct threat to "start striking answers unless it comes forward," to provide the requested information, (c) defendant's counsel was found to have "participated in the Defendants' cover up of […] damaging evidence," and (d) the defendant's only argument for their noncompliance was that they "forgot." *Id.* at 365-70. Even still, the court in *Malautea* only awarded sanctions after, at the sanctions hearing, the defendant continued providing evasive answers and the defendant's chief legal officer, who had flown from Japan for the hearing, claimed to not be personally familiar with the core documents at issue in the case. *Id.* at 373.

The Eleventh Circuit affirmed *Malautea* and subsequent courts have used its

litany of discovery abuse as the standard for awards of Section 1927 sanctions for discovery violations. *Malautea v. Suzuki Motor Corp.*, 987 F.2d 1536 (11th Cir. 1993). For example, in *Carter v. Butts County, Ga.*, Case No. 5:12-CV-209 (LJA), 2016 WL 1274557 (M.D. Ga. Mar. 31, 2016), the court refused to impose Section 1927 sanctions for discovery violations because, compared to *Malautea*, the attorney at issue in that case did not "assist in covering up material evidence or fail to comply with a Court order." *Id.* at *13.

C. Class Counsel's allegations do not even rise to the standard of multiplication required for sanctions and Class Counsel certainly has not proved such.

Mr. Miorelli has filed a single motion in this case seeking relief from a plainly-defective subpoena. He has never been ordered by the Court to relax his insistence that Class Counsel comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. This Court has never even suggested that Mr. Miorelli's reliance on that legal authority was misplaced.

Class Counsel has also not argued that Mr. Miorelli's arguments related to the Motion to Quash are frivolous or that Mr. Miorelli has covered up any material evidence in the case, given improper answers to interrogatories, or failed to produce documents ordered by the Court. Despite Class Counsel's claims that Mr. Miorelli has violated this Court's orders, the one-time Class Counsel tested this

theory with a motion to compel, the Court denied the motion. (Dkt 257). Compared to the standard set forth in *Malautea* and as interpreted by other courts within the Eleventh Circuit, Class Counsel has not even alleged conduct to support Section 1927 sanctions, let alone proved such.

**V.    Sanctions against Mr. Miorelli would be novel and destructive: Class Counsel asks this Court to be the *first-ever* to sanction an objector under Section 1927 in an effort to chill future objections.**

Class Counsel has not presented a single case where a court has granted Section 1927 sanctions against an objecting Federal Rule of Civil Procedure 23(a) class member. Mr. Miorelli can only find a single case where Section 1927 sanctions were even *considered* against an objector in a Rule 23(a) class action settlement context: *Jaffee v. Morgan Stanley & Co., Inc.*, Case No. C 06-3903 TEH, 2008 WL 346417 (N.D. Cal. Feb. 7, 2008). In *Jaffee*, an objector argued that one of the class representatives was inadequate and made other arguments such as seeking to conduct discovery. *Id.* at *6, *8-*9. During the litigation, the Court sought further briefing (including an amended settlement agreement) from the parties only before granting preliminary approval of the class action settlement. *Id.* at *1. Without leave of court, a group of objectors attempted to "file a 20-page brief and nearly two and a half inches of supporting documents…" *Id.* at fn 1. The Court denied this motion and warned that further submissions "may subject them to

sanctions under 28 U.S.C. § 1927 for vexatiously multiplying this litigation." *Id.*

The fact that *Jaffee* appears to be the only case available in Westlaw that even contemplates Section 1927 sanctions for an objector shows how extraordinary Class Counsel's request is. It also shows that it would be an unfair surprise for the Court to order sanctions against Mr. Miorelli without warning. Mr. Miorelli's actions throughout have been informed by and made on the basis that the Local Rules of the Middle District of Florida applied to any deposition of him and also that the Federal Rules of Civil Procedure applied in full as well. To the extent the Court chooses in the context of the Motion to Quash to relax those formalities in Class Counsel's favor, Mr. Miorelli should at least have fair warning of such before being subject to sanctions.

This Court may be the first ever to receive full briefing on proposed Section 1927 sanctions against a Rule 23(a) objector. If it grants them, it will be paving new and dangerous ground with a decision that will dramatically stifle future class member objections nationwide regardless of those objections' merits.

## VI. Despite Class Counsel's *ad hominem* attacks, Mr. Miorelli is building a track record of successfully improving class action outcomes.

Class Counsel has used *ad hominem* attacks in every filing related to Mr. Miorelli. (Dkt 239-1 at 2; Dkt 245 at 9; Dkt 259 at 12, 16:9-13, 17:2-7, 22:4-24:15, 57:18-22; Dkt 291-1 at 4-6, 9, 11-12; Dkt 292-1 at 9-11, 14-17, 19; Case No. 1:16-cv-03648

Dkt 2 at 2-6, 10-13). This has included defamatory claims that Mr. Miorelli intends to engage in election crimes:

> MR. BARNES: [. . .] He said he had to go to a Republican voter suppression meeting where he is going to be there at the polls to make sure that Donald Trump gets every vote that he's entitled to go and that he - - that that training interferes with him giving his deposition.

Dkt 259 at 57:18-22. Mr. Miorelli expected such uncouth behavior when he objected in this case as these *ad hominem* attacks are the bread and butter of attorneys like Class Counsel.[3] Despite this predictable abuse, Mr. Miorelli has used his skills and time to bring the significant problems with the Settlement Agreement to the Court's attention in this case as well as in other cases.

Mr. Miorelli is developing a track record of successfully improving the outcomes of consumer class action cases. For example:

- In *O'Leary v. Office Depot, Inc.*, Mr. Miorelli objected to restrictions on the terms and conditions of the coupon-only settlement and negotiated a change that allowed the coupons to be used in any state instead of only California, a significant improvement for the class. (Dkt 371-1 at 5).

---

[3] If the Court requests, Mr. Miorelli will provide a litany of the *ad hominem* attacks other plaintiffs' lawyers have made against Mr. Miorelli, his mother, and his grandfather in other cases.

- In *In Re Carrier IQ, Inc., Consumer Privacy Litigation*, Case No. 12-md-02330-EMC (N.D. Cal.), Mr. Miorelli objected to many aspects of the proposed settlement agreement. The Court followed Mr. Miorelli's request for reduced incentive awards and reverted the $10,000 savings directly to the common fund. Mr. Miorelli did not seek compensation for his time and costs in that achievement.

- In *Hendricks v. Starkist Co.*, Case No. 13-cv-00729-HSG (N.D. Cal.), Mr. Miorelli represented an objector and successfully argued for a reduction in attorneys' fees and eliminating incentive awards for non-parties the class lawyers wanted to compensate. Mr. Miorelli's efforts resulted in an improvement of the common cash fund by $408,000, which is more than 11% of the total.

### VII.  Class Counsel wants to prevent Mr. Miorelli from objecting in this and other cases to protect himself, not the absent class members.

While Mr. Miorelli readily admits there have been some failures and mistakes in his past objections, he has not made those mistakes here and no court in the past has threatened sanctions. His track record of success shows that Mr. Miorelli's conduct is not the sort Class Counsel alleges.

Mr. Miorelli has a right to object to the proposed settlement and to litigate that objection thoroughly. *Devlin v. Scardelletti*, 536 U.S. 1, 8-9 (2002) ("Rule 23(e) entitles all class members to an opportunity to object."). Objectors like Mr. Miorelli are important voices of moderation in a process that otherwise would have no

adversarial debate. The process already is heavily tilted in favor of approving the settlement and objectors like Mr. Miorelli face a significant burden even without adversarial tactics like these from Class Counsel. The interests of justice are best served when the often-lonely voices of dissent have a full and fair opportunity to explain their objections to the Court. *See, e.g.,* Deborah. R. Hensler, et. al., *Class Action Dilemma – Pursuing Public Goals for Private Gain*, 491-96 (Rand Inst. for Civil Justice 2000). "When there are objecting class members, the judge's task is eased because he or she has the benefit of the adversary process: objectors versus settlors (that is, versus class counsel and the defendant)." *Redman v. Radioshack Corp.*, 768 F.3d 622 (7th Cir. 2014). Class Counsel's Motion for Sanctions is a naked attempt to stifle that process.

This Court should not reward Class Counsel's complaints, all of which stem from Class Counsel's own unwillingness to follow the Federal Rules of Civil Procedure and/or the Local Rules of the Middle District of Florida with sanctions that force Mr. Miorelli out of this court and into bankruptcy court. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974). Class Counsel wants to create yet another reason for objectors like Mr. Miorelli not to stand up and raise issues in cases. This Court should not reward those excuses with a crippling penalty against Mr. Miorelli.

**VIII.  Class Counsel has not showed, even if the Court agreed sanctions were appropriate, the requisite particularity of their monetary claim.**

While Mr. Miorelli vigorously denies that sanctions are appropriate, even if the Court were inclined to grant sanctions, Class Counsel's single-sentence assertion of time he seeks compensation for is insufficient to grant such a large and unprecedented sanction against Mr. Miorelli. The Court is required to exclude "excessive, redundant or otherwise unnecessary hours […] from the amount claimed." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Since Class Counsel has not provided billing records, it is impossible for Mr. Miorelli to even respond to this element of the analysis. But, for the reasons set forth above, this is not necessary as Class Counsel has not met any of the other elements for Section 1927 sanctions.

**IX.    Conclusion.**

For the reasons stated, the Court should deny the Motion for Sanctions. If the Court is not convinced to deny the Motion for Sanctions in its entirety, Mr. Miorelli respectfully requests the opportunity to be heard by the Court.

Respectfully submitted this 11th day of October, 2016.

_____
Sam A. Miorelli, E.I., Esq. *pro se*