# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation  )<br>)<br>)<br>This document applies to:  )<br>FINANIAL INSTITUTION CASES  ) | Case No.: 1:14-md-02583-TWT |

## PRELIMINARY APPROVAL ORDER

This matter is before the Court for consideration of whether the settlement reached by the parties should be preliminarily approved, the proposed settlement class preliminarily certified, and the proposed plan for notifying the class approved. Having reviewed the proposed settlement agreement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed settlement satisfies the criteria for preliminary approval, the proposed settlement class should be preliminarily certified, and the proposed notice plan approved. Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of The Settlement Class

(1)   The Court provisionally certifies the following settlement class:

> All banks, credit unions, financial institutions, and other entities in the United States (including its Territories and the District of Columbia) that issued Alerted-on Payment Cards. Excluded from the class are entities that have released all of their claims against Home Depot, but not excluded from the class are independent sponsored entities whose claims were released in connection with Alternative Recovery Offers made by MasterCard.

Also excluded from the settlement class are Home Depot and the financial institutions that timely and validly opt out. This settlement class is provisionally certified for purposes of settlement only.

(2) The Court determines that for settlement purposes the proposed settlement class meets all the requirements of Federal Rule of Procedure Rule 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3)     The class members designated as "Settlement Class Representatives" in Paragraph 26 of the settlement agreement are designated and appointed as the representatives of the proposed class.

(4)     The following lawyers, who were previously appointed by the Court as interim Co-lead Counsel or Chair of the Plaintiffs' Steering Committee, are designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g):  Kenneth S. Canfield of Doffermyre Shields Canfield & Knowles, LLC; Joseph P. Guglielmo of Scott+Scott, Attorneys at Law, LLP; Gary F. Lynch of Carlson Lynch Sweet & Kilpela, LLP; and James J. Pizzirusso of Hausfeld, LLP - DC.  The Court finds that these lawyers are experienced and will adequately protect the interests of the settlement class.

## Preliminary Approval of the Proposed Settlement

(5)     Upon preliminary review, the Court finds the proposed settlement is fair, reasonable and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the settlement class.  Accordingly, the proposed settlement is preliminarily approved.

## Final Approval Hearing

(6)     A Fairness Approval Hearing shall take place before the Court on **September 22, 2017, at 11:00 a.m.** in Courtroom 2108 of the Richard B. Russell

Federal Building and United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, Georgia 30303-3309, to determine, among other things, whether: (a) the proposed settlement class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the settlement should be finally approved as fair, reasonable and adequate and, in accordance with the settlement's terms, this matter should be dismissed with prejudice; (c) the application of Settlement Class Counsel for an award of attorneys' fees and expenses should be approved; and (d) the application for the class representatives to receive service awards should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(7)     Settlement Class Counsel shall submit their application for fees and expenses and the application for services awards to the class representatives thirty days before the Final Approval Hearing. Home Depot shall submit its Response to Plaintiffs' Application for Attorneys' Fees, Expenses and Service Awards no later than ten days before the Final Approval Hearing.

(8)     Any settlement class member that has not timely and properly excluded itself from the settlement class in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed settlement; provided,

however, that no class member that has elected to exclude itself from the class shall be entitled to object or otherwise appear, and, further provided, that no class member shall be heard in opposition to the settlement unless the class member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration

(9)  Angeion Group is appointed as the Settlement Administrator, with responsibility for class notice and claims administration. Home Depot shall pay the Settlement Administrator's fees, as well as all other costs and expenses associated with notice and administration as provided in the settlement agreement.

## Notice to the Class

(10)  The notice program set forth in the settlement agreement and the forms of notice and claim forms attached as exhibits to the settlement agreement satisfy the requirements of Federal Rule of Civil Procedure 23 and thus are approved. Non-material modifications to the exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the notice program in conformance with the settlement agreement and to perform all other tasks that the settlement agreement requires.

(11)   The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

## Exclusions from the Class

(12)   Any settlement class member that wishes to be excluded from the settlement class must mail a written notification of the intent to exclude itself to the Settlement Administrator at the address provided in the notice, postmarked no later than **June 12, 2017** (the "Opt-Out Deadline").  The written notification must identify the settlement class member and this action; state that the settlement class member has chosen to opt-out or exclude itself from the settlement class; and

contain the name, address, position, and signature of the individual who is acting on behalf of the settlement class member.

(13)  The Settlement Administrator shall provide the parties with copies of all opt-out notifications, and a final list of all that have timely and validly excluded themselves from the settlement class, which should be filed with the Court before the Final Approval Hearing.

(14)  Any settlement class member that does not timely and validly exclude itself from the settlement shall be bound by the terms of the settlement.  If final judgment is entered, any settlement class member that has not submitted a timely, valid written notice of exclusion from the settlement class shall be bound by all subsequent proceedings, orders and judgments in this matter, including but not limited to the release set forth in the settlement and final judgment.

(15)  All those that submit valid and timely notices of exclusion shall not be entitled to receive any benefits of the settlement.

## Objections to the Settlement

(16)  A settlement class member that complies with the requirements of this Order may object to the settlement, the request of Settlement Class Counsel for an award of fees and expenses to Settlement Class Counsel, or the request for service awards to the class representatives.

(17) No settlement class member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any settlement class member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Home Depot's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. Objections shall not exceed twenty five (25) pages. For the objection to be considered by the Court, the objection shall set forth:

    (a) The name of this action and reference that the objection applies to the Financial Institution cases;

    (b) The name of the objector and the full name, address, email address, and telephone number of the person acting on its behalf;

    (c) An explanation of the basis upon which the objector claims to be a settlement class member;

    (d) All grounds for the objection, accompanied by any legal support for the objection;

    (e) The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the settlement, the fee application, or the

application for service awards;

    (f)    The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    (g)    The number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders relating to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each case;

    (h)    The number of times in which the objector's counsel and the counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each case;

    (i)    If the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include (i) a description of the attorney's legal background and prior experience in connection with class action litigation;

(ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

(j) Any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

(k) A description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented;

(l) A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and,

(m) The objector's signature on the written objection (an attorney's signature is not sufficient).

(18) In addition, any settlement class member that objects to the proposed settlement must make itself available to be deposed regarding the grounds for its

objection and must provide along with its objection the dates when the objector will be available to be deposed during the period from when the objection is filed through the date five days before the Final Approval Hearing.

(19)   Any settlement class member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the settlement agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the settlement agreement if final judgment is entered.

## Claims Process and Distribution Plan

(20)   The settlement agreement establishes a process for assessing and determining the validity and value of claims and a methodology for paying settlement class members that submit a timely, valid claim form. The Court preliminarily approves this process, including specifically the Distribution Plan attached as Exhibit 1 to the settlement agreement, and directs that the Settlement Administrator effectuate the claims and distribution process according to the terms of the settlement agreement.

(21)   Settlement class members that qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the notice and the claim forms.  If final judgment is entered, all settlement class

members that qualify for any benefit under the settlement but fail to submit a claim in accordance with the requirements and procedures specified in the notice and claim forms shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the settlement agreement, including the release included in that agreement, and the final judgment.

## Termination of the Settlement and Use of this Order

(22)    This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is not finally approved by the Court or is terminated in accordance with the terms of the settlement agreement.  In such event, the settlement and settlement agreement shall become null and void and be of no further force and effect, and neither the settlement agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever.

(23)    This Order shall be of no force or effect if final judgment is not entered or there is no Effective Date under the terms of the settlement agreement; shall not be construed or used as an admission, concession, or declaration by or against Home Depot of any fault, wrongdoing, breach, or liability; shall not be

construed or used as an admission, concession, or declaration by or against any settlement class representative or any other settlement class member that its claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any other lawsuit.

## Stay of Proceedings

(24)   Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the final judgment, or until further order of this Court.

## Continuance of Final Approval Hearing

(25)   The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the settlement class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

## Summary of Deadlines

(26)  The settlement agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.

Deadlines arising under the settlement agreement and this Order include but are not limited to the following:

    Notice Deadline:  **April 12, 2017**

    Objection and Opt-Out Deadline:  **June 12, 2017**

    Claims Deadline:  **August 14, 2017**

    Final Approval Hearing:  **September 22, 2017**

    Application for Attorneys' Fees, Expenses and Service Awards:  **August 23, 2017**

    Home Depot's Response to Plaintiffs' Application for Attorneys' Fees, Expenses and Service Awards:  **September 12, 2017**

    Motion for Final Approval of the Settlement:  **August 23, 2017**

IT IS SO ORDERED this 10th day of March, 2017.

                                         /s/Thomas W. Thrash
                                         The Honorable Thomas W. Thrash Jr.
                                         United States District Court Judge