FILED IN OPEN COURT
U.S.D.C. Atlanta

SEP 22 2017

JAMES N. HATTEN, Clerk
By: /s/ Sewell
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation <br><br> This document applies to: <br> FINANCIAL INSTITUTION CASES | Case No.: 1:14-md-02583-TWT |

## FINAL ORDER AND JUDGMENT

This matter is before the Court on plaintiffs' unopposed motion for final approval of the parties' proposed settlement, which was preliminarily approved by the Court, and certification of the settlement class. Having considered the written submissions and after oral argument at a hearing on September 22, the Court hereby grants the motion for the reasons set forth below.

## FACTUAL BACKGROUND

(1) In September, 2014, Home Depot announced that its payment data systems had been breached. Investigation revealed that hackers had placed malware on Home Depot's self-checkout kiosks in stories across the country, allowing the hackers to steal customers' personal financial information, including names, payment card numbers, expiration dates, and security codes. The stolen information was then sold over the internet to thieves who made massive numbers

of fraudulent transactions using the payment cards that financial institutions, like Plaintiffs, had issued to Home Depot's customers. The financial institutions allege they were forced to cancel and reissue the compromised payment cards to mitigate the damage, reimburse their customers for fraudulent transactions, and otherwise incur substantial out of pocket expenses in responding to the data breach.

(2) In the fall of 2014, financial institutions filed more than twenty five class action lawsuits alleging that the data breach and the financial institutions' resulting losses were caused by Home Depot's failure to have adequate data security measures. After these lawsuits were centralized before this Court by the Judicial Panel on Multidistrict Litigation, Plaintiffs filed a consolidated complaint alleging claims against Home Depot for negligence, negligence per se, and violation of various state statutes. Home Depot moved to dismiss. The Court denied in part the motion in an order entered on May 18, 2016. Thereafter, the parties informed the Court of their desire to discuss settlement. After eight months of negotiations under the supervision of two separate mediators, the parties executed a settlement agreement on March 8, 2017. The Court preliminarily approved the proposed settlement and the plan for notifying the class on May 16, 2017. At the parties' request, the Court modified its preliminary approval order on April 19, 2017 to add a publication component to the notice program and to

extend the deadlines for notice, objections and exclusions, and filing claims.

(3) Pursuant to the plan approved in the preliminary approval order, notice has been disseminated to the class. The objection and exclusion deadline was July 12, 2017. No class members objected to the settlement. Three class members, which are identified in Exhibit A, opted out.

## SETTLEMENT TERMS

(4) In broad brush strokes, the settlement agreement compensates financial institutions that have not already released their claims and sponsored entities whose claims were released by their sponsors in connection with MasterCard's ADC program. Except for those sponsored entities, financial institutions that already have released their claims are not in the settlement class. The direct benefits of the settlement include a $25 million fund to be distributed to those class members that issued cards compromised in the data breach that are not subject to a release, up to an additional $2.25 million to be paid to eligible sponsored entities whose claims were released, and new data security measures to be implemented by Home Depot.

(5) **The $25 Million Settlement Fund.** Home Depot will pay $25 million into a fund to be distributed to financial institutions that have not released all of their claims. Under the Distribution Plan (Dkt. 327-3 at 27) that governs

payments from the fund, a copy of which is attached as Exhibit 1 to the settlement agreement, class members that file a valid claim will receive a "fixed payment award" estimated to be $2.00 per compromised card without having to prove their losses and regardless of whether the amount of compensation they already have received from another source. Class members that submit proof of their losses and the compensation they already have received, if any, are eligible for an additional "documented damages award" from the fund of up to 60 percent of their uncompensated losses from the data breach. Documented damages awards will be paid from the money remaining after payment of all fixed payment awards. If there is not enough money remaining, each documented damages award will be reduced pro rata. If there is money available after all fixed payment and documented damages awards have been funded, all awards will be increased pro rata. No money in the fund will revert to Home Depot.

(6) **Up to $2.25 Million to Sponsored Entities.** The settlement also requires Home Depot to pay up to $2.25 million to sponsored entities whose claims were released by their sponsor in connection with MasterCard's ADC program. Plaintiffs have challenged the validity of these releases on the grounds that the sponsors lacked authority to enter into them and that the communications sent to the sponsored entities were misleading and coercive. Eligible sponsored entities

that submit a valid claim will be entitled to a payment of $2.00 per compromised card. If the valid claims exceed the $2.25 million cap, the actual payments will be reduced pro rata so that the cap is not exceeded. No fund will be created. So if the valid claims are less than $2.25 million, Home Depot will only be obliged to pay the amount of the valid claims.

(7) **<u>Additional Security Measures.</u>** For at least two years, Home Depot has agreed to implement the following data security measures, which are in addition to those measures Home Depot agreed to adopt in the settlement in the Consumer Track:

> a. *Safeguard Design Resulting From Risk Exception Process*. Home Depot will design and implement reasonable safeguards to manage the risks, if any, identified through its data security risk assessments. Home Depot will track and manage its data security risk assessments utilizing a risk exception process which will include the involvement of Home Depot's leadership. The risk exception process shall be reviewed annually in connection with past risk determinations for consideration and evaluation of Home Depot's current risk level.

> b. *Vendor Program.* Home Depot will develop and use reasonable steps to select and retain information technology service providers and other vendors capable of maintaining security practices consistent with the requirements set forth herein. Home Depot service providers or vendors who have access to payment card information of Home Depot's customers, shall be assessed annually, including an on-premise visit, where appropriate, by a Home Depot representative to validate compliance with the security practices implemented above..

c. *Industry Standard Adoption.* Home Depot's information security program will design and implement an industry recognized security control framework as appropriate for the Home Depot environment..

(8)     **The Costs of Notice and Administration.** Home Depot will pay all costs of notifying the class and administering the settlement. These costs will be paid separately and will not reduce the other benefits going to the class.

(9)     **Attorneys' Fees, Expenses, and Service Awards.** The settlement agreement provides that Class Counsel will apply to the Court for an award of attorneys' fees and expenses, which will be paid by Home Depot separately from the other settlement relief. There is no agreement regarding the amount of any award, and each party reserves the ability to appeal from the amount the Court awards. In addition, the settlement agreement provides that Class Counsel will apply for, and Home Depot agrees not to oppose, service awards of up to $2500 for each class representative to compensate them for their efforts and commitment. Any service awards approved by the Court will be paid from the $25 million settlement fund.

## APPROVAL OF CLASS NOTICE

(10)    The class has been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Declaration of Denise Earle

Regarding Notice, the Court hereby finds that notice was accomplished in accordance with the Court's directive. The Court further finds that the notice program constituted the best practicable notice to the settlement class under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. Proc. 23, and 28 U.S.C. § 1715. Accordingly, the Court has jurisdiction over all class members for purposes of the settlement.

(11) The Class Action Fairness Act ("CAFA") provides that "each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement[.]" 28 U.S.C. § 1715(b). Home Depot satisfied this notice requirement on February 2, 2017. (See Dkt. No. 337-2 ¶ 4).

## APPROVAL OF THE SETTLEMENT

(12) The Court finds that the parties' settlement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval. The Court has considered the complexity, expense and likely duration of the litigation if the settlement is not approved; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the

case is tried; the opinions of class counsel and the class representatives; and the lack of any opposition to the settlement.

(13) The Court also finds, based on the well-developed record, that class counsel were well prepared, understood the merits of the case, and had sufficient information to evaluate the proposed settlement; and that the settlement is the best interests of the class considering the significant risks and substantial expense of continued litigation, particularly since the class will receive the benefits of the settlement immediately.

(14) Accordingly, pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the settlement set forth in the settlement agreement, and finds that the settlement, the settlement agreement, and the Distribution Plan for distributing the settlement funds are in all respects fair, reasonable, and adequate, and are in the best interest of the settlement class.

## CERTIFICATION OF THE SETTLEMENT CLASS

(15) The Court hereby certifies, for settlement purposes only, the following settlement class:

> All banks, credit unions, financial institutions, and other entities in the United States (including its Territories and the District of Columbia) that issued Alerted-On Payment Cards. Excluded from the class are entities that have released all of their claims against Home Depot, but not excluded from the class are independent sponsored entities whose

>  claims were released in connection with Alternative Recovery Offers made by MasterCard.

(Dkt. No. 327-3, ¶ 36). Also excluded from the class are Home Depot and the financial institutions that opted out and are identified in Exhibit A. The term "Alerted-On Payment Card" means "any payment card (including debit or credit cards) that was identified as having been at risk as a result of the Data Breach in an alert issued by Visa, MasterCard, Discover, or American Express." (Dkt. No. 327-3, ¶ 1).

(16)   The Court finds that all of the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the settlement class for settlement purposes only. The settlement class, which contains thousands of members, is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the settlement class; the claims of the settlement class representatives are typical of the claims of the absent settlement class members; the settlement class representatives and settlement class counsel have and will adequately and fairly protect the interests of the settlement class; and the common questions of law and fact predominate over questions affecting only individual settlement class members, rendering the settlement class sufficiently cohesive to warrant a class settlement.

(17)   In making all of the foregoing findings, the Court has exercised its

discretion in certifying a settlement class.  Home Depot has preserved all of its defenses and objections against and rights to oppose certification of a litigation class if the settlement does not become final and effective in accordance with the terms of the settlement agreement.  Neither this order nor the settlement agreement shall constitute any evidence or admission of liability by Home Depot, or an admission regarding the propriety of certification of any particular class for litigation purposes, nor shall this order be offered in evidence in any proceeding relating to the certification of a class.

(18)   Class Counsel have adequately represented the settlement class.  The lawyers the Court appointed to serve as co-lead counsel for the class and chair of the Plaintiffs' Steering Committee, namely Kenneth Canfield, Joseph Guglielmo, Gary Lynch, and James Pizzirusso, are hereby appointed as settlement class counsel.  The entities identified as "Settlement Class Representatives" in Paragraph 27 of the settlement agreement with the exception of Big Island Federal Credit Union, High Point Bank, and Hudson City Savings Bank are hereby appointed as settlement class representatives.

## RELEASES

(19)   Pursuant to, and as more fully described in Section IX of the settlement agreement (Dkt. No. 327-3), on the Effective Date (Dkt. No. 327-3, ¶

11), the Releasing Parties as defined in settlement agreement (Dkt. No. 327-3, ¶ 22) shall be deemed to have, and by operation of this order and final judgment shall have, fully and irrevocably released and forever discharged the Released Parties from the claims identified in Paragraphs 56 through 58 of the settlement agreement.  In addition, on the Effective Date, Home Depot shall be deemed to have, and by operation of this order and final judgment shall have, fully and irrevocably released and forever discharged Plaintiffs, the other members of the settlement class, and settlement class counsel from the claims described in Paragraph 59 of the settlement agreement.  (Dkt. No. 327-3)

## DISMISSAL AND FINAL JUDGMENT

(20)   The Court hereby dismisses this action with prejudice as against the named plaintiffs, all members of the settlement class and the defendants.  The parties shall bear their own costs except as provided by the settlement agreement.

(21   No class representative or settlement class member, either directly, representatively or in any other capacity (other than a settlement class member who validly and timely elected to be excluded from the settlement class), shall commence, continue or prosecute any action or proceeding in any court or tribunal asserting any of the claims that have been released under the settlement agreement, and they are hereby permanently enjoined from so proceeding.

(22) By reason of the settlement, and there being no just reason for delay, the Court hereby enters final judgment in this matter, which the Clerk of Court is directed to immediately enter.

(23) Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the settlement agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment; for purposes of considering Plaintiffs' motion for fees, expenses and service awards to the class representative, and for any other necessary purpose. The class representatives, defendants, and each member of the settlement class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the agreement, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or

objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

## USE OF THIS ORDER

(24) That the parties have reached a settlement and participated in proceedings related to the settlement should not be (a) offered or received as evidence of a presumption, concession, or an admission by any party, or (b) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, wrongdoing or other dereliction of duty; provided, however, that reference may be made to the settlement agreement as may be necessary to effectuate or enforce its provisions.

(25) In the event that the settlement does not become effective according to the terms of the settlement agreement, this Order and Final Judgment shall be rendered null and void as provided by the settlement agreement, shall be vacated, and all orders entered and releases delivered in connection with the settlement shall be null and void to the extent provided by and in accordance with the settlement agreement.

## CONCLUSION

(26) For the reasons set forth above, the Court hereby (a) grants final approval of the settlement; (b) certifies the settlement class pursuant to Federal

Rules of Civil Procedure 23(b)(3) and (e); (c) finds the class notice satisfied the requirements of Rule 23, due process, and all other legal requirements; (d) dismisses this action with prejudice as to all parties and the members of the settlement class; and (e) enters final judgment. The parties and settlement administrator are directed to carry out the settlement according to its terms.

SO ORDERED this 22 day of September, 2017.

HON. THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation<br><br>This document applies to:<br>FINANCIAL INSTITUTION CASES | Case No.: 1:14-md-02583-TWT |

# **EXHIBIT A TO FINAL ORDER AND JUDGMENT**

The following financial institutions properly and timely excluded themselves from the settlement in this matter:

First Internet Bank of Indiana

Riverside Community Federal Credit Union

State Bank of Industry