# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach Litigation<br><br>This document applies to:<br>FINANCIAL INSTITUTION CASES | Case No.: 1:14-md-02583-TWT |

## FINAL ORDER ON PLAINTIFFS' MOTION ON FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

This matter is before the Court on plaintiffs' motion for attorneys' fees, reimbursement of their litigation expenses, and approval of service awards to the class representatives. The parties' settlement agreement provides that Home Depot will pay reasonable expenses and fees as determined by the Court, separately from the other settlement relief. There was no agreement regarding the amounts to be awarded, and each party reserved the ability to appeal from the Court's decision. The settlement agreement also provides that, subject to the Court's approval, each class representative will receive a service award of up to $2,500 to be paid from the $25 million settlement fund. Home Depot does not oppose plaintiffs' request for expenses or service awards, but does oppose the amount of fees that plaintiffs seek.

Having considered the parties' written submissions and after oral argument

at a hearing on September 22, 2017, the Court hereby grants plaintiffs' motion for attorneys' fees, reimbursement of their expenses, and service awards on the terms and for the reasons set forth below.

(1)   The Court approves a service award to each class representative in the amount of $2,500 to be paid from the $25 million settlement fund.  The service awards are appropriate to compensate the class representatives for their time and effort on behalf of the class.

(2)   The Court also approves plaintiffs' request to be reimbursed for expenses in the amount of $710,257.86.  These expenses are not disputed by Home Depot and the Court finds that they were reasonably, appropriately, and necessarily incurred by class counsel.

(3)   With regard to the issues of fees, the Court adopts Home Depot's argument that the lodestar approach should be used in the first instance to calculate the amount of a reasonable fee to compensate class counsel for their efforts.  Using the lodestar approach, the Court finds that a reasonable fee is $15,300,000.  The Court arrived at this amount by taking class counsel's lodestar of $11,773,932, rounding down to $11,773,000, and applying a multiplier of 1.3.  The Court accepts class counsel's lodestar of $11,773,932 as an appropriate measure of the time expended by the plaintiffs in this case.

(4) The Court rejects Home Depot's argument that the time spent by class counsel litigating the issues relating to what the parties have called the alternative recovery offers ("AROs") made in connection with the card brand recovery processes was wasted and should not be considered. The issues relating to the card brand recovery processes were appropriate for plaintiffs to address in this case and, as a result, the time spent by class counsel related to those issues should not be excluded from the Court's consideration.

(5) The Court also rejects Home Depot's argument that the Court should use the same lodestar for class counsel representing the financial institutions as the Court used in awarding fees in the consumer track. The Court accepts that the lawyers for the financial institutions have expended more effort than the lawyers who represented consumers, that they had to expend more effort than did the consumer lawyers in arriving at a settlement, and that dealing with financial institutions rather than consumers added difficulty to the process of litigating this case, such as finding adequate class representatives, and thus required more time and effort.

(6) A multiplier of 1.3 -- the same multiplier that the Court applied in awarding fees in the consumer track -- is appropriate and justified in light of the exceptional litigation risk that class counsel took in litigating this case. After

application of the multiplier to class counsel's lodestar, the resulting fee is fair and reasonable in light of all the circumstances.

(7) The Court has used the percentage approach as a cross-check on the calculations described above. Under the percentage approach, the benefit to the class includes the $27.25 million in cash made available to class members under the settlement, the expenses awarded to class counsel, and the costs of administering the settlement. The total of these benefits is $28,092,000. In addition, the Court has considered the $14.5 million that Home Depot paid to financial institutions under the card brand recovery processes in exchange for releases of the claims being asserted in this litigation. The Court finds that payment by Home Depot of the $14.5 million in exchange for releases was substantially motivated by the pendency of this litigation. The total benefit to be considered thus is $42.5 million. One-third of that amount is $14.1 million. A cross-check using the percentage approach, accordingly, supports the reasonableness of a $15.3 million fee.

(8) In reaching its decision, the Court has considered all of the parties' other arguments, but will not specifically address each one in this order.

WHEREFORE, it is hereby ORDERED that Home Depot pay to class counsel in accordance with the terms of the settlement agreement the sum of

$710,257.86 to reimburse them for their expenses and the sum of $15.3 million for their fees in this matter. It is further ORDERED that each class representative be paid a service award of $2,500 out of the $25 million settlement fund in accordance with the terms of the settlement agreement.

SO ORDERED this 11th day of October, 2017.

                                                  **/s/Thomas W. Thrash**
                                                  The Honorable Thomas W. Thrash, Jr.
                                                  United States District Court Judge