**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach<br><br>This document relates to:<br><br>ALL FINANCIAL INSTITUTION CASES | )<br>)<br>)<br>)<br>)   **MDL No. 14-02583-TWT**<br>)<br>)<br>)<br>)<br>) |

## THE HOME DEPOT'S OBJECTION TO PLAINTIFFS' PROPOSED ORDER AND ALTERNATIVE PROPOSED ORDER

At the close of the December 10, 2019 argument, the Court directed Plaintiffs' counsel to prepare a draft order, obtain The Home Depot's approval as to form, and "see if y'all can't come up with an agreed-upon amount for interest from the date of the initial attorneys' fee award." Tr. at 58:5-8. Plaintiffs provided The Home Depot with their proposed order, but The Home Depot cannot provide its approval as to form in light of two legal errors, either of which may result in reversal on appeal. The Home Depot thus concluded the best way for the Court to proceed would be to issue a simple order adopting the reasoning from the hearing, albeit with modifications for the objections discussed herein.

The Home Depot files these objections and alternative proposed order for two specific reasons: First, to identify for the Court glaring issues with Plaintiffs'

proposal and second, because Plaintiffs previously used The Home Depot's approval as to form as the basis for a waiver argument on appeal. *See* Plaintiffs' Principal Appellate Brief at 22 ("Home Depot reviewed and approved the form of the order before it was entered. As a result, there is no reason for this Court to remand the award for further findings."); *see also id.* at 46 ("Home Depot also had an opportunity to review and object to the District Court's order before it was entered. In accordance with the process directed by the court, (Doc. 344 at 67:22-25), Class Counsel drafted a proposed order based on a transcript of the court's oral findings and the proposed order was approved (as to form) by Home Depot's counsel before it was submitted."). While Plaintiffs' argument was ultimately unsuccessful, The Home Depot must preserve these issues for appeal. Accordingly, before this Court signs the proposed order, The Home Depot raises these objections for the Court's review.[1]

---

[1] The Home Depot does not address its legal and factual arguments with respect to the Court's December 10 oral rulings (including but not limited to its decision to apply the percentage method, which is reserved for common funds, to this contractual fee shifting case), and reserves its right to challenge those rulings through a request for reconsideration and/or on appeal once the Court issues its written order. This filing is simply intended to highlight specific inaccuracies in Plaintiffs' proposed order for the Court's consideration.

***First***, the parties did not reach an agreed-upon amount of interest as prompted by the Court, because interest on attorneys' fees is inappropriate in this case. Interest on an attorneys' fees award is improper in a case like this where "the parties did not contract for the award of post-judgment interest, just the award of reasonable attorneys' fees." *Sherrod v. Sch. Bd. of Palm Beach Cnty.*, No.: 12-CV-80263, 2013 WL 12141354, at *2 (S.D. Fl. Mar. 19, 2013). In briefing and during argument, Plaintiffs did not request interest on attorneys' fees and only sought interest on expenses. The reason is important—the only basis for awarding interest in this case comes from Paragraph 63 of the Settlement Agreement, which Plaintiffs argued at length did not apply because the Eleventh Circuit did not provide a final, reduced calculation. Tr. at 53:11-19.[2] And the Court accepted Plaintiffs' argument when it re-calculated attorneys' fees anew based on a percentage of the benefit. For that reason, Plaintiffs' counsel was understandably confused when the Court asked him to work with opposing counsel to determine the appropriate amount of interest. Tr. at 58:10 (responding "Interest on what?").

---

[2] The Home Depot's position, on the other hand, is that Paragraph 63 controls because once the Court of Appeals' Opinion affirmed the earlier fee order in all respects but the multiplier, all that was left to do was calculate the reduced fee award and add interest. Because the Court rejected that argument, no interest should be awarded in this case, as Paragraph 63 provides the only legal basis to do so.

The Home Depot's objection to the interest calculation is two-fold. For one, Plaintiffs' proposed order selectively applies the Settlement Agreement (and necessarily requires reliance on a provision of the Settlement Agreement that Plaintiffs and this Court found inapplicable despite The Home Depot's arguments to the contrary). And second, Plaintiffs present no other basis for allowing interest on attorneys' fees, so interest is inappropriate. Absent an applicable provision in the Settlement Agreement, "any post-judgment interest would be determined by 28 U.S.C. § 1961 and the law is well settled that § 1961 cannot be invoked to force a party to pay interest on a settlement because § 1961 does not apply to settlement agreements." *Comiter v. Sears*, No. 08–80576, 2009 WL 2163096, at *2 (S.D. Fla. July 9, 2009). The Court should reject Plaintiffs' attempt to secure extra payment through interest on attorneys' fees.

*Second*, Plaintiffs' proposed order misstates the law in the Eleventh Circuit as to the customary percentage of attorneys' fees. The proposed order provides that "percentage fees between 25 percent and one third are not unusual." Proposed Order at 24. In reality, as Plaintiffs acknowledge in their proposed order, the Court of Appeals has held that the majority of percentage fee awards fall between 20 to 30 percent, with 25 percent as the "benchmark." *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991). In Plaintiffs' opening brief, they

acknowledged that in the Eleventh Circuit "awards typically range from 20 percent to 30 percent and some courts view 25 percent as a benchmark to be adjusted based on the circumstances" and requested an award of 29.7 percent. Dkt. No. 336. Thus, the proposed order actually *exceeds* the higher end of the Eleventh Circuit's range. If the Court's intention was to award the top end of the Eleventh Circuit's range, that number should have been 30 percent.

In sum, and without waiving any other arguments related to the legal sufficiency of the Court's ruling or Plaintiff's draft order (once signed), The Home Depot objects to Plaintiffs' proposed order as set forth herein. Instead, The Home Depot requests that the Court issue its proposed order which, among other things, removes interest and provides Plaintiffs' counsel with 30 percent of $42.5 million as a fee award, $12.75 million.[3]

---

[3] The Home Depot reserves the right to challenge any of the Court's rulings at the December 10, 2019 hearing on appeal.

Respectfully submitted this 16th day of January 2020.

                                ALSTON & BIRD LLP

By: *Cari K. Dawson*
CARI K. DAWSON
Georgia Bar Number 213490
KRISTINE MCALISTER BROWN
Georgia Bar Number 480189
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: 404-881-7000
Facsimile:404-881-7777
cari.dawson@alston.com
kristy.brown@alston.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: The Home Depot, Inc., Customer Data Security Breach<br><br>This document relates to:<br><br>ALL FINANCIAL INSTITUTION CASES | )<br>)<br>)<br>)<br>)   **MDL No. 14-02583-TWT**<br>)<br>)<br>)<br>)<br>) |

## ALTERNATIVE PROPOSED ORDER

Presently before the Court are Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards to the Class Representatives, as supplemented by additional briefing, and The Home Depot's Motion to Enforce the Settlement Agreement. For the reasons set forth in the Court's December 10, 2019 hearing, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' Motion and **DENIES** The Home Depot's Motion. It is therefore **ORDERED** that Home Depot pay to Plaintiffs' counsel $12.75 million in attorneys' fees and $710,257.86 in expenses.

**SO ORDERED** the _____ day of January, 2020.

_____
The Honorable Thomas W. Thrash, Jr.
United States District Court Judge

7

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by LR 5.1B.  This filing was prepared on a computer using the times New Roman font (14 point).

Respectfully submitted, this 16th day of January 2020.

By:  *Cari K. Dawson*
CARI K. DAWSON
Georgia Bar Number 213490

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on January 16, 2020, with the Court and served electronically through the CM/ECF system to all counsel of record registered to receive a Notice of Electronic Filing for this case.

By: *Cari K. Dawson*
CARI K. DAWSON
Georgia Bar Number 213490
