# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re: The Home Depot, Inc., Customer Data Security Breach Litigation<br><br>This Document Relates to:<br>All Financial Institution Cases | Case No. 1:14-md-02583-TWT |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFFS' PROPOSED ORDER AND ALTERNATIVE PROPOSED ORDER

Following oral argument at the December 10, 2019 hearing, the Court granted Plaintiffs' motion for attorneys' fees and awarded Plaintiffs' counsel $14.1 million plus interest. The Court then directed Plaintiffs' counsel to prepare a proposed order to implement its oral ruling and obtain Home Depot's approval as to form. Plaintiffs' counsel prepared a draft order and sent it to Home Depot. On January 15, 2020, after having participated in a process of negotiating revisions to the proposed order, Home Depot abruptly changed course and announced it would not engage further in the negotiation process but instead would submit its own order and object to Plaintiffs' proposal. The parties agreed that Plaintiffs would submit their proposed order to the Court the following day and Home Depot would then submit its objection and competing proposed order.

The proposed order submitted by Home Depot is not a good faith attempt to implement this Court's oral ruling on December 10, which among other things specified that Plaintiffs' counsel receive a $14.1 million fee plus interest. Instead, Home Depot has submitted a one-paragraph proposed order that contradicts the Court's oral ruling, awards a $12.75 million fee without interest, fails to explain the basis for the award, and contains none of this Court's reasoning. As such, the proposed order is inconsistent with this Court's direction and improperly attempts to undo the Court's rulings. Moreover, Home Depot's objections to Plaintiffs' proposed order are not well-taken, but rather are nothing more than a disagreement with the decision that this Court reached.

Home Depot's proposed order thus should be rejected. Plaintiffs submit that this Court should enter Plaintiffs' proposed order or, alternatively, modify or rewrite entirely the proposed order if the Court believes it does not accurately reflect the Court's ruling. The Court should not adopt Home Depot's proposal. Plaintiffs further respond below to Home Depot's objection and proposed order.

## **FACTUAL BACKGROUND**

On December 15, 2019, as directed by the Court, Plaintiffs sent to Home Depot a proposed order that awarded a $14.1 million fee, set forth the Court's reasoning as explained at the December 10 hearing, and calculated interest on the

award. Four days later, Plaintiffs informed Home Depot that they were revising the proposed order and would send a new proposal to Home Depot for approval when it was ready. Plaintiffs sent the revised proposed order to Home Depot on December 29, 2019 and included in the proposed order interest calculated through January 3, 2020.

Home Depot responded on January 9, 2020 by sending Plaintiffs a redlined version of the proposed order that was sent by Plaintiffs on December 29. In an email transmitting the revised version, defense counsel stated as follows:

> I have attached Home Depot's proposed revisions to the draft fees order. As you will see, the edits are minimal and are essentially limited to 1) clarifying Home Depot's position with respect to certain arguments, 2) using the precise language of the trial court and the Court of Appeals, and 3) making clear what Judge Thrash has ordered with respect to the parties' motions. While Home Depot disagrees that an award of interest is appropriate, it does agree that you have correctly calculated it under your theory and are fine with you updating that amount from January 3.

Email dated January 9, 2020 from Cari Dawson to Ken Canfield (attached as Exhibit A). Home Depot's revisions did not modify the provisions of Plaintiffs' proposed order that awarded a $14.1 million fee or challenge the interest calculations.

Plaintiffs' counsel responded the following day, January 10, 2020, by sending a revised draft to Home Depot that incorporated many of Home Depot's

proposed revisions. However, Plaintiffs' counsel stated that they did not consider the other proposed revisions to be "minimal" and expressed doubt that, unless Home Depot changed its position, the parties would be able to agree on the form of an order, necessitating the submission of competing proposals. On January 11, 2020, Home Depot indicated that it did not intend to change its position and requested that Plaintiffs let Home Depot know when submitting their proposed order to the Court so that Home Depot could respond accordingly.

On January 12, 2020, in response to Plaintiffs' suggestion that a last ditch effort be made to reach agreement, the parties agreed that Plaintiffs would further revise their proposed order and send the revised order to Home Depot for review on January 14, 2020, that Home Depot would respond on January 15, 2020, and that if no agreement was reached the parties would thereafter submit competing proposals. Accordingly, on January 14, 2020, Plaintiffs submitted a revised proposal to Home Depot that accepted additional revisions Home Depot had proposed. The following day, Plaintiffs' counsel received the following response from Home Depot:

> We are in receipt of your latest draft. Because the parties' positions on interest and the 1/3 percentage are unable to be resolved, it appears that we will need to submit separate orders. The draft order we propose to submit is attached. We plan to submit a short objection to Class Counsel's proposed order along with Home Depot's proposed order, as Home Depot cannot agree to the form of your current draft

> order regarding interest and the 1/3 percentage. Home Depot reserves its right to file a motion for reconsideration of the final attorneys' fees order the Court enters and ultimately appeal the district court's ruling on attorneys' fees.
>
> Please advise when you plan to submit your proposed order to Judge Thrash. Thank you.

Email dated January 15, 2020 from Cari Dawson to Ken Canfield (attached as Exhibit B).

On January 16, 2020, Plaintiffs submitted their proposed order to the Court, which includes many revisions that Home Depot suggested. Home Depot filed its objection and competing proposed order later the same day.

## RESPONSE TO STATEMENTS IN HOME DEPOT'S OBJECTION

Home Depot told the Court that it filed its objection and proposed order for two reasons: "First, to identify for the Court glaring issues with Plaintiffs' proposal and second, because Plaintiffs previously used The Home Depot's approval as to form as the basis for a waiver argument on appeal." (Objection at 1-2). Neither of these reasons is meritorious nor justifies Home Depot's actions.

*First*, the "glaring issues" Home Depot has with Plaintiffs' proposed order are not with the manner in which Plaintiffs have set forth the Court's December 10, 2019 rulings, but disagreements with the merits of what the Court ruled. This Court unequivocally ordered that Plaintiffs prepare a proposed order that provided

for a $14.1 million award and include interest on that award. Plaintiffs did just that. If Home Depot objects to the amount that the Court awarded, the proper procedure is to file a motion for reconsideration or appeal after an order is entered, not to insist that the proposed order include and respond to arguments that Home Depot previously did not make (as Home Depot did during the negotiation process) or refuse to agree to the form of a proposed order that accurately reflects the Court's ruling (as Home Depot has done in its objection).

Plaintiffs do not intend to respond here in any depth to the merits of Home Depot's substantive arguments for why this Court erred in awarding interest and approving a percentage-based fee of one-third rather than 30 percent. This is not the time or place to do so. Suffice it to say that interest is authorized by Paragraph 63 of the Settlement Agreement, which expressly provides that Home Depot would pay interest on the amount awarded by the Court if it appealed the award. Further, while Home Depot objects to inclusion in the proposed order of the statement that "percentage fees between 25 and one third are not unusual," the statement was made by the Court in its oral ruling. *See* 12/10/19 Tr. at 61 ("percentage fees between 25 percent and a third are customary and usual.") Evidently, Home Depot believes that under *Camden I* (which held that the majority of fees are between 20 and 30 percent) the statement is erroneous and thus argues that this Court cannot

award more than 30 percent as a matter of law. However, Plaintiffs' proposed order does not misstate the law; indeed, it quotes *Camden I*. Moreover the statement, in fact, is correct. There is nothing unusual about a court awarding a fee between 25 percent and one-third.[1]

*Second,* Home Depot's claim that it cannot agree to the form of Plaintiffs' proposed order for fear of waiving its substantive objections to the Court's ruling is misguided. Before filing its objection to Plaintiffs' proposed order, Home Depot never expressed any concerns Plaintiffs would argue that, by agreeing to the form of the proposed order, Home Depot had waived any of its objections to the award. Had Home Depot expressed any such concerns Plaintiffs would have readily stipulated that these substantive objections would not be waived. Moreover, Home Depot's citation to Plaintiffs' appellate briefing as support for its concern is both misleading and not supportive of its position. On appeal, Home Depot argued that this Court's initial award was insufficiently detailed to provide for meaningful

---

[1] As Plaintiffs have previously briefed, district courts in the Eleventh Circuit routinely award fees of as much as one-third and the Eleventh Circuit itself has affirmed such awards. *See, e.g., Wolff v. Cash 4 Titles*, 2012 WL 5290155 at *5-6 (S.D. Fla. Sept. 26, 2012) (noting that fees in this Circuit are "roughly one-third"); Theodore Eisenberg, Geoffrey Miller & Roy Germano, Attorneys' Fees in Class Actions: 2009–2013, 92 N.Y.U. L. Rev. 937, 947, 951 (2017) (empirical study of class action fees from 2009 through 2013 finding that in the Eleventh Circuit the average fee was 30% and median fee was 33%); *Waters v. International Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999) (affirming fee of $13.3 million from a $40 million settlement fund).

appellate review. In successfully opposing this argument, Plaintiffs correctly pointed out that Home Depot had the opportunity to review the order before it was entered and approved its form. *See* Plaintiffs' Principal Appellate Brief at 22 and 46. Plaintiffs did not argue on appeal that Home Depot waived any substantive objections to the Court's award by agreeing to the form of the order.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs request the Court either enter their proposed order or rewrite the order if it does not accurately reflect this Court's ruling.

Dated: January 17, 2020

                              Respectfully submitted,

                              */s/ Kenneth S. Canfield*
                              Kenneth S. Canfield
                              GA Bar No. 107744
                              Doffermyre Shields Canfield & Knowles, LLC
                              1355 Peachtree Street, Suite 1725
                              Atlanta, Georgia 30309
                              Phone: 404-881-8900
                              Email: kcanfield@dsckd.com

                              */s/ Joseph P. Guglielmo*
                              Joseph P. Guglielmo
                              SCOTT+SCOTT,
                              ATTORNEYS AT LAW, LLP
                              The Helmsley Building
                              230 Park Avenue, 17th Floor
                              New York, NY 10169
                              Phone: 212-223-4478
                              jguglielmo@scott-scott.com

                              */s/ Gary F. Lynch*
                              Gary F. Lynch
                              CARLSON LYNCH, LLP
                              1133 Penn Ave, 5th Floor
                              Pittsburgh, Pennsylvania 15222
                              Phone: 412-322-9343
                              glynch@carlsonlynch.com

                              *Co-Lead Counsel for Financial Institution Plaintiffs*

<u>*/s/ James J. Pizziusso*</u>
James J. Pizzirusso
HAUSFELD, LLP
1700 K. Street, NW, Suite 650
Washington, DC 20006
Telephone: 859-225-3731
jpizzirusso@hausfeldllp.com

*Chair, Plaintiffs' Steering Committee for the Financial Institution Plaintiffs*

10

## CERTIFICATE OF COMPLIANCE

I hereby certify, in compliance with Local Rule 5.1(c), that the foregoing motion and brief has been prepared using 14-point Times New Roman font.

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January 20, 2020, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which automatically sends email notification of such filing to all attorneys of record.

*/s/ Kenneth S. Canfield*
Kenneth S. Canfield
